**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BLUEFIELD DIVISION**

**UNITED STATES OF AMERICA**

v.                                                                                                  **Criminal No. 1:09-0270**

**THOMAS CREIGHTON SHRADER**

**MEMORANDUM OPINION AND ORDER**

This Memorandum Opinion and Order will specify the applicable legal standards set forth in 18 U.S.C. § 3142, make corrections to the Court's previous rulings and state in more detail the Court's reasons for detaining Defendant pending proceedings in the United States District Court.

On November 13, 2009, the United States filed a Criminal Complaint alleging that Defendant "did use the mail or another facility of interstate commerce . . . to engage in a course of conduct that caused substantial emotional distress to [a] person and placed that person in reasonable fear of . . . death . . . or serious bodily injury . . .." in violation of 18 U.S.C. § 2261A(2)(A).[1] (Document No.

---

[1] 18 U.S.C. § 2261A(2)(A) provides as follows:

Whoever –

                                              \* \* \*

(2) with the intent –
  (A) to kill, injure, harass, or place under surveillance with intent to kill, injure, harass, or intimidate, or cause substantial emotional distress to a person in another State . . .; or
  (B) to place a person in another State . . . In reasonable fear of death of, or serious bodily injury to –
    (I)     that person;
    (ii)    a member of the immediate family . . . of that person; or
    (iii)   a spouse or intimate partner of that person;
  uses . . . any facility of interstate . . . commerce to engage in a course of conduct that causes substantial emotional distress to that person or places that person in reasonable fear of the death of, or serious bodily injury to, any of the persons described in clauses (I) through (iii) of subparagraph (B);
shall be punished as provided in section 2261(b) of this title.

3.) The Court issued an Arrest Warrant (Document No. 4.), and Defendant was taken into custody (Document No. 11.). The United States filed a Motion for Detention Hearing. (Document No. 6.) The United States requested that Defendant be detained pursuant to 18 U.S.C. § 3142(f)(1)(D) because the Criminal Complaint charges that Defendant committed a felony and had two prior convictions for committing crimes of violence or offenses for which the maximum sentence was life imprisonment. The United States also asserted that Defendant should be detained pursuant to 18 U.S.C. § 3142(f)(2)(B) because there was a serious risk that he might obstruct justice. The United States further urged the Court to detain Defendant because no conditions of release would reasonably assure the safety of another person and the community.[2] On Tuesday, November 24, 2009, the Court held a Preliminary Hearing and considered the United States' Motion to Detain Defendant pending further proceedings in the United States District Court. The United States introduced the testimony of FBI Special Agent Terry Schwartz who provided an Affidavit in support of the Criminal Complaint and signed the Criminal Complaint as the Complainant. Special Agent Schwartz testified about, among other things, a 32-page letter which Defendant sent by UPS to a woman in Texas whom he knew and apparently dated when he was much younger. A copy of the letter was marked as an exhibit. (Document No. 13.) Based upon Special Agent Schwartz's testimony and the contents of the letter, the Court found probable cause to believe that a violation of 18 U.S.C. § 2261A(2)(A) had occurred and Defendant committed it. The Court then considered

---

It appears in view of the evidence before the Court that if Defendant is convicted of violating 18 U.S.C. § 2261(A), his sentence as statutorily prescribed may not be more than five years. 18 U.S.C. § 2261(b)(5).

[2] The United States did not contend in its Motion that Defendant should be detained because 18 U.S.C. § 2261(A)(2)(A) is a crime of violence or that Defendant posed a risk of nonappearance at further Court proceedings.

the United States' Motion to Detain Defendant pending further proceedings in the United States District Court. Counsel for the United States and Defendant discussed the applicability of the rebuttable presumption contained in 18 U.S.C. § 3142. Some question remained in this regard, and the Court proceeded in consideration of the United States' Motion as if the rebuttable presumption did not apply. Counsel for the United States asserted that 18 U.S.C. § 2261A(2)(A) is a crime of violence. The Court regarded violation of 18 U.S.C. § 2261A(2)(A) as a crime of violence as defined in 18 U.S.C. § 16(a)[3]. Based upon Defendant's criminal history as represented in the Pretrial Services Report, two convictions for first degree murder one of which was for the murder of the mother of the woman to whom Defendant sent the 32-page letter and an escape conviction in the 1970s, Special Agent Schwartz's testimony and the contents of the letter, the Court concluded that there was insufficient evidence to support a finding that Defendant posed a risk of nonappearance but there was clear and convincing evidence that Defendant posed a danger to the woman to whom he sent the letter and to himself which no condition of combination or conditions of release could eliminate. The Court therefore ordered Defendant detained pending further proceedings in the United States District Court.[4] On November 25, 2009, the Court filed an Order granting the United States' Motion to Detain Defendant pending further proceedings in the United States District Court

