# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BLUEFIELD DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                      CRIMINAL ACTION NO. 1:09-cr-00270

THOMAS CREIGHTON SHRADER,

        Defendant.

## MEMORANDUM OPINION AND ORDER

The Court has reviewed Defendant's Motion to Sever [Docket 38] and Motion for a Change of Venue or Other Appropriate Relief Due to Prejudicial Pretrial Publicity [Docket 40]. By Order of Reference filed on December 14, 2009, this Court referred this matter to United States Magistrate Judge R. Clarke VanDervort "for the purpose of doing all things proper to hear and determine or make recommendations for disposition of any pretrial motions filed in this case including, without limitation, conducting a hearing on the motions, if necessary, and entering into the record a written order setting forth the disposition of the motion or recommendation for disposition, as the case may be." (Docket 18). Magistrate Judge VanDervort filed his Proposed Findings and Recommendation ("PF&R") on March 5, 2010 [Docket 55]. In that filing, Magistrate Judge VanDervort recommended that the undersigned deny Defendant's motion for a change of venue, and grant his motion to sever.

The Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to

which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of de novo review and Petitioner's right to appeal this Court's order. *See Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).

Here, objections to Magistrate Judge VanDervort's PF&R were due by March 22, 2010, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Crim. P. 59. Defendant timely filed objections on March 15, 2010 [Docket 60]. The undersigned now reviews de novo the portions of Magistrate Judge VanDervort's PF&R to which Defendant objected.[1]

## *I. ARGUMENT AND DISCUSSION*

The factual background and allegations of this criminal action have been discussed elsewhere on the docket. *See generally United States v. Shrader*, Case No. 1:09-cr-00270, 2010 U.S. Dist. Lexis 10820, 2010 Westlaw 503092 (S.D. W. Va. February 08, 2010) (Docket 42).

In his objections to the PF&R, Defendant argues that Magistrate Judge VanDervort erred in "characteriz[ing the] pretrial publicity in this case as being 'basically factual and not inflammatory.'" (Docket 60 at 1). He argues that a news article from the *Bluefield Daily Telegraph* dated December 6, 2009, would "inflame the community's ire towards Mr. Shrader for what he did over three decades ago." (*Id.* at 2). He further argues that as the *Daily Telegraph* has a reported circulation of 17,338, and because Bluefield has a reported 2008 population of 11,093, "the *Bluefield Daily Telegraph* has a captive audience of the entire population of Bluefield. It is therefore respectfully submitted that given the nature of the alleged crime coupled with the sensationalist

---

[1] Neither Defendant nor the United States objected to Magistrate Judge VanDervort's proposed finding that the undersigned grant Defendant's motion to sever.

coverage of the current allegations, Mr. Shrader cannot receive a fair trial in the Southern District of West Virginia." (*Id.* at 2-3).

The Court finds that Defendant's objections are unfounded. Federal Rule of Criminal Procedure 21(a) provides that trial may be transferred to another district "if the court is satisfied that so great a prejudice against the defendant exists in the transferring district that the defendant cannot obtain a fair and impartial trial there." In *United States v. Bakker*, 925 F.2d 728, 732 (4th Cir. 1991), the Fourth Circuit stated that

> [m]otions for a change of venue call for a two-step analysis . . . . As a first step, a trial court must address whether the publicity is so inherently prejudicial that trial proceedings must be presumed to be tainted. In that case, a motion for a change of venue should be granted before jury selection begins. This court has cautioned, however, that "[o]nly in extreme circumstances may prejudice be presumed from the existence of pretrial publicity itself." . . . Instead, a trial court customarily should take the second step of conducting a voir dire of prospective jurors to determine if actual prejudice exists . . . . Only where voir dire reveals that an impartial jury cannot be impanelled would a change of venue be justified.

The Court further stated that "[s]heer volume of publicity alone does not deny a defendant a fair trial." *Id.* The Court should consider the content of the pretrial publicity. Extensive pretrial publicity which is "not entirely dispassionate and factual," however, will not indicate such prejudice that trial proceedings will be presumed tainted. *United States v. Higgs*, 353 F.3d 281, 308 (4th Cir. 2003). Other considerations are the recency and source of the publicity. *United States v. Bakker*, 925 F.2d at 732-33 ("The recency of alleged prejudicial publicity is important because '[o]bviously where considerable time has elapsed since publication, the probability or likelihood of impact is appreciably lessened.') (internal citation omitted); *United States v. Church*, 217 F. Supp.2d 696, 698 (W.D. Va. 2002) ("Other factors to be considered include whether the publicity is inflammatory or merely factual, whether it involves matters directly or tangentially related to the defendant's case,

whether the publicity is recent, whether a change of venue would decrease the risk of juror bias, and the source of the publicity.").

Here, the Court finds that the pre-trial press coverage in this case does not rise to the level of extreme circumstances that would require that the proceedings be presumed tainted. Under Defendant's theory, venue would need to be changed in most cases of a sensationalistic nature, and that is not the case. The December 6, 2009, article that Defendant cites, as well as the other pretrial publicity in this case, are not of an intensity or quantity that reach a *Bakker* presumption of inherent prejudice. Moreover, trial in this matter is set for June 2010, months after the news coverage cited by Defendant would have been released. The Court finds that sufficient time will have passed so as to further reduce any prejudice that pre-trial publicity may have wrought. Further, as the Bluefield Division of the Southern District of West Virginia also includes McDowell and Monroe counties, the Court finds that Defendant's concerns on the "captive audience" of the *Daily Telegraph* are unwarranted. Accordingly, the Court **OVERRULES** Defendant's objections.

However, the Court is aware of the potential for prejudice posed by the allegations against Defendant and the factual background of this case. The Court will, of course, conduct a strenuous voir dire of potential jurors to ensure that Defendant gets a fair and impartial jury. If voir dire reveals that an impartial jury may not be able to be impanelled, the Court will reconsider a change of venue.

*II. CONCLUSION*

For the reasons stated above, the Court **OVERRULES** Defendant's objections [Docket 60] and **ADOPTS** the PF&R [Docket 55].  The Court further **ORDERS** Defendant's Motion to Sever [Docket 38] **GRANTED** and **ORDERS** Defendant's Motion for a Change of Venue or Other Appropriate Relief Due to Prejudicial Pretrial Publicity [Docket 40] **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel and the United States Attorney.

ENTER:	May 6, 2010

_____
IRENE C. BERGER, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA