IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                               CRIMINAL ACTION NO. 1:09-cr-00270

THOMAS CREIGHTON SHRADER,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed Defendant's Motion to Dismiss Count One of the Superceding Indictment [Docket 64]. By Order of Reference filed in this case on December 14, 2009, this Court referred this matter to United States Magistrate Judge R. Clarke VanDervort "for the purpose of doing all things proper to hear and determine or make recommendations for disposition of any pretrial motions filed in this case including, without limitation, conducting a hearing on the motions, if necessary, and entering into the record a written order setting forth the disposition of the motion or recommendation for disposition, as the case may be." (Docket 18). Magistrate Judge VanDervort filed his Proposed Findings and Recommendation ("PF&R") on Defendant's motion on April 7, 2010 [Docket 75]. In that filing, Magistrate Judge VanDervort recommended that the Court deny Defendant's motion.

The Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of de novo review and Petitioner's right to appeal this

Court's order. *See Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).

Here, objections to Magistrate Judge VanDervort's PF&R were due by April 26, 2010, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Crim. P. 59. Defendant timely filed objections on April 21, 2010 [Docket 76], to which the United States responded on May 6, 2010 [Docket 80]. The undersigned now reviews de novo the portions of Magistrate Judge VanDervort's PF&R to which Defendant objected.

## I. ARGUMENT & OBJECTIONS

The factual background and allegations of this criminal action have been sufficiently discussed elsewhere on the docket. *See generally United States v. Shrader*, Case No. 1:09-cr-00270, 2010 U.S. Dist. Lexis 10820, 2010 Westlaw 503092 (S.D. W. Va. February 08, 2010) (Docket 42).

Count One of the Superseding Indictment against Defendant charges him with violating 18 U.S.C. § 2261A(2). This provision states that

> [w]hoever--
> ***
> (2) with the intent--
>
>> (A) to kill, injure, harass, or place under surveillance with intent to kill, injure, harass, or intimidate, or cause substantial emotional distress to a person in another State or tribal jurisdiction or within the special maritime and territorial jurisdiction of the United States; or
>>
>> (B) to place a person in another State or tribal jurisdiction, or within the special maritime and territorial jurisdiction of the United States, in reasonable fear of the death of, or serious bodily injury to--
>>
>>> (i) that person;
>>> (ii) a member of the immediate family . . . of that person; or
>>> (iii) a spouse or intimate partner of that person;

2

uses . . . any facility of interstate or foreign commerce to engage in a course of conduct that causes substantial emotional distress to that person or places that person in reasonable fear of the death of, or serious bodily injury to, any of the persons described in clauses (i) through (iii) of subparagraph (B);

shall be punished as provided in section 2261(b) of this title.

Defendant argues that Count One against him should be dismissed. He claims that 18 U.S.C. § 2261A(2) is targeted at speech and is both impermissibly overbroad, thus violating his rights under the First Amendment, and facially vague, in violation of his due process rights under the Fifth Amendment. In his objections to the PF&R, he alleges several errors on the part of Magistrate Judge VanDervort.

First, Defendant argues that Magistrate Judge VanDervort incorrectly relied upon *United States v. Bowker*, 372 F.3d 365 (6th Cir. 2004), *rev'd on other grounds, Bowker v. United States*, 543 U.S. 1182 (2005). Defendant argues that *Bowker* is distinguishable from the case at bar. In *Bowker*, the defendant was charged, *inter alia*, with violating both 18 U.S.C. §§ 2261A(1)[1] and 2261A(2). The *Bowker* defendant crossed state lines to harass his victim and place her under surveillance, and also cyberstalked[2] her. Accordingly, Defendant argues, the problem with Magistrate Judge VanDervort's reliance on *Bowker* "is that there the court looked not just at

---

[1] Section 2261A(1) states that "[w]hoever . . . travels in interstate or foreign commerce or within the special maritime and territorial jurisdiction of the United States, or enters or leaves Indian country, with the intent to kill, injure, harass, or place under surveillance with intent to kill, injure, harass, or intimidate another person, and in the course of, or as a result of, such travel places that person in reasonable fear of the death of, or serious bodily injury to, or causes substantial emotional distress to that person, a member of the immediate family (as defined in section 115) of that person, or the spouse or intimate partner of that person . . . shall be punished as provided in section 2261(b) of this title."

[2] Along with "any facility of interstate or foreign commerce," Section 2261A(2) also covers the use of "any interactive computer service."

3

*Bowker*'s speech but his conduct, too," (Docket 76 at 3), while, according to Defendant, the instant case involves only speech.

