**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BLUEFIELD DIVISION**

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                      CRIMINAL ACTION NO. 1:09-cr-00270

THOMAS CREIGHTON SHRADER,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed Defendant's Motion to Dismiss Count One of the Superceding Indictment [Docket 94]. For the reasons stated below, the Court denies Defendant's motion.

By Order of Reference filed in this case on December 14, 2009, this Court referred this matter to United States Magistrate Judge R. Clarke VanDervort "for the purpose of doing all things proper to hear and determine or make recommendations for disposition of any pretrial motions filed in this case including, without limitation, conducting a hearing on the motions, if necessary, and entering into the record a written order setting forth the disposition of the motion or recommendation for disposition, as the case may be." (Docket 18). Magistrate Judge VanDervort filed his Proposed Findings and Recommendation ("PF&R") on Defendant's motion on June 3, 2010 [Docket 114]. In that filing, Magistrate Judge VanDervort recommended that the undersigned deny Defendant's motion.

The Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to

which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of de novo review and Defendant's right to appeal this Court's order. *See Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).

However, a defendant must cite to specific instances of error. *United States v. Midgette*, 478 F.3d 616, 621 (4th Cir.2007) (stating that "[28 U.S.C. ] Section 636(b)(1) does not countenance a form of generalized objection to cover all issues addressed by the magistrate judge; it contemplates that a party's objection to a magistrate judge's report be specific and particularized, as the statute directs the district court to review only *those portions* of the report or *specified* proposed findings or recommendations *to which objection is made.*") (internal citations and quotations omitted) (emphasis in original). As the Fourth Circuit further stated in *Midgette*:

> [a] party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection . . . . To conclude otherwise would defeat the purpose of requiring objections. We would be permitting a party to appeal any issue that was before the magistrate judge, regardless of the nature and scope of objections made to the magistrate judge's report. Either the district court would then have to review every issue in the magistrate judge's proposed findings and recommendations or courts of appeals would be required to review issues that the district court never considered. In either case, judicial resources would be wasted and the district court's effectiveness based on help from magistrate judges would be undermined.

*Midgette*, 478 F.3d at 622. *See also* Fed. R. Crim. P. 59(b)(2) (requiring objecting party to file "*specific*, written objections to the proposed findings and recommendations") (emphasis added). Accordingly, to reiterate from *Midgette*, this Court will not countenance non-specific objections and objections that raise issues not brought before the Magistrate Judge. Otherwise, PF&Rs are of no judicial economy to the Court.

Here, objections to Magistrate Judge VanDervort's PF&R were due by June 21, 2010, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Crim. P. 59. Defendant timely filed objections on June 8, 2010 [Docket 122]. The undersigned now reviews de novo the portions of Magistrate Judge VanDervort's PF&R to which Defendant properly objected.

## I. BACKGROUND

Count One of the Superseding Indictment against Defendant charges him with violating 18 U.S.C. § 2261A(2). This provision states that

> [w]hoever–
> \*\*\*
> (2) with the intent--
>
> > (A) to kill, injure, harass, or place under surveillance with intent to kill, injure, harass, or intimidate, or cause substantial emotional distress to a person in another State or tribal jurisdiction or within the special maritime and territorial jurisdiction of the United States; or
> >
> > (B) to place a person in another State or tribal jurisdiction, or within the special maritime and territorial jurisdiction of the United States, in reasonable fear of the death of, or serious bodily injury to--
> >
> > > (I) that person;
> > > (ii) a member of the immediate family . . . of that person; or
> > > (iii) a spouse or intimate partner of that person;
>
> uses . . . any facility of interstate or foreign commerce to engage in a course of conduct that causes substantial emotional distress to that person or places that person in reasonable fear of the death of, or serious bodily injury to, any of the persons described in clauses (I) through (iii) of subparagraph (B);
>
> shall be punished as provided in section 2261(b) of this title.

While the alleged conduct triggering the instant case occurred in 2009, the factual background and allegations, as claimed in the Second Superseding Indictment, date back to the

1970s. The Second Superseding Indictment in this case was filed in June 8, 2010.[1] Defendant is a former boyfriend of the alleged victim in this case, "DS." Second Superseding Indictment at ¶ 1. Defendant, unhappy over the failed relationship, first harassed DS and then, on July 16, 1975, murdered, in the presence of DS, the mother of DS and a friend of DS that Defendant believed was romantically involved with her. *Id.* at ¶ 2-3. Defendant was convicted of first degree murder, and sentenced to life in prison. He was incarcerated until 1993, when he was released on parole. *Id.* at ¶ 4. While Defendant was incarcerated, Defendant sent DS harassing mail from about 1975 to about 1979 and sued DS in 1978 for breach of a promise to marry him. *Id.* at ¶¶ 5-6. DS eventually married her husband, RS, and in October 1979 they moved from West Virginia to Texas, to hide from Defendant. *Id.* at ¶ 7. With the whereabouts of DS unavailable to him, Defendant continued harassing DS and RS by calling RS's parents through the 1980's and into the early 1990's. In said calls, Defendant would, according to the Second Superseding Indictment, attempt to find out where DS and RS were living. *Id.* at ¶ 8. In the summer of 2008, Defendant learned DS's telephone number in Texas. *Id.* at ¶ 9. On August 6 2008, Defendant called DS's household multiple times with the intent of speaking with her. *Id.* at ¶ 10. RS and DS requested that local law enforcement intervene and tell Defendant to stop harassing them. *Id.* at ¶ 11. Defendant allegedly stalked DS

---

[1] The Second Superseding Indictment differs from its predecessor in that it separates Defendant's alleged stalking of DS and RS into Counts One and Two; the Superseding Indictment had alleged the alleged stalking towards the two individuals in a single count. Further, the Superseding Indictment alleged phone calls throughout the summer of 2008; the Second Superseding Indictment only alleges telephone calls on August 6, 2008. Count Two of the Second Superseding Indictment, which charges Defendant with stalking RS, incorporates Paragraphs One through Eleven of Count One. As the substantive arguments made by Defendant in this motion to dismiss were not mooted by the Second Superseding Indictment, the Court finds that said motion is still ripe for review.

by use of an interstate facility on or about October 26, 2009, by sending a 32-page letter by UPS to DS from West Virginia to Texas. *Id.* at ¶ 12. This final act led to the charges in this case.

## *II. ARGUMENT & DISCUSSION*

As a preliminary matter, the Court notes that while Defendant's original motion only contained five pages of briefing, his objections to the PF&R run fourteen pages. As noted above, the Court will not address objections that do not meet the specificity requirements of *Midgette*, *infra*.

In his motion, Defendant argues that Count One of the Superseding Indictment should be dismissed because it alleges only one use of a facility of interstate commerce, the sending of the 32-page letter to DS, when the "course of conduct" language of Section 2261A(2) requires two or more acts with intent to kill, injure, harass or cause severe emotional distress using facilities of interstate commerce. In response, the United States disagreed with this theory, and argued that the statute does not require two or more uses of a facility of interstate commerce. It also argued that even if Defendant is correct, the Superseding Indictment alleges plural uses of interstate commerce facilities regardless; to wit, the letters and phone calls that Defendant made to DS. In his PF&R, Magistrate Judge VanDervort agreed with both of the Government's arguments and recommended that the Court deny Defendant's motion. In his objections, Defendant alleges the following specific errors on the part of Magistrate Judge VanDervort.

First, Defendant argues that "count one of the superceding indictment is still fatally defective in that it does not allege each essential element of the statute as it relates to those other allegations, i.e., the matters described in the first eleven paragraphs . . . . [According to] the Government's and Magistrate Court's overly expansive interpretation of the phrase 'course of conduct,' count one of the superceding indictment is constitutionally deficient because as it is currently drafted 'there is no

assurance that the grand jury considered and found each essential element.'" (Docket 122 at 2).

The Court finds this contention to be without merit. The Sixth Amendment requires that a defendant must "be informed of the nature and cause of the accusation" against him. U.S. Const. Amend. VI. An indictment must contain the elements of the offense charged, fairly inform a defendant of the charge, and enable the defendant to plead double jeopardy as a defense in a future prosecution for the same offense. *Russell v. United States*, 369 U.S. 749, 763-64 (1962). Here, the Court finds that Counts One and Two of the Second Superseding Indictment provide sufficient notice to Defendant of the allegations against him, and accordingly, meet Constitutional requirements. This Court will also not look behind an indictment to review the thought processes of the grand jury.

Further, Defendant states that

> [t]he Magistrate Court's interpretation might make sense if the statute read that the "Defendant engaged in a course of a conduct and used a facility of interstate commerce." And if Congress required only one use, then the definition of the phrase "course of conduct," with its required two or more acts, would not appear in the statute.

(*Id.* at 8).

The Court disagrees with Defendant. First, the Court finds that the language of the statute is not ambiguous. However, even if the Court was to assume ambiguity in order to address Defendant's concerns, Defendant's argument is still incorrect. "A fundamental canon of statutory construction requires that unless otherwise defined, words will be interpreted as taking their ordinary, contemporary, common meaning." *United States v. Maxwell*, 285 F.3d 336, 340 - 341 (4th Cir. 2002) (citing *United States v. Lehman*, 225 F.3d 426, 428 (4th Cir.2000)). Further, "[t]he plainness or ambiguity of statutory language is determined by reference to the language itself, the specific context

in which that language is used, and the broader context of the statute as a whole." *Robinson v. Shell Oil Co.*, 519 U.S. 337, 341 (1997). In this instance, after an examination of the common meaning and context of the words in Section 2261A(2), the Court finds that the "course of conduct" element does not necessitate two or more uses of interstate facilities. The statute does not require a use of interstate commerce facilities for each of the two or more acts which comprise "course of conduct." Despite Defendant's arguments, if Congress intended as such, it would have explicitly written Defendant's theory into the statutory language.

Additionally, Defendant "disagrees with the Magistrate Court's interpretation of the various cases cited in the Motion to Dismiss showing that courts require two or more uses of 'facilities of interstate commerce' to constitute the required 'course of conduct." (Docket 122 at 11). The Court finds otherwise. Upon de novo review of the cases in question, the Court finds no error in Magistrate Judge VanDervort's interpretation, and finds that this contention of Defendant is incorrect.

Finally, Defendant argues that "stark differences in the interpretation of the basic terms of the statute demonstrate its 'grievous' ambiguity" and that accordingly, Section 2261A(2) should be construed in favor of Defendant under the rule of lenity. *Id.* at 14. In support of this, Defendants points to cases where other United States Attorney Offices charged defendants under Section 2261A(2) by alleging plural uses of facilities of interstate commerce and cases where he claims that other Courts interpreted Section 2261A(2) differently from Magistrate Judge VanDervort. The Court finds this contention baseless. "Prosecutorial discretion is well established in our criminal justice system." *United States v. Brown*, 859 F.2d 974, 977 (D.C. Cir. 1988) (citing *McCleskey v. Kemp*, 481 U.S. 279 (1987)). The fact that a United States Attorney chooses to charge a defendant in a

particular way neither makes a statute ambiguous nor binds other United States Attorneys in their charging decisions.

In conclusion, the Court concurs with Magistrate Judge VanDervort. The Court finds that the "course of conduct" language in Section 2261A(2) does not require two or more acts with intent to kill, injure, harass or cause severe emotional distress using facilities of interstate commerce. In the alternative, the Court also finds the that the Second Superseding Indictment alleges at least a second prohibited use of a facility of interstate commerce, namely, the August 6, 2008, telephone calls that Defendant allegedly placed to the household of DS.[2] Accordingly, Defendant's objections are **OVERRULED**.

### *III. CONCLUSION*

For the reasons stated above, the Court **OVERRULES** Defendant's Objections [Docket 122], **ADOPTS** the PF&R [Docket 114], and **ORDERS** Defendant's Motion to Dismiss Count One of the Superceding Indictment [Docket 94] **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER: June 10, 2010

*/s/ Irene C. Berger*
IRENE C. BERGER, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

---

[2] Whether these alleged phone calls were of an interstate nature, as required by Section 2261A(2), is a question of fact for the jury. A court does not need to look behind an indictment to see if it is supported by adequate or competent evidence. *See United States v. Mills*, 995 F.2d 480, 487 (4th Cir. 1993).