**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BLUEFIELD DIVISION**

UNITED STATES OF AMERICA,

> Plaintiff,

v.                                                    CRIMINAL ACTION NO. 1:09-cr-00270

THOMAS CREIGHTON SHRADER,

> Defendant.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed Defendant's Motion to Suppress [Docket 53].  In his motion, Defendant requests that the Court suppress the thirty-two page letter that he allegedly sent to the victim in this case, "DS," as the letter was first received, opened, and read by the husband of DS, "RS."  Defendant's alleged sending of this letter led to the instant criminal charges against him. After careful consideration of the briefing on this motion, and the evidence and argument presented in the June 15, 2010, hearing in this case, the Court denies Defendant's motion.

*I. DEFENDANT'S EXPECTATION OF PRIVACY*

As a preliminary matter, this Court must first determine whether Defendant had an expectation of privacy when he sent the letter to DS.[1]  "[T]o assert a Fourth Amendment challenge to the Government's use of evidence . . . [Defendant] must demonstrate that he had 'a legitimate expectation of privacy" in the letter.  *United States v. Walker*, 20 F. Supp. 2d 971, 973 (S.D. W. Va.

---

[1] For the purposes of this motion, the Court assumes, without deciding, that Defendant sent the letter to DS.

1998) (Haden, C.J.) (citing *Rakas v. Illinois*, 439 U.S. 128, 148-49 (1978); *United States v. Kitchens*, 114 F. 3d 29, 31 (4th Cir.1997)).  A defendant seeking to suppress evidence bears the burden of demonstrating a legitimate expectation of privacy in the object of the challenged search.  *United States v. Givens*, 733 F. 2d 339, 341 (4th Cir. 1984) (citing *Rawlings v. Kentucky*, 448 U.S. 98, 104 (1980)).

"Letters and other sealed packages are in the general class of effects in which the public at large has a legitimate expectation of privacy; warrantless searches of such effects are presumptively unreasonable." *United States v. Jacobsen*, 466 U.S. 109, 114 (1984).  In his motion, Defendant argues that the expectation of privacy belonging to him and DS was violated when RS opened the letter despite the facts that the letter was addressed to her and that the envelope contained explicit instructions that only DS was to sign for it.  Accordingly, Defendant argues that the letter should be suppressed due to this alleged expectation of privacy violation.

However, there is no expectation of privacy when a defendant has not disclosed his or her identity on the face of the mailing, or addresses the mailing to a false name.  *United States v. Hicks*, case no. 01-3938, 59 Fed. Appx. 703, 706, 2003 Westlaw 731711 at *4, 2003 U.S. App. Lexis 4449 at *11-12 (6th Cir. March 03, 2003); *United States v. Daniel*, 982 F. 2d 146, 149 (5th Cir. 1993) (stating that even if the court accepted that the addressee of a package containing contraband was the defendant's alias, the court "still question[ed] whether [the defendant] would have . . . 'standing' to assert [a Fourth Amendment] claim, particularly when [the defendant's] use of that alias was obviously part of his criminal scheme."); *United States v. Zavala*, case no. 02-446, 2003 Westlaw 431636 at *1, 2003 U.S. Dist. Lexis 2521 at *4 (E.D. Pa. February 20, 2003); *Walker*, 20 F. Supp. 2d at 974 (holding that the defendant was "not entitled to Fourth Amendment protection when he

2

has apparently employed the use of an alias in furtherance of his criminal scheme."); *United States v. Wood*, 6 F. Supp. 2d 1213, 1224 (D. Kan. 1998) (stating that the defendant "opted to conceal any purported interest in the package and consciously avoided any public announcement that he had a subjective expectation of privacy in the package.  Thus, [the defendant] effectively repudiated his connection to the package and lost the means to exclude others from intruding upon his interest." (internal citation to *Dimaggio*; *infra*, omitted)); *United States v. Dimaggio*, 744 F. Supp. 43, 46 (N.D. N.Y. 1990) (stating that the "expectation of privacy vanishes . . . when the identity of the sender and intended recipient is not indicated . . . on the package.  With respect to the unidentified sender, it is as if the package has been abandoned since by withholding from society that he is the source, he has effectively repudiated any connection or interest in the item vis-a-vis society . . . and no longer has the means to exclude others from intruding upon the contents of the package.").  *See also United States v. Pitts*, 322 F. 3d 449, 459-60 (7th Cir. 2003) (Evans, J., concurring) (stating that "using phony names . . . does not, except in unusual circumstances . . . give rise to the sort of personal Fourth Amendment privacy concerns that the Fourth Amendment's exclusionary rule is designed to protect."); *United States v. Lewis*, 738 F. 2d 916, 920 (8th Cir. 1984) (holding that "[a] mailbox bearing a false name with a false address and used only to receive fraudulently obtained mailings does not merit an expectation of privacy that society is prepared to recognize as reasonable.").

In the instant case, Defendant did not send his letter to DS using his true name and address.  Rather, the return address indicated on the UPS mailing label is "Earles, 814 Old Bramwell Rd, Bluefield WV 24701."  (Docket 53, Exhibit 1, at 1).  It appears that Defendant's address at the time he sent the letter was Route Two, Box 462, Rock, West Virginia 24747.  Accordingly, the Court

finds that, due to the false name and address on the UPS mailing label, Defendant had no expectation of privacy in his communication to DS.   The fact that the name "Earles" might have been recognizable to DS does not save Defendant's expectation of privacy, as such usage is an unprotected alias.   Moreover, Defendant's explicit instruction on the envelope that his letter was to be delivered to DS, and nobody else, is of no import when Defendant ceded his expectation of privacy at the moment he sent the letter.

## II. PRIVATE SEARCHES

Even assuming that there was an expectation of privacy attached to the letter, Defendant's motion still fails.   The Fourth Amendment does not provide protection against searches by private individuals acting in a private capacity; rather, it only provides protection against government individuals, and private individuals acting as government agents.   *See Jacobsen*, 466 U.S. at 113. Therefore, "evidence secured by private searches, even if illegal, need not be excluded from a criminal trial."   *United States v. Jarrett*, 338 F. 3d 339, 344 (2004) (internal citation omitted).   In order for evidence from a private search to be unconstitutional, "there must be some evidence of Government participation in or affirmative encouragement of the private search before a court will hold it unconstitutional.   Passive acceptance by the Government is not enough."   *Id.* at 346.   The key factors determining whether a search by a private person constitutes a Government search are: "(1) whether the Government knew of and acquiesced in the private search; and (2) whether the private individual intended to assist law enforcement or had some other independent motivation."   *Id.* at 344.

After considering the evidence and arguments presented at the June 15, 2010, hearing, the Court finds that there is no evidence that RS was acting as a government agent.   There is no

4

evidence that law enforcement participated in or affirmatively encouraged the receipt and reading of the letter by RS. Indeed, testimony at the June 15, 2010, hearing revealed that RS had read the letter in full before speaking with Federal Bureau of Investigation ("FBI") Special Agent Marco Rodriguez, the initial FBI agent to speak with RS regarding Defendant's letter. No evidence was presented on the record to show that the purpose of RS in opening the letter was to assist law enforcement. Therefore, the Court finds that even if Defendant had an expectation of privacy in the letter, RS was not acting as a government agent in contravention of the Fourth Amendment when he received, opened, and read the letter.

## III. CONCLUSION

For the reasons stated herein, the Court **ORDERS** Defendant's Motion to Suppress [Docket 53] **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER:        June 22, 2010

IRENE C. BERGER, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA