IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,

v.                                            CRIMINAL ACTION NO. 1:09-cr-00270

THOMAS CREIGHTON SHRADER,

                Defendant.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed Defendant's Motion in Limine to Exclude Other Bad Acts Evidence and Pro Se Filings at Trial [Docket 99] and the United States' Motion in Limine for the Admission of Portions of the Film, "Hurt" [Docket 130]. The Court has also reviewed Defendant's *pro se* Motion to Suppress Illegally Obtained Evidence [Docket 77]. After careful consideration of the motions and briefs together with the evidence and arguments presented at the June 15, 2010, hearing in this case, the Court denies the United States' motion and denies Defendant's motion in limine in part, and grants Defendant's motion in limine in part. The Court also denies Defendant's *pro se* motion to suppress.

*I. BACKGROUND*

The factual background of this case dates back to the 1970s. Defendant is a former boyfriend of the victim in this case, "DS." In 1975, after DS ended her relationship with Defendant, Defendant murdered the mother of DS and a man that Defendant apparently believed that DS was dating. Defendant was convicted of first degree murder and unlawful wounding in 1976. During his

incarceration and afterwards, the Second Superseding Indictment alleges the Defendant continued to contact and harass DS and her family over the ensuing decades. Defendant currently faces two counts of stalking by use of interstate facility, in violation of 18 U.S.C. § 2261A(2), and felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The pending motions in limine largely concern evidence that is related to the murders committed by Defendant and/or the alleged harassment of DS and her family by Defendant.

In his motion, Defendant seeks to exclude two 1987 letters that Defendant allegedly sent to the brother-in-law of DS. In these letters, the author states that the mother of DS died due to poor medical treatment; Defendant also allegedly expressed his love for DS, and requested her contact information. Defendant also seeks to exclude a 1984 letter that Defendant allegedly sent to the mother-in-law of DS where, along with arguing that the mother of DS died due to poor medical treatment, he suggested that DS and her family sue for medical malpractice and states that he did not intend to harm DS and her mother. Moreover, Defendant seeks to exclude his 1976 convictions, his 1977 jail escape conviction, and a *pro se* motion to suppress evidence that Defendant filed with this Court on April 26, 2010.

The United States and Defendant disagree on the admissibility of film clips from the 2005 film <u>Hurt</u>. <u>Hurt</u> is a low budget horror film of the "slasher" variety; the plot of <u>Hurt</u> consists, *inter alia*, of a serial killer murdering young women on camera. In this film, Defendant portrays a minor character who participates in a pornographic movie production, during which he pretends to reunite with his former high school girlfriend, "Roxy Rocks". This scene concludes with the film's main character stating that Ms. Rocks is to be murdered. In his motion, Defendant seeks to exclude <u>Hurt</u>, while the United States seeks to admit such clips in its motion.

## *II. APPLICABLE LAW*

Rule 404 (b) provides, in relevant part, that

[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial . . . of the general nature of any such evidence it intends to introduce at trial.

Because Rule 404(b) recognizes the admissibility of prior crimes, wrongs, or acts with only the one stated exception, it is understood to be a rule of inclusion. *United States v. Queen*, 132 F.3d 991, 994 (4th Cir. 1997) (citing *United States v. Aramony*, 88 F.3d 1369, 1377 (4th Cir. 1996)). The Fourth Circuit has articulated a four-prong test for the admissibility of prior-act evidence: (1) the prior-act evidence must be relevant to an issue other than character, such as intent; (2) it must be necessary to prove an element of the crime charged; (3) it must be reliable; and (4) as required by Federal Rule of Evidence 403, its probative value must not be "substantially outweighed" by its prejudicial nature. *Queen*, 132 F.3d at 995. However, evidence of uncharged conduct is not "other crimes" evidence subject to Rule 404 if the uncharged conduct "arose out of the same series of transactions as the charged offense, or if [evidence of the uncharged conduct] is necessary to complete the story of the crime on trial." *United States v. Siegel*, 536 F.3d 306, 316 (4th Cir. 2008) (internal citation omitted); *see also United States v. Chin*, 83 F.3d 83, 88 (4th Cir. 1996) ("Other criminal acts are intrinsic when they are inextricably intertwined or both acts are part of a single criminal episode or the other acts were necessary preliminaries to the crime charged.") (internal quotation marks omitted)).

3

"'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Federal Rule of Evidence 401. Except as otherwise provided, all relevant evidence is admissible. Federal Rule of Evidence 402. Federal Rule of Evidence 403 provides that relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Under Rule 403, evidence may be excluded "only if the evidence is unfairly prejudicial and, even then, only if the unfair prejudice substantially outweighs the probative value of the evidence . . . . 'Evidence is unfairly prejudicial . . . when there is a genuine risk that the emotions of a jury will be excited to irrational behavior, and this risk is disproportionate to the probative value of the offered evidence.'" *Siegel*, 536 F.3d at 319 (quoting *United States v. Williams*, 445 F.3d 724, 730 (4th Cir. 2006)).

### III. ARGUMENT

*A. The Letters and Convictions*

Defendant argues that the letters are irrelevant, claiming that whether Defendant sent letters to the relatives of DS in the 1980s is irrelevant to whether he sent the 2009 letter to DS that instigated the instant case. He also argues that the letters and evidence of the murders are not needed to establish the elements of the charged offenses and that their admission would be unfairly prejudicial. In particular, he argues that evidence of the murder convictions fails the Rule 403 balancing test as Defendant "has not been charged with threatening DS (or anyone else for that matter) or crossing state lines in order to harm DS or place her in reasonable fear of serious bodily

4

injury or death. The introduction of the murder convictions would be used by the Government to infer the same: that [Defendant] intended to harm DS and her family." (Docket 99 at 3).

The United States disagrees. It argues that the letters and the convictions are acts intrinsically related to establishing a course of conduct by Defendant. 18 U.S.C. § 2261A(2) requires that the United States prove that Defendant engaged in a "course of conduct" towards DS and her husband, RS; the United States argues that the letters and convictions "are all each 'acts' which are evidence that establishes a 'continuity of purpose' under [18 U.S.C.] Section 2261A(2) and 2266."[1]  (Docket 129 at 6).

The United States further argues that the letters and convictions are, in the alternative, admissible under Rule 404. The United States argues that they are relevant to issues other than character, such as intent and motive, and that they help establish elements of the offense, such as Defendant's intent for using a facility of interstate commerce, the course of conduct, and whether the victims were in reasonable fear of death or serious bodily injury or suffered substantial emotional distress. The United States further argues that these items are reliable evidence and that they are not unfairly prejudicial, as they are probative of his intent and involve acts within the course of conduct.

*B. Defendant's Pro Se Motion*

Defendant seeks to bar admission of the hand written *pro se* motion to suppress evidence that Defendant has filed with the Court. He argues that the Court should not accept *a pro se* filing from a defendant in a criminal matter when he or she is represented by counsel, and points the Court to *United States v. Whitelaw*, 580 F.3d 256, 259 (5th Cir. 2009); *United States v. White*, Case No. 7:08-

---

[1] 18 U.S.C. § 2266(2) defines "course of conduct" as "a pattern of conduct composed of 2 or more acts, evidencing a continuity of purpose."

cr-54, 2010 Lexis 35999, at **3-4 (W.D. Va. April 12, 2010); and West Virginia Rules of Professional Conduct Rule 1.2 (stating that in criminal cases, "the lawyer shall abide by the client's decision, after consultation with the lawyer, as to a plea to be entered, whether to waive jury trial and whether the client will testify."). Defendant also argues that admission of this pro se motion would be unfairly prejudicial as it would "give the jury the strong impression that there is a rift between counsel and [Defendant], thereby undermining his defense." (Docket 99 at 5).

In its response, the United States argues that the motion is admissible as a party-opponent admission under Federal Rule of Evidence 801(d)(2)(A)[2]. It further argues that admission of the motion would not be unfairly prejudicial, and that, if necessary, it could be redacted to alleviate Defendant's concerns.

*C. Hurt*

The United States seeks to admit Hurt on two alternate bases. First, the United States argues that the scene involving Defendant is "intrinsically relevant" under Rule 401, as the scene featuring Defendant is direct evidence of an act in furtherance of Defendant's course of harassing and threatening conduct, as Defendant portrays a character reuniting with a high school ex-girlfriend and

---

[2] Rule 801(d)(2)(A) provides that a statement is not hearsay if "[t]he statement is offered against a party and is (A) the party's own statement, in either an individual or a representative capacity or (B) a statement of which the party has manifested an adoption or belief in its truth, or (C) a statement by a person authorized by the party to make a statement concerning the subject, or (D) a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship, or (E) a statement by a coconspirator of a party during the course and in furtherance of the conspiracy. The contents of the statement shall be considered but are not alone sufficient to establish the declarant's authority under subdivision (C), the agency or employment relationship and scope thereof under subdivision (D), or the existence of the conspiracy and the participation therein of the declarant and the party against whom the statement is offered under subdivision (E)."

Hurt is available to the public, including DS and her family, for purchase and/or rental. In the alternative, the United States argues that the film clip is admissible under Rule 404(b), as "the evidence is not offered as proof of Defendant's character . . . . . [T]he film is relevant to the element of the offense because it establishes an act in furtherance of his course of harassing conduct and whether the victims in this case, RS and DS, were in reasonable fear of death or serious bodily injury or suffered substantial emotion distress as a result of Defendant's course of conduct. Third, the evidence is reliable . . . . Finally . . . the probative nature of this film scene substantially outweighs any unfair prejudice." (Docket 130 at 4-5).

Perhaps unsurprisingly, Defendant strenuously contested the admission of Hurt at the June 15, 2010, hearing. He argues that the clip is irrelevant, as Scott Martin, the film's writer and director, informed the Federal Bureau of Investigation ("FBI") that Defendant had nothing to do with the film's plot. He also argues that any probative value that the clip may have would be substantially outweighed by the danger of unfair prejudice.

*IV. DISCUSSION*

*A. The Letters*

The Court finds that the letters are admissible as evidence of the instant offense, or in the alternative, are admissible as other acts evidence under Rule 404. The letters are admissible as evidence of the instant offense because they are evidence of the course of conduct that the United States must prove at trial. The letters are also admissible as other acts evidence under Rule 404. Rather than Defendant's character, the letters are relevant to his intent and motivation. They are also relevant to Defendant's identity as the author of the 2009 letter to DS, which did not include

7

Defendant's name.[3] The letters are further necessary to prove an element of the crime charged, such as Defendant's intent for using a facility of interstate commerce, the course of conduct, and whether the victims were in reasonable fear of death or serious bodily injury or suffered substantial emotional distress. The Court also finds that the letters are reliable, as they are written statements made by Defendant, and that their probative value is not substantially outweighed by any unfair prejudice. Further, the Court finds the Defendant's arguments that the age of the letters defeats their admissibility to be lacking in merit. Rather, the jury can properly consider the age of the letters together with all other evidence relevant to their penmanship and mailing, in determining their evidentiary weight.

*B. Defendant's Pro Se Motion*

The Court agrees that it need not consider *pro se* motions by defendants who are represented by counsel, and denies Defendant's *pro se* motion on that basis. However, the fact that the Court will not consider Defendant's *pro se* motion does not mean that the motion is not a party-opponent admission. Therefore, pursuant to Federal Rule of Evidence 801(d)(2)(A), the Court finds that the motion is admissible. However, the Court will consider giving a limiting instruction to the jury and/or redacting part of the motion upon request of Defendant's counsel to ensure no unfair prejudice to the defendant.

*C. Hurt*

The Court finds that Hurt is inadmissible. It has no relevance whatsoever, given that there is no evidence that Defendant assisted Mr. Martin with writing, developing, and/or creating the

---

[3] The name and address on the mailing label were ones that Defendant allegedly believed that DS would recognize; the letter itself was signed "You know the name, Rt. 2, Box 462, Rock, West Virginia 24747."

script and plot. Even if the film did bear any relevance to the case at bar, the unfair prejudice that would accrue to Defendant would be beyond substantial, given the overall plot and nature of the movie, Defendant's particular role, and the factual background of this case.

*D. Defendant's Convictions*

To the extent that Defendant seeks to exclude the evidence of the murders that organically appears in this case, his motion is denied. Redacting evidence or mention of the murders from Defendant's alleged 1980s letters to the family of DS and his alleged 2009 letter to DS would make it impossible for the jury to view the letters in the overall context of Defendant's history with DS and her family. Similarly, precluding DS and RS from testifying about the murders would prevent the jury from fully understanding what they were thinking when Defendant allegedly wrote to DS in the 2009 letter that, *inter alia*,

> [w]ith this letter your future and what happen's will be in your own hands! I would honestly suggest for your own good that you read this letter fully and completely!! . . . . But whatever you decide to do, to read or don't read this letter - I want to make you aware that a pre-decision has already been made based upon - ? . . . . You should learn what that decision will be based upon!!!!!!!!!! Or don't read and face the consequences blindly.

(Docket 13, ex. 1 at 2 (in capital and bold letters)); "Choose wisely - Heaven or Hell, or maybe (2) Hell's" [*sic*] (*Id.* at 29); "This time, after you make the decision you have to make, will dictate my response. So you will know beforehand that the END results will be based upon your decision," (*Id.* at 30); "[r]unning won't do you any good this time. It's time to face the piper"[4] (*Id.* at 31); and "[f]rom the date you receive this, I am allowing two (2) weeks or 14 days to pass before I initiate my next step." (*Id.* at 32). In short, evidence of the murders "is necessary to complete the story of

---

[4] It appears that DS ran away when Defendant killed her mother and friend. *Id.* at 19.

the crime on trial," *Siegel*, 536 F.3d at 316, and is, therefore, not other crimes evidence subject to Rule 404.

Even if evidence of the murders, aside from the records of Defendant's convictions, is actually Rule 404 other crimes evidence, the Court finds that such evidence meets the test that the Fourth Circuit articulated in *Queen*, and is admissible. Evidence of the murders is relevant to issues other than character, namely, Defendant's intent, motivation, and identity; such evidence is necessary to prove an element of the crime charged, such as whether the victims were in reasonable fear of death or serious bodily injury or suffered substantial emotional distress; the evidence is reliable, as it will come from Defendant's own alleged written words or the victims' testimony; and the probative value of the evidence will not be substantially outweighed by its prejudicial nature. While evidence of the murders will bring prejudice to Defendant, such prejudice does not substantially outweigh its probative value because this evidence is necessarily probative on the issue of whether DS and RS were in reasonable fear of death or serious bodily injury or suffered substantial emotional distress.

However, the Court will exclude the records of Defendant's convictions. The United States will not be able to admit into evidence the certified copies of Defendant's 1976 murder and unlawful wounding convictions and his 1977 escape conviction. While those records are relevant and would have probative value, the Court finds that the records would be merely cumulative of evidence contained in the letters and in the anticipated testimony of witnesses. In light of this, the probative value of this documentary evidence becomes marginal and would be substantially outweighed by unfair prejudice to the Defendant.

*V. CONCLUSION*

For the reasons states herein, the Court **ORDERS** the United States' Motion in Limine for the Admission of Portions of the Film, "Hurt" [Docket 130] **DENIED** and Defendant's Motion in Limine to Exclude Other Bad Acts Evidence and Pro Se Filings at Trial [Docket 99] **GRANTED** in part, and **DENIED** in part. The Court further **ORDERS** Defendant's *pro se* Motion to Suppress Illegally Obtained Evidence [Docket 77] **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, and to the United States Attorney.

ENTER: July 1, 2010

IRENE C. BERGER, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA