

FILED

JUL 1 4 2010

TERESA L. DEPPNER, CLERK
U.S. District Court
Southern District of West Virginia

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF WEST VIRGINIA**

**BLUEFIELD DIVISION**

**UNITED STATES OF AMERICA**

**V.**                                    **CRIMINAL NO.   1:09-cr-00270**

**THOMAS CREIGHTON SHRADER**

## JUDGE'S CHARGE TO THE JURY

Ladies and gentlemen of the jury:

At the outset, I want to thank you for your undivided attention throughout the trial, your care in the consideration of the testimony and exhibits, your patience and understanding when delays were necessary, and your promptness in attending Court.

You have now heard and seen all of the evidence which you may properly consider in determining the facts of the case, and the guilt or innocence of the defendant as determined by those facts and the law.  At this stage in a trial, I am required to state and explain to the jury the law which applies to the case.  This statement as to the law of the case is known as a charge, and is presented in the form of instructions.  Each instruction is as important as any other.  You should draw no inference from the order, language or manner in which these instructions are read.  Do not pick out any one statement or instruction and ignore other instructions or parts of instructions.  Consider and apply these instructions together

*1*

as a whole.

## FIRST:  THE DUTY OF THE JUDGE, THE JURY AND THE ATTORNEYS

The functions of the judge, the jury and the attorneys in a case are quite different.  It is the duty of the judge to determine and state the law of the case, preside over the trial, and conform each portion to the law.

It is the duty of the jury to impartially determine the facts of the case from all of the evidence.  Your oath as a juror requires you to accept and apply the law as stated in these instructions to the facts determined by you from all the evidence. You must not change the law or apply your own idea of what you think the law should be.

It is the duty of the attorneys to present their client's case, the law to the judge, and the facts to the jury; and, in argument, to relate the law to the facts, and thus assist the jury in determining the guilt or innocence of the defendant.

## SECOND:  WHAT IS EVIDENCE?

You are to determine the facts of this case from the evidence alone.  The "evidence" always consists of the sworn testimony of all the witnesses, all exhibits received in evidence, all stipulations and all matters of which I took judicial notice. A stipulation is an agreement among the parties that a certain fact is true. When the attorneys on both sides stipulate or agree as to the existence of a fact, you may accept the stipulation as evidence and regard that fact as proven.  However, you are not required to do so, since you are the sole judge of the facts.  When the Court declares that it has taken judicial notice of some fact or event, you may accept the

Court's declaration as evidence and regard as conclusively proven the fact or event which has been judicially noticed, and weigh it along with other evidence in the case. You are not required to accept such facts, however, since, again, you are the sole judge of the facts.

You must carefully and impartially consider the testimony of every witness and all exhibits, and not disregard or overlook any testimony, witness, exhibit or evidence; you must not permit yourself to be influenced by sympathy, bias, passion, prejudice or public sentiment for or against the Defendant or the Government. Both the Defendant and the public expect that you will carefully and impartially consider all the evidence in the case, follow the law as stated by the Court, and reach a just verdict, regardless of the consequences.

Generally speaking, there are two kinds of evidence from which you may find the truth as to the facts of a case -- direct and circumstantial evidence. Direct evidence of a fact to be proved is usually the testimony of the witness who saw, heard or otherwise experienced the fact. Circumstantial evidence is where one fact or a chain of facts gives rise to a reasonable inference of another fact. If one fact or group of facts, on the basis of common sense and common experience, leads you logically and reasonably to infer other facts, then this is circumstantial evidence. Circumstantial evidence is no less valid and no less weighty than direct evidence provided that the inferences drawn are logical and reasonable. In a criminal case where a defendant's state of mind is at issue, where there are questions of what the defendant intended or what his purpose was, circumstantial evidence is often an

important means of proving what the state of mind was at the time of the events in question.  Sometimes it is the only means of proving state of mind.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  Nor is a greater degree of certainty required of circumstantial evidence than of direct evidence. Do not be concerned about whether evidence is 'direct evidence' or 'circumstantial evidence.' You should consider and weigh all of the evidence that was presented to you.

You are to consider only the evidence presented, and you may not guess or speculate as to the existence of any facts. But in your consideration of the evidence, you are not limited to the bald statements of the witnesses.  In other words, you are not limited solely to what you see and hear as the witnesses testify.  You are permitted to draw, from facts which you find have been proved, such reasonable inferences as you feel are justified in the light of your own experience, reason and common sense.

The indictment in this case is only an accusation or charge against the Defendant, and is not any evidence of guilt whatsoever.  Further, the Defendant, Thomas Creighton Shrader, is not on trial for any act or conduct not alleged in the indictment.

Nothing said or done by the attorneys who have tried this case is to be considered by you as evidence of any fact.  The opening statements and final arguments of counsel are intended to help you in understanding the evidence and applying the law to the evidence, but they are not themselves evidence.

*4*

Accordingly, if any argument, statement or remark of counsel is not based upon the evidence or the law as stated in these instructions, then you should disregard that argument, statement or remark.

Nothing that I have said or done at any time during the trial is to be considered by you as evidence of any fact or as indicating any opinion concerning any fact; the "credibility of any witness;" the "weight of any evidence;" or, the guilt or innocence of the defendant.  Neither by these instructions, nor by any ruling or remark which I have made or will make, have I meant or do I mean to indicate any opinion as to the facts of this case.  The facts are for you, the jury to decide.

Anything you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.

### THIRD:  WHAT YOU CONSIDER IN DETERMINING THE "CREDIBILITY OF THE WITNESSES" AND THE "WEIGHT OF THE EVIDENCE"

During your deliberations, you should carefully consider the testimony of each and every witness, and not disregard or overlook any testimony, witness or evidence.  Now, in saying that you must consider all of the evidence, I do not mean that you must accept all of the evidence as true or accurate.  You, as jurors, are the sole judges of the "credibility of a witness" and the "weight of the evidence."  The "credibility of a witness" means the truthfulness of the witness and the "weight of the evidence"  means the extent to which you are or are not convinced by the evidence.

Inconsistencies or discrepancies in the testimony of a witness, or between the

testimony of different witnesses, may or may not cause the jury to discredit such testimony.   Two or more persons witnessing an incident may see or hear it differently; and innocent misrecollection, like failure of recollection, is not an uncommon experience.   In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

The number of witnesses testifying on one side or the other of an issue is not alone the test of the "credibility of the witnesses" and the "weight of the evidence." If warranted by the evidence, you may believe one witness against a number of witnesses testifying differently.   The tests are:   How truthful is the witness, and how convincing is his or her evidence, and which witnesses and which evidence appeals to your minds as being most accurate, and otherwise trustworthy, in the light of all the evidence and circumstances shown.

In determining the "credit" and "weight" you will give to the testimony of any witness who has testified, you may consider, among other things, if found by you from the evidence:

1)   his or her good memory, or lack of memory;

2)   the interest or lack of interest of the witness in the outcome of the trial;

3)   the relationship of any witness to any of the parties or other witnesses;

4)   his or her demeanor and manner of testifying;

5)   his or her opportunity and means or lack of opportunity and means of having knowledge of the matters concerning which he or she testified;

6)     the reasonableness or unreasonableness of his or her testimony;

7)     his or her apparent fairness or lack of fairness;

8)     the intelligence or lack of intelligence of the witness;

9)     the bias, prejudice, hostility, friendliness or unfriendliness of the witness for or against any of the parties;

10)    contradictory statements of any witness, if you believe from the evidence that such were made by the witness (either during trial or before trial) and that the same are contradictory of his or her testimony; however, contradictory statements, if any, may not be considered by the jury to establish the truth of such statements;

11)    contradictory acts of any witness, if you believe that such were committed by the witness, and that they were contradictory of his or her testimony.

From these considerations and all other circumstances appearing from the evidence, you may give to the testimony of the witness such "credit" and "weight" as you believe it deserves. Further, the Court instructs you that you are not required to accept testimony, even though the testimony is uncontradicted and the witness is not impeached. You may decide, because of the witness' bearing and demeanor, or because of the inherent improbability of his or her testimony, or for other reasons sufficient to you, that such testimony is not worthy of belief. During this trial, you have heard the testimony of several law enforcement officers. The testimony of a law enforcement officer should be considered in the same way and judged as to

credibility and weight as the testimony of any other witness.

If you believe that any witness in this case has knowingly testified falsely as to any material or important fact, you may, after considering and weighing the testimony of such witness, disregard all of the testimony of such witness, or give it or any part thereof, such "credit" and "weight" as you believe it deserves.

The Defendant, Thomas Creighton Shrader, has exercised his right to remain silent in this case. The Constitution of the United States gives a defendant an absolute and inalienable right to choose to not be a witness, and the exercise of this right cannot be held against the defendant or in any way affect the outcome of his trial. Thus, in your deliberations, you may not draw any inferences from the defendant's decision not to testify, you cannot conclude that his decision is even remotely indicative of guilt, and you must not speculate what his testimony might have been or why he chose not to be a witness or give evidence.

## FOURTH:  EXPERT WITNESSES - OPINIONS

Ordinarily, witnesses are not permitted to testify as to opinions or conclusions. However, the rules of evidence provide that if scientific, technical or other specialized knowledge might assist the jury in understanding the evidence or in determining a fact issue, a witness qualified as an expert by knowledge, skill, experience, training or education, may testify and state his opinion concerning such matters, and may state the reasons for the opinion. You should consider each expert opinion received in this case, and the reasons given in support of the opinion, and give it such weight as you may think it deserves. In determining the weight to

be given to the opinion of an expert, you should consider the education, training and experience of the expert, the basis for the opinion, the confidence of the witness, the reasons and reasoning stated by the witness, the opinions of other similar witnesses on the same matters, and the rules generally applicable to other witnesses in this case. If you should decide that the opinion of an expert witness is not based upon sufficient education and/or experience, or if you should conclude that the reasons given in support of the opinion are not sound, or that the opinion is outweighed by other evidence, then you may disregard the opinion entirely, or give it such weight as you find it deserves.

## FIFTH: THE BURDEN OF PROOF

The law presumes a defendant to be innocent of crime. Thus a defendant, although accused, begins the trial with a "clean slate" with no evidence against him. And the law permits nothing but legal evidence presented before the jury to be considered in support of any charge against the accused. So the presumption of innocence alone is sufficient to acquit a defendant, unless the jurors are satisfied beyond a reasonable doubt of the defendant's guilt after careful and impartial consideration of all the evidence in the case.

The jury will remember that a defendant is never to be convicted on mere suspicion or conjecture.

The burden is always upon the Government to prove guilt beyond a reasonable doubt. This burden never shifts to a defendant; for the law never imposes upon a defendant in a criminal case the burden or duty of calling any

witnesses or producing any evidence.

So if the jury, after careful and impartial consideration of all the evidence in the case, has a reasonable doubt that a defendant is guilty of the charge, it must acquit. If the jury views the evidence in the case as reasonably permitting either of two conclusions - one of innocence, the other of guilt - the jury should of course adopt the conclusion of innocence. However, if you are satisfied beyond a reasonable doubt that all elements of the charge have been proved, then you may find the defendant guilty.

### SIXTH:  THE ISSUES YOU ARE TO DECIDE IN THIS CASE

The Defendant is charged in the indictment with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(a)(2). One of two verdicts can be returned by you as to this charge. They are:  1) guilty, or  2) not guilty.

Specifically, the indictment charges that on or about November 13, 2009, at or near Duhring, McDowell County, West Virginia, and within the Southern district of West Virginia, the Defendant, Thomas Creighton Shrader did knowingly possess the following firearms, in and affecting interstate commerce:

a)      .22 caliber Winchester long rifle with scope;

b)      4/10-gauge Mossberg shotgun; and

c)      12-gauge Winchester shotgun

and at the time Defendant, Thomas Creighton Shrader, possessed the aforesaid firearms, he had been convicted of a crime punishable by a term of imprisonment

exceeding one year, as defined in 18 U.S.C. § 921(a)(20) in violation of title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

Before the Defendant can be convicted of the offense alleged in the indictment, you must find beyond a reasonable doubt that each of the elements set forth above existed at the same time. You may not find the Defendant guilty of the offense in the indictment if the evidence does not demonstrate that the elements occurred at the same time, even if you find that each of the elements occurred.

The indictment charges that the offense alleged in the indictment was committed "on or about" November 13, 2009. Although it is necessary for the Government to prove that the offense was committed on a date reasonably near the date alleged in the indictment, it is not necessary for the Government to prove that the alleged offense was committed precisely on the date charged.

The indictment charges that the offense in the indictment was committed "at or near" Duhring, McDowell County, West Virginia, and within the Southern District of West Virginia. Although it is necessary for the Government to prove that the offense was committed at a location reasonably near the location alleged in the indictment, it is not necessary for the Government to prove that the alleged offense was committed precisely at the location charged.

Section 922(g)(1) of Title 18 of the United States code provides, in pertinent part, that:

It shall be unlawful for any person –

. . . who has been convicted in any court of, a crime

*11*

punishable by imprisonment for a term exceeding one
year . . . to . . . possess in or affecting commerce, any
firearm . . ..

The phrase "crime punishable by imprisonment for a term exceeding one

year" generally means a crime which is a felony.

Here, the Defendant and the United States stipulate that the Defendant has

been previously convicted of a crime punishable by a term of imprisonment

exceeding one year; that is, a felony. Further, the United States and the Defendant

stipulate that the Defendant's civil right to possess a firearm has not been restored.

Based on that stipulation, you may accept it as proven beyond a reasonable doubt.

You are instructed that the United States, to prove that the Defendant

knowingly possessed the firearm, is not required to prove that the Defendant knew

he had been convicted of a felony, or that he knew that he was violating the law or

knew that the firearm affected interstate commerce. Rather, the United States must

prove beyond a reasonable doubt that the Defendant knowingly possessed a firearm.

"Knowingly" means voluntarily and intentionally and not because of mistake or

accident or other innocent reason.

The United States must prove beyond a reasonable doubt that the Defendant

did, in fact, have possession of the firearm named in the indictment.

The law recognizes two kinds of possession: actual possession and

constructive possession. A person who knowingly has direct physical control over

a thing, at a given time, is then in actual possession of it.

A person who, although not in actual possession, knowingly has both the

power and the intention, at a given time, to exercise dominion or control over a thing, either directly or through another person or persons, is then in constructive possession of it.

The law recognizes that possession may be sole or joint. If the Defendant alone has actual or constructive possession of a thing, that is sole possession. If the Defendant jointly with others shared actual or constructive possession of a thing, that is joint possession. Ownership is not conclusive as to the issue of possession. Another person's technical ownership of the firearms is not necessarily inconsistent with the Defendant's actual or constructive possession of those same firearms.

So, a Defendant may have constructive or joint possession of the firearms even if they are not in his immediate possession or control. To establish constructive or joint possession, the United States must produce either direct or circumstantial evidence showing beyond a reasonable doubt the Defendant's ownership, dominion, or control over the firearms themselves or the premises in which the firearms were located.

Evidence of the mere proximity of the firearms to Mr. Shrader may establish only the firearms' accessibility. However, the proximity of the firearms to Mr. Shrader may also help to establish dominion and control depending on the inferences you draw from the evidence presented in the case.

You may, but are not required to, infer constructive possession from the firearms being found in the Defendant's home.

13

You may find that the element of possession as that term is used in these instructions is present if you find beyond a reasonable doubt that the Defendant had, sole or joint, actual or constructive possession.

The term "firearm" means "(a) any weapon, (including a starter gun), which will, or is designed to, or may readily be converted to, expel a projectile by the action of an explosive; (b) the frame or receiver of any such weapon; (c) any firearm muffler or firearm silencer, or (d) any destructive device."

The United States must prove beyond a reasonable doubt that the Defendant's possession of the firearm was in or affecting commerce. "Commerce" means travel, trade, traffic commerce, transportation, or communication among the several states. You must determine whether possession of the firearm at the time and place alleged in the indictment had a demonstrated connection or link with interstate commerce.

The United States may meet its burden of proving that the possession of the firearm was in commerce or that it affected commerce by demonstrating beyond a reasonable doubt that the firearm had previously traveled or was possessed in interstate commerce. This may be established by showing that the weapon had moved at some time in interstate commerce; it is not necessary for the United States to prove that the Defendant had any connection with the interstate movement or even knew of it.

So, the Court instructs you, before you may find Mr. Shrader guilty of the offense charged in the indictment, you must find with respect to the charge, the following elements beyond a reasonable doubt.

FIRST – that Mr. Shrader had been convicted of a crime punishable by imprisonment for a term exceeding one year as alleged in the indictment,

SECOND – that such conviction had not been set aside or expunged and that Mr. Shrader's civil rights had not been restored for such conviction nor had he received a pardon or expungement for such conviction,

THIRD – that Mr. Shrader thereafter knowingly possessed the specific firearms charged in the indictment, and

FOURTH – that Mr. Shrader's possession was in or affecting commerce.

## SEVENTH:  THE JURY'S DUTY DURING DELIBERATIONS

In conducting your deliberations and returning your verdict, there are certain rules you must follow.

First, when you go to the jury room, you must select one of your members as your foreperson.  That person will preside over your discussions, and speak for you here in Court.

Second, it is your duty, as jurors, to discuss this case with one another in the jury room.  You should try to reach agreement if you can do so without violence to individual judgment, because a verdict -- whether guilty or not guilty -- must be unanimous.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinions if the discussions persuade you that

you should.  But do not come to a decision simply because other jurors think it is right, or simply to reach a verdict.  Remember at all times that you are not partisans – you are not in allegiance with the Government nor are you in allegiance with the Defendant.  You are judges, judges of the facts.

Third, if you need to communicate with me during your deliberations, you may send a note to me through the security officer, signed by your foreperson.  I will respond as soon as possible either in writing or verbally in open court.  Remember that you should not tell anyone -- including me -- how your votes stand numerically.

Fourth, your verdict must be based solely on the evidence and on the law which I have given to you in my instructions.  The verdict, whether guilty or not guilty, must be unanimous.  NOTHING I have said or done is intended to suggest what your verdict should be -- that is entirely for you to decide.

Finally, the verdict form is simply the written notice of the decision that you reach in this case.  You will take this form to the jury room, and when each of you has agreed on the verdict, your foreperson will fill in the form, sign and date it, and advise the security officer that you are ready to return to the courtroom and report your verdict.