---

[3] 18 U.S.C. § 16 provides as follows:

The term 'crime of violence' means –

(a)  an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
(b)  any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

[4] A transcript of the November 24, 2009, hearing is filed as Document No. 15 in Criminal No. 1:09-0142.

and stating its intention to enter a further Memorandum Opinion and Order explaining in more detail the basis for the Court's ruling. (Document No. 14.) An Indictment was filed on December 2, 2009, charging Defendant with violating 18 U.S.C. § 2261A(2) by knowingly using facilities of interstate commerce causing certain persons emotional distress and fear of death or serious injury. (Document No. 15.) Defendant was arraigned on December 15, 2009. (Document Nos. 19 and 20.) On January 15, 2010, Defendant filed a Motion to Revoke Detention Order. (Document No. 25.) Defendant argues that in determining that Defendant should be detained, the Court improperly considered 18 U.S.C. § 2261A(2) a crime of violence and did not adequately consider alternatives to detention including placing Defendant in the third-party custody of and requiring him to reside with his 84 year old aunt in Mercer County, West Virginia, and GPS monitoring. On January 20, 2010, a Two-Count Superseding Indictment was filed charging Defendant with violating 18 U.S.C. § 2261A(2) and possessing firearms having been convicted of felonies in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Document Nos. 27 and 28.)

## **DISCUSSION**

18 U.S.C. § 3142(f) provides as follows:

> (f) Detention hearing. – The judicial officer shall hold a hearing to determine whether any condition or combination of conditions set forth in subsection © of this section will reasonably assure the appearance of such person as required and the safety of any other person and the community –
> (1) upon motion of the attorney for the government, in a case that involves –
>   (A) a crime of violence . . . for which a maximum term of imprisonment of 10 years or more is prescribed;
> \* \* \*
>   (D) any felony if such person has been convicted of two or more offenses described in subparagraphs (A) through © of this paragraph, or two or more State or local offenses described in subparagraphs (A) through © of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; or
>   (E) any felony that is not otherwise a crime of violence that involves a minor victim or that involves the possession or use of a firearm or destructive

4

>device (as those terms are defined in section 921), or any other dangerous weapon . . ..
>
>* * *
>
>The facts the judicial officer uses to support a finding pursuant to subsection (e) that no condition or combination of conditions will reasonably assure the safety of any other person and the community shall be supported by clear and convincing evidence. The person may be detained pending completion of the hearing. The hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of the any other person and the community.

18 U.S.C. § 3142(e) provides as follows:

>(1) If, after a hearing pursuant to the provisions of subsection (f) of this section, the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, such judicial officer shall order the detention of the person before trial.
>(2) In a case described in subsection (f)(1) of this section, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the safety of any other person and the community if such judicial officer finds that –
>>(A) the person has been convicted of a Federal offense that is described in subsection (f)(1) of this section, or of a State or local offense that would have been an offense described in subsection (f)(1) of this section if the circumstances giving rise to Federal jurisdiction had existed[.]

18 U.S.C. § 3142(g) specifies the factors which must be considered in determining whether or not a defendant should be detained pending proceedings in the District Court as follows:

>The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of the any other person and the community, take into account the available information concerning –
>(1)    the nature and circumstances of the offense charged, including whether the offense is a crime of violence . . . or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>(2)    the weight of the evidence against the person;
>(3)    the history and characteristics of the person, including –
>>(A)    the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or

      alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
  (B) whether, at the time of the current offense or arrest, the person was on probation or parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

Considering Section 3142(f)(1) and (e)(2)(A), the Court finds that the rebuttable presumption applies in this case. The Pretrial Services Report indicates that Defendant was convicted of two counts of first degree murder in 1976, was paroled in 1993 and discharged from parole in 1999. Defendant's first degree murder convictions are offenses described in Section 3142(f)(1)(A) and (D), i.e., two crimes of violence. Based upon Defendant's criminal history, it is therefore presumed that there is no condition or combination of conditions of release and supervision which would reasonably assure Defendant's appearance at Court proceedings and the safety of another person and the community. The presumption which arises on the basis of Defendant's criminal history was not rebutted by any evidence introduced at the November 24, 2009, hearing. Special Agent Schwartz indicated that Defendant tried to communicate with the woman to whom he sent the letter and her in-laws after his conviction and incarceration for the murders of her mother and friend. Allegations contained in the Superseding Indictment provide more detail in this regard. It is evident that Defendant has harassed the woman and her family continually over the years since his murder convictions seeking a relationship with her. The 32-page letter clearly indicates Defendant's obsession with the woman and his intention to act upon it. While Defendant does not say specifically what he intended to do, it is quite conceivable from passages in the letter that he intended violence. Defendant blames the woman for the murders of her mother and friend. (Document No. 13, p. 3 ("I only did what you forced me to do and you know it."); p. 17 ("I would not have shot at the front

doorway from the bedroom if you had not been going for the front door."); p. 18 ("Not a day in my life has gone by since July 16, 1975 that I cannot help of thinking of what you made happen, at your insistence you made push come to shove.")) Defendant gives the woman an ultimatum – respond or not – and writes that the woman will likewise be responsible for what might happen in the future. (Id., cover page in capital and bold letters ("With this letter your future and what happen's will be in your own hands! I would honestly suggest for your own good that you read this letter fully and completely!!"); p. 28 ("This time, after you make the decision you have to make, will dictate my response. So you will know beforehand that the END results will be based upon your decision.") Defendant threatened that "[r]unning won't do you any good this time. It's time to face the piper."[5] (Id., p. 29.) Defendant gave the woman two weeks to decide what to do "before I initiate my next step." (Id., p. 32.) According to Special Agent Schwartz, Defendant's conduct has caused the woman "tremendous grief and distress, both physically and mentally and emotionally. And she has sought psychiatric counseling for it and has been placed on antidepressant medication for a very short time, and has also sought other primary care physician assistance over the years because of this . . . on-going incident." (Document No. 15 in Criminal No. 1-09-0142 (transcript), p. 17.) Special Agent Schwartz testified further that "she's in fear. She's fearing for her life and her family's safety and well-being. And it's just stirred everything back up again. And she's extremely upset and emotionally stressed out about the whole . . . letter being so long and an ultimatum at the end." (Id.) Based upon the foregoing evidencing Defendant's persistence in harassing the woman and her family over many years, the Court finds that Defendant will likely continue harassing the woman and her family if released and, even if he does not, his release will cause her and her family

---

[5] It appears that the woman ran away when Defendant killed her mother and friend. Document No. 13 (the letter), p. 17.

7

apprehension of harm. Clear and convincing evidence supports the Court's finding that Defendant poses a danger to the woman to whom he sent the letter and her family and the community and there is no condition or combination of conditions of release and supervision which would substantially eliminate the danger.[6] See United States v. Neuzil, 2009 WL 2030373 (N.D.Iowa). The Court further finds that the United States has strong evidence to prove that Defendant violated 18 U.S.C. § 2261A(2)(A) in the 32-page letter.

Accordingly, having examined the law and considered the evidence and the Court's prior ruling and determined that, while the Court erred in a couple of respects in making it, it was basically correct, the Court hereby **ORDERS** that Defendant shall remain detained pending further proceedings in the United States District Court. This Memorandum Opinion and Order is not intended as a ruling upon Defendant's Motion to Revoke Detention Order. (Document No. 25.) It is intended as a further explanation, clarification and correction of the ruling which is the subject of that Motion.

The Clerk is requested to transmit a copy of this Order to counsel of record, the United States Marshals Service and the Office of Probation.

ENTER: January 26, 2010.

R. Clarke VanDervort
United States Magistrate Judge

---

[6] The Court incorrectly found at the November 24, 2009, hearing that the offense as charged in the Criminal Complaint constituted a crime of violence as defined at 18 U.S.C. § 16(a). The Court now regards the offense a crime of violence as defined at 18 U.S.C. § 16(b), but because the statutorily prescribed period of incarceration does not appear to be more than five years, it does not activate the rebuttable presumption under Sections 3142(e)(2)(A) and (f) (1)(A). Defendant's criminal history including two first degree murder convictions, however, does.