Defendant further argues that Magistrate Judge VanDervort incorrectly cited the *Bowker* court's use of a prior Sixth Circuit case, *Staley v. Jones*, 239 F.3d 769 (6th Cir. 2001). In *Staley*, the Sixth Circuit found that a Michigan stalking statute[3] was not unconstitutionally overbroad and vague, and the *Bowker* court favorably compared Section 2261A(1) to the Michigan statute at issue in *Staley*. Defendant argues that *Staley*, and the *Bowker* court's use of it, are distinguishable from this case for several reasons. Defendant notes that he is charged under Section 2261A(2), not Section 2261A(1). Defendant also argues that the Michigan statute at issue in *Staley* "is directed primarily at conduct, not speech," *Staley*, 239 F.3d at 786, and that the defendant in *Staley* had threatened the victim in her presence, unlike the case at bar. Defendant further distinguishes *Staley* from the instant case by arguing that the definition of harassment in the Michigan statute could not be used to define the term "harass" as it is used in Section 2261A(2).[4] Defendant concludes that the *Bowker* court's "cursory assessment of § 2261A(2)'s constitutionality is unhelpful in a case like this

---

[3] Michigan Compiled Laws § 750.411i(e) (1994) defined stalking as "a willful course of conduct involving repeated or continuing harassment of another individual that would cause a reasonable person to feel terrorized, frightened, intimidated, threatened, harassed, or molested, and that actually causes the victim to feel terrorized, frightened, intimidated, threatened, harassed, or molested."

[4] Defendant argues that "Michigan's definition of harassment specifically excludes constitutionally protected speech, whereas no such prohibition exists in § 2261A(2). *Staley*, 239 F.3d at 771. Second, the Michigan definition includes "repeated and continuing unconsented contact," requirements that are not delineated in § 2261A(2). *Id.* Finally, because § 2261A(2) does not require interstate travel, and Michigan's statute necessarily means the offender is located in the same state as the intended victim, the use of the word 'contact' in Michigan's definition could include, as it did in Staley, face-to-face contact between the offender and the victim. *Id.* at 772. Such face-to-face contact is not required under § 2261A(2)." (Docket 76 at 5)

4

one in which the only charge is that of 'Stalking by Use of an Interstate Facility.'" (Docket 76 at 5-6).

Next, Defendant argues that Magistrate Judge VanDervort did not assess the validity of the examples of protected speech that he provided to Magistrate Judge VanDervort.[5] Magistrate Judge

---

[5] Defendant provided the following examples in his memorandum of law in support of his motion:

> .... Suppose a person is vehemently opposed to a recent U.S. occupation of a foreign nation. The person believes that the deployment of U.S. armed forces to this nation is abhorrent because the use of force in the occupied nation, justified or not, will likely result in the deaths of innocent women and children. With that mind set, and with the intent to stop support for troops deployed to the occupied nation in the hopes of influencing U.S. foreign policy, the person, who lives in Wyoming, writes and mails letters to the parents of deployed troops who live throughout the country. The letter states that the author believes that the recipient's son or daughter is contributing to the unnecessary slaughter of women and children. The letter concludes with a wish that the son or daughter's unit is attacked by insurgents, resulting in the loss of the reader's child. "Only that result," the person writes, "will make you understand the harm you cause by supporting your child's contribution to an illegal occupation."
> 
> A parent of a deployed soldier reads the letter, and is shocked and appalled by the imagery that the letter creates in the parent's mind – that of their child maimed or killed overseas. The parent could claim that they suffered "substantial emotional distress" and was placed in "fear of the death of, or serious bodily injury to" their child.
> 
> Another example might involve an Ohioan who believes that abortion is murder. This opinion is based on closely held religious beliefs. With that mind set, the person obtains, lawfully, an e-mail directory of medical students in a school located in New York. The person sends e-mails to the students explaining, in graphic detail, the effect an abortion procedure has on the fetus, and then concludes that doctors who perform abortions are no different from serial killers like Jeffrey Dahmer. The person warns that the students who become abortion doctors will regret it "because later in life they will realize that they murdered children." One of the students, who just recently decided that they would perform abortions after graduating, reads the e-mail and, because of a recent, publicized murder of an abortion doctor (completely unrelated to the author of the e-mail), he suffers "substantial emotional distress" and is placed in "fear of the death of, or serious bodily injury to" himself, despite the fact that the letter contains no specific threat to any of the students. (Docket 65 at 9-10).

5

VanDervort found that said examples were not helpful as they did not "include any reference to a communication containing an intention or purpose specifically identified in Section 2261A(2)." (Docket 75 at 9). Defendant disagrees, arguing that Section 2261A(2) has no requirement "the communication contain within it the stated intention or purpose of the author. It is precisely because the question of intent is open to interpretation that makes the statute vague and overbroad, chilling protected speech and leaving the statute open to arbitrary use by prosecutors." (Docket 76 at 6).

Finally, Defendant objects that Magistrate Judge VanDervort's use of the term "threaten" in the latter's statement that "as Defendant allegedly engaged in a course of conduct using facilities of interstate commerce to threaten and harass [his alleged victim], Section 2261A(2) applies to Defendant's alleged conduct," (Docket 75 at 10), is misleading and improper because "the superceding indictment does not allege that Mr. Shrader threatened anyone. Section 2261A(2) does not include the term 'threat.'" (Docket 76 at 7).

## II. APPLICABLE LAW

The United States Constitution gives "significant protection from overbroad laws that chill speech within the First Amendment's vast and privileged sphere. Under this principle, [a statute] is unconstitutional on its face if it prohibits a substantial amount of protected expression." *Ashcroft v. Free Speech Coalition*, 535 U.S. 234, 244 (2002). "The showing that a law punishes a 'substantial' amount of protected free speech, 'judged in relation to the statute's plainly legitimate sweep,' . . . suffices to invalidate *all* enforcement of that law, 'until and unless a limiting construction or partial invalidation so narrows it as to remove the seeming threat or deterrence to constitutionally protected expression.' *Virginia v. Hicks*, 539 U.S. 113, 119-20 (2003) (emphasis in original). Where conduct and not merely speech is involved, the overbreadth of a statute must

6

not only be real, but substantial as well, judged in relation to the statute's plainly legitimate sweep." *Broadrick v. Oklahoma*, 413 U.S. 601, 615 (1973).

"A law that does not reach constitutionally protected conduct and therefore satisfies the overbreadth test may nevertheless be challenged on its face as unduly vague, in violation of due process." *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 497 (1982). "Vagueness doctrine is an outgrowth not of the First Amendment, but of the Due Process Clause of the Fifth Amendment. A conviction fails to comport with due process if the statute under which it is obtained fails to provide a person of ordinary intelligence fair notice of what is prohibited, or is so standardless that it authorizes or encourages seriously discriminatory enforcement." *Williams*, 553 U.S. at 304.

### III. DISCUSSION

As an initial matter, the Court finds that Defendant incorrectly argues that Section 2261A(2) punishes only speech. Section 2261A(2) indeed punishes conduct as well. It punishes the use of "any facility of interstate or foreign commerce to engage in a course of conduct that causes substantial emotional distress to that person or places that person in reasonable fear of the death of, or serious bodily injury" to that person or certain family members. Without a defendant's use of interstate or foreign commerce facilities to engage in a course of conduct, a conviction under Section 2261A(2) is not possible.

Moreover, Defendant incorrectly ignores the intent requirement of Section 2261A(2). Defendant argues that to obtain a conviction under the statute, "the Government must prove that the person sent a communication to the intended victim using an interstate facility and that the content of the communication has an effect on the intended victim that violates the statute." (Docket 76 at

7

2). Section 2261A(2), however, also requires that a defendant act with either the intent to "kill, injure, harass, or place under surveillance with intent to kill, injure, harass, or intimidate, or cause substantial emotional distress," or with the intent to "place a person . . . in reasonable fear of the death of, or serious bodily injury to-- i) that person; (ii) a member of the immediate family . . . of that person; or (iii) a spouse or intimate partner of that person." This requirement vitiates the vagueness concerns raised by Defendant. Citizens need not guess which intentions are forbidden by Section 2261A(2). *See Bowker*, 372 F.3d at 380-81.

Further, the Court finds that Defendant's efforts to distinguish *Bowker* and *Staley* from the instant case do not have merit. As noted, Section 2261A(2) covers conduct, and not only speech. Defendant's argument that those cases focus on conduct, while the instant case only concerns speech, is therefore incorrect. Further, even though the factual background and charges in *Bowker* are not identical to the instant case, the fact remains that forbidding the use of interstate commerce facilities to intentionally "kill, injure, harass, or place under surveillance with intent to kill, injure, harass, or intimidate, or cause substantial emotional distress," or to "place a person . . . in reasonable fear of the death of, or serious bodily injury to-- i) that person; (ii) a member of the immediate family . . . of that person; or (iii) a spouse or intimate partner of that person," and actually doing so, does not create a substantial sweep of constitutionally protected conduct. Defendant's attempt to compare the definition of "harass" in the Michigan statute to the requirements of Section 2261A(2) is of no importance, as "harass" is only one of several intentions that the latter provision forbids.

The Court also concurs with Magistrate Judge VanDervort, and finds that the hypotheticals offered by Defendant are not applicable to Section 2261A(2). Neither of Defendant's examples include the intentions forbidden by Section 2261A(2). Defendant's claim that the intent requirement

8

of Section 2261A(2) is open to interpretation is also incorrect, as the intent requirements of that provision leave nothing to the imagination.

Finally, the Court finds that Defendant's concerns about Magistrate Judge VanDervort's use of the word "threaten" are unwarranted. Magistrate Judge VanDervort used "threaten" in the conclusion of his PF&R. Such rhetorical use does not write "threaten" into the text of Section 2261A(2).

In sum, as a statute addressing speech and conduct, the overbreadth of Section 2261A(2) is neither real nor substantial. *Broadrick v. Oklahoma*, 413 U.S. at 615. It also provides a person of ordinary intelligence fair notice of what is prohibited, and contains sufficient standards such that it does not authorize or encourage seriously discriminatory enforcement." *Williams*, 553 U.S. at 304. Accordingly, the Court **OVERRULES** Defendant's objections.

## IV. CONCLUSION

For the reasons stated above, the Court **OVERRULES** Defendant's objections [Docket 76] and **ADOPTS** the PF&R [Docket 75]. The Court further **ORDERS** that Defendant's Motion to Dismiss Count One of the Superceding Indictment [Docket 64] be **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel and the United States Attorney.

ENTER: May 26, 2010

Irene C. Berger
IRENE C. BERGER, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA