**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BLUEFIELD DIVISION**

UNITED STATES OF AMERICA

v.                                                          **Criminal No. 1:09-0270**

THOMAS CREIGHTON SHRADER

## MEMORANDUM OPINION AND ORDER

Pending are the Objections to and Motions to Quash a Rule 17(c) Subpoena compelling Village Counseling Services to produce records in its possession pertaining to the medical and psychological/emotional conditions of DS and RS, alleged victims of Defendant's conduct as charged in violation of 18 U.S.C. § 2261A(2), and their treatment. (Document Nos. 148, 162 and 164.) Defendant has filed a Response. (Document No. 181.) DS has filed a Reply to Defendant's Response. (Document No. 226.) Having examined the Objections and Motions to Quash, Defendant's Response and DS's Reply, the Court will grant the Motions to Quash.

## FACTUAL AND PROCEDURAL BACKGROUND

On June 4, 2010, Defendant filed an *ex parte* Motion for Issuance of Rule 17(c) Subpoena. (Document No. 117.) Defendant requested the issuance of a Subpoena compelling Village Counseling Services in Houston, Texas, to produce records in its possession relating to the medical and psychological/emotional conditions and treatment of DS and RS, alleged victims in this matter, contending that the records are relevant with respect to the Section 2261A(2) requirement that the United States prove that Defendant's course of conduct caused DS and RS to experience substantial emotional distress. That same day, the Court filed an Order requiring the issuance of a Subpoena as Defendant requested (Document No. 118.), and the Clerk issued a Subpoena to Testify at a Hearing or Trial in a Criminal Case to the Custodian of Records of Village Counseling Services requiring

their appearance and production of the records on June 16, 2010 (Document No. 119.). The

Subpoena, taking language from Defendant's Motion (Document No. 117.) verbatim, required

Village Counseling Services' production of documents as follows:

> Any and all medical, psychological, counseling and therapeutic records in their
> possession relating to the medical diagnosis, treatment and prognosis of [DS] and/or
> [RS], including, but not limited to, counseling notes, tests performed and results
> thereof, treatment plans and evaluations.

It appears that on Tuesday, June 8, 2010, Mr. Patrick Kearns, an Investigator with the Office of the

Federal Public Defender, sent the Subpoena to the Records Custodian of Village Counseling

Services by Federal Express, and Village Counseling Services' Records Custodian, Ms. Nancy

Baker-Brown, received it on Thursday, June 10, 2010. (Document No. 146.)

On Tuesday, June 16, 2010, the Court received a telephone call from Mr. Matthew Ornstein,

an attorney with the Maryland Crime Victim Resource Center, Inc. [the Center], advising that the

Center was representing DS and RS and would be filing a Motion to Quash and Memorandum in

Support in their behalf as Federal Rule of Criminal Procedure 17(c)(3) allows. Also, on Tuesday,

June 16, 2010, the Court received a fax from Ms. Baker-Brown stating that the Subpoena "was not

actually served upon us by marshal, a deputy marshal, or any nonparty who is at least 18 years old,

and it was not accompanied by tender of a witness-attendance fee nor by the legal mileage

allowance." Ms. Baker-Brown further asserted that the records which are the subject of the

Subpoena are privileged and confidential and Village Counseling Services may not provide them

unless DS and RS allow it. By Order filed on June 16, 2010, the Court considered Ms. Baker-

Brown's letter to be Village Counseling Services' objection and request to quash the Subpoena and

2

ordered the Letter filed as a separately numbered document in the record of this case.[1] The Court further continued the Subpoena in full force and effect but vacated the requirement that Village Counseling Services provide the requested documents that day pending consideration of the issues which Ms. Baker-Brown raised in her letter and the Center would raise in DS's and RS's Motion to Quash. (Document No. 147.) The Court required the Center to file a Motion to Quash and Memorandum in Support by June 25, 2010, and allowed the United States and Defendant to file Responses by July 6, 2010, and Village Counseling Services and DS and RS to file Replies by July 16, 2010. (Id.)

On June 25, 2010, DS, represented by the Mr. Russell P. Butler of the Center and Robert M. Bastress, III, local counsel, filed an Objection to Issuance of Subpoena, or Alternatively, Motion to Quash Subpoena and Request for Hearing (Document No. 162.) and a Memorandum in Support (Document No. 163.) DS states in her Motion (Document No. 162.) as follows:

a.   Pursuant to the Federal Rules of Evidence, Rule 501, the privilege of a witness is governed by the principles of common law as interpreted by the courts of the United States in light of reason and experience.

b.   The Supreme Court of the United States, in *Jaffe v. Redmond*, 518 U.S. 1 (1996), recognized the existence of a federal privilege that protects professional counseling notes and conversations from compelled disclosure under Rule 501 of the Federal Rules of Evidence. *Id.* at 18.

c.   The subpoena issued to VCS seeks to disclose records, test results, and notes that are specifically related to DS' mental and emotional counseling, prognosis, and treatment; such information is subject to privilege under Rule 501 of the Federal Rules of Evidence.

d.   As the only information sought in the VCS Subpoena is privileged, and therefore wholly insulated from disclosure, the VCS Subpoena should be stricken or quashed.

e.   To the extent that any materials sought might not be privileged, Defendant must specifically articulate which non-privileged documents are sought; Defendant cannot simply conduct a 'fishing expedition' through DS'

---

[1] Ms. Baker-Brown's letter is Document No. 148.

privileged records.

DS asserts in her Memorandum in Support that she has a constitutional and statutory right of privacy in her psychological records citing decisions of the United States Supreme Court and other State and Federal Courts and 18 U.S.C. § 3771, the Crime Victims' Rights Act. (Document No. 163, pp. 1 - 3.) DS further asserts that in Jaffe v. Redmond, 518 U.S. 1, 116 S.Ct. 1923, 135 L.Ed.2d 337 (1996), the United States Supreme Court recognized the psychotherapist-patient privilege as protecting communications between a licensed psychotherapist and a patient against compelled disclosure under Federal Rule of Evidence 501 and therefore disclosure of records pertaining to her communications with a licensed professional counselor at VCS may not be compelled. (Id., pp. 3 - 6.) DS also contends that the Jaffe Court made it clear that the privilege is absolute and Courts may not therefore weigh a person's interest in maintaining the confidentiality of the records of her psychotherapist or counselor against the evidentiary need for their disclosure. (Id., pp. 6 - 7.) Finally, DS asserts that even if the privilege does not apply, Defendant has not proven the relevance and admissibility of the records and his request is overly broad. (Id., pp. 7 - 8.)

The United States also filed a Motion to Quash Defendant's Subpoena for Victim's Medical Records on June 25, 2010. (Document No. 164.) The United States raises essentially the same arguments as Ms. Baker-Brown and DS: failure of service of process upon VCS, the psychotherapist-patient privilege under Jaffe and DS' right to be "treated with fairness and with respect for the victim's dignity and privacy" under 18 U.S.C. § 3771(a)(8).

On July 6, 2010, Defendant filed his Response to DS's Objection to Issuance of Subpoena, or Alternatively, Motion to Quash Subpoena and Request for Hearing. (Document No. 181.) Defendant states that in November, 2009, RS spoke by telephone with and e-mailed FBI Special

Agent Rodriguez about the circumstances alleged as the basis for the charges against Defendant and Special Agent Rodriguez asked whether DS had mental health treatment or counseling because of Defendant. RS informed Special Agent Rodriguez that DS saw a doctor and was prescribed medication. Defendant asserts that (1) the Court may require Village Counseling Services to produce DS's counseling records with the assurance that his counsel will use the records in preparing to defend Defendant at trial and enter a protective order which would assure DS that her records would only be used for that purpose; (2) Defendant's Sixth Amendment rights to a fair trial and to confront witnesses against him override DS's psychotherapist-patient privilege as recognized in Jaffe; (3) DS waived the psychotherapist-patient privilege by assisting the United States in its prosecution of Defendant and discussing her mental and emotional condition and treatment with investigating agents; and (4) DS's counseling records are relevant to the Section 2261A(2) charges contained in Counts One and Two of the Second Superseding Indictment as the United States must prove that Defendant's conduct caused DS to experience substantial emotional distress and "[t]he mere testimony of DS and RS that they suffered substantial emotional distress, without any evidence of mental health treatment and counseling, is not enough to prove that they suffered *substantial* emotional distress, as required by the statute." (Emphasis in the Response). Defendant has attached a copy of e-mails between RS and Special Agent Rodriguez (Exhibit A) and a memorandum of FBI Special Agent Schwartz of his interview of DS during which she stated that she had psychiatric counseling over the years because of Defendant's conduct (Exhibit B.).

On July 16, 2010, DS filed a Reply to Defendant's Response to her Objection and Motion to Quash. (Document No. 226). DS urges that a hearing is necessary because her interests have not been adequately presented in earlier proceedings. DS disputes Defendant's contention that (1) the

Court may require Village Counseling Services to disclose her psychological records subject to a protective order; (2) her privilege against the disclosure of the records may be overridden by evidentiary need or Defendant's rights under the Sixth Amendment; (3) she waived her privilege by discussing her psychological/emotional response or reaction to Defendant's conduct with investigators and participating in these criminal proceedings; and (4) her psychological records are necessary to prove that she experienced "substantial emotional distress."

## DISCUSSION

Under Federal Rule of Criminal Procedure 17(c)(1), the Court may issue a subpoena requiring "the witness" to produce documents "in court before trial or before they are to be offered in evidence." Rule 17(c)(2) provides that "[o]n motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive." Rule 17(c)(3) applies to subpoenas duces tecum which request the production of documents which are personal and confidential to a victim from third parties. Rule 17(c)(3) provides:

> After a complaint, indictment, or information is filed, a subpoena requiring the production of personal and confidential information about a victim may be served upon a third party only by court order. Before entering the order and unless there are exceptional circumstances, the court must require giving notice to the victim so that the victim can move to quash or modify the subpoena or otherwise object.

The Fourth Circuit recently stated the standard for determining when a Rule 17 subpoena is "unreasonable or oppressive" in United States v. Caro, 597 F.3d 608, 620 (4th Cir. 2010), as follows:

> The Supreme Court has held that a Rule 17(c) subpoena is "unreasonable or oppressive" unless the party requesting it demonstrates:
>
> > (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the

> application is made in good faith and is not intended as a general 'fishing expedition.'

> *United States v. Nixon*, 418 U.S. 683, 699 - 700, 94 S.Ct. 3090, 41 L.Ed.2d 1039 (1974). Accordingly, a defendant seeking a Rule 17(c) subpoena 'must clear three hurdles: (1) relevancy; (2) admissibility; (3) specificity." *Id.* at 700, 94 S.Ct. 3090. We have emphasized that ' Rule 17(c) . . . is not a discovery device.' *Fowler*, 932 F.2d at 311 (citing *Bowman Dairy Co. v. United States*, 341 U.S. 214, 220, 71 S.Ct. 675, 95 L.Ed. 879 (1951).

In United States v. Richardson, 607 F.3d 357, 368 (4th Cir. 2010), the Fourth Circuit stated that

> A subpoena is unreasonable or oppressive if it is 'excessively broad' or 'overly vague.' *In re Grand Jury*, 478 F.3d at 584. In that vein a fundamental concern is that the subpoena duces tecum is not intended to provide a means of pretrial discovery; rather, its primary purpose is simply ' to expedite the trial by providing a time and place before trial for the inspection of subpoenaed materials. *Nixon*, 418 U.S. at 689 - 99, 94 S.Ct. 3090; *see Fowler*, 932 F.2d at 311 (rejecting criminal defendant's application for a subpoena duces tecum in that it 'was little more than a duplication of [his] discovery motion.').

"Generally, the need for evidence to impeach witnesses is insufficient to require its production [under Rule 17(c)] in advance of trial." United States v. Nixon, 418 U.S. 683, 701, 94 S.Ct. 3090, 3104, 41 L.Ed.2d 1039 (1974). Courts have often considered privileges and privacy interests in determining whether or not Rule 17(c) subpoenas should be quashed. United States v. Reyes, 239 F.R.D. 591, 598 (N.D.Cal. 2006)(attorney-client and work product privileges); United States v. Sutherland, 143 F.Supp.2d 609 (W.D.Va. 2001)(privacy interest in medical records); United States v. Haworth, 168 F.R.D. 660 (D.N.M. 1996)(Defendant's Sixth Amendment right to confront did not entitle them to records respecting a witness protected by the psychotherapist - patient privilege recognized in Jaffee.); see also United States v. Friedman, 854 F.2d 535, 570 (2nd Cir. 1988), cert. denied, 490 U.S. 1004, 109 S.Ct. 1637, 104 L.Ed.2d 153 (1989)(Affirming District's Court's quashing of Rule 17(c) subpoenas of the records of two psychiatrists who had treated a witness after

examining the records in camera.)[2]

Following the standard as stated in <u>Caro</u>, the undersigned first considers whether the subpoenaed counseling records are evidentiary or relevant. Defendant contends that they are evidentiary and relevant as the United States is required to prove that Defendant's course of conduct caused DS and RS to experience "substantial emotional distress". The phrase "substantial emotional distress" appears twice in Section 2261A(2) which provides as follows (emphasis added.):

> Whoever –
>
> * * *
>
> (2) with the intent –
> > (A)    to kill, injure, harass, or place under surveillance with intent to kill, injure, harass, or intimidate, or cause *substantial emotional distress* to a person in another State . . .; or
> > (B)    to place a person in another State . . . in reasonable fear of the death of, or serious bodily injury to –
> > > (i) that person;
> > > (ii) a member of the immediate family . . . of that person; or
> > > (iii) a spouse or intimate partner of that person;
>
> uses the mail, any interactive computer service, or any facility of interstate or foreign commerce to engage in a course of conduct that causes *substantial emotional distress* to that person or places that person in reasonable fear of the death of, or serious bodily injury to, any of the persons described in clauses (i) through (iii) of subparagraph (B);
>
> shall be punished as provided in section 2261(b) of this title.

The phrase as it appears for the second time requiring proof that a defendant's "course of conduct" caused "substantial emotional distress" is at issue in considering whether the Subpoena of records from Village Counsel Services should be quashed.[3] The phrase, however, cannot be read in isolation.

---

[2] "Federal privilege law controls in federal criminal proceedings." *United States v. White*, 342 F.Supp.2d 495, 498 (E.D.Va. 2004).

[3] 18 U.S.C. § 2266 states definitions of phrases in the statute, but the phrase "substantial emotional distress" is not defined.

Because of the word "or" which follows the phrase "substantial emotional distress to that person", whether a defendant's course of conduct caused a person to experience substantial emotional distress is only part of the equation.[4] The statute clearly anticipates that the United States may also obtain a conviction based upon proof that a defendant's course of conduct placed a person in reasonable fear of his or her death or serious bodily injury or the death or serious bodily injury of an immediate family member, spouse or intimate partner.[5] The question in the first place – before considering how the psychologist/patient privilege, privacy interests or the Crime Victims' Rights Act apply – is therefore whether Section 2261A(2) requires the United States to introduce evidence that an alleged victim actually sought psychological treatment in proving that the victim experienced substantial emotional distress or reasonable fear of death or serious bodily injury. The undersigned finds that it does not. Rather, the word "reasonable" in the second part of the equation is an indication that Congress intended that a jury would decide whether the victim experienced substantial emotional distress or fear of death or bodily injury from the testimony of an alleged victim and/or others about

---

[4] "Canons of construction ordinarily suggest that terms connected by a disjunctive be given separate meanings, unless the context dictates otherwise . . .." *Reiter v. Sonotone Corporation*, 442 U.S. 330, 339, 99 S.Ct. 2326, 2331, 60 L.Ed.2d 931 (1979). But as these phrases "substantial emotional distress" and "fear of death or serious bodily injury" stand separated by "or", nothing indicates that Congress intended that they are entirely separate and distinct concepts such that they must be proven in different ways. Taking them as they are reasonably understood, a Jury could conclude that they are synonymous and the "or" is therefore interpretive or explanatory.

[5] The United States charges in Counts One of the Second Superseding Indictment (Document No. 123.) that Defendant "did knowingly use a facility of interstate commerce to engage in a course of conduct that caused substantial emotional distress to DS *and* placed her in reasonable fear of the death of and serious bodily injury to herself, RS and her children . . .." (Emphasis added.) The United States states the same allegations respecting RS in Count Two. Thus, the United States charges in the conjunctive when the statute is written in the disjunctive. When a statute is worded in the disjunctive, the United States should charge in the conjunctive to inform the defendant fully of the charges against him, but the District Court should instruct the jury in the disjunctive. *United States v. Montgomery*, 262 F.3d 233, 242 (4th Cir. 2001).

a defendant's course of conduct and the victim's response(s) or reaction(s) to it. Nothing suggests that evidence that an alleged victim went for psychological counseling or the victim's psychological or counseling records must be introduced in proof of substantial emotional distress or fear of death or serious bodily injury. Indeed, evidence that an alleged victim sought psychological counseling may be completely lacking and circumstantial evidence alone may support such a finding. At least one other Federal Court has found in a Section 2261A(2) prosecution that the victim's testimony respecting his mental state as it was corroborated by the testimony of another witness was enough. United States v. Clement, 2010 WL 1812395, *2 (W.D.La.)(corroborated victim's testimony that fearing defendant he kept his children from playing outside and he and his wife slept in shifts at night was "sufficient evidence to believe that [victim] suffered substantial emotional distress or had a reasonable fear of death or serious bodily injury to himself or a member of his immediate family."); see also United States v. Bodkins, 2005 WL 2179987, *2 (W.D.Va.)(A Section 2261A(1) interstate stalking case in which the District Court determined that because the victim "would (or could) have observed the firearm pointed at his person before he was shot, . . . the jury could have reasonably found beyond a reasonable doubt that [the victim] did experience a reasonable fear of death or serious bodily injury.") State Courts have reached similar conclusions in stalking cases. State v. McCarthy, 294 Mont. 270, 276, 980 P.2d 629, 633 (1999)("The standard for determining whether a person has suffered emotional distress or reasonably apprehended bodily injury is that of a reasonable person under similar circumstances."); Snowden v. State, Del. Supr., 677 A.2d 33, 38 (1996)("Since the average person understands the meaning of substantial emotional distress, expert testimony is required neither for the juror's understanding nor by law."); State v. Askham, 120 Wash.App. 872, 883, 86 P.3d 1224, 1230 (2004)("We find no authority for the proposition that only

10

expert testimony can establish the reasonable person standard for emotional distress."); State v. Martin, 940 S.W.2d 6, 9 (Mo.App. W.D. 1997)(Medical evidence to prove that victim suffered substantial emotional distress unnecessary "when there is substantial credible evidence from other sources to support such a finding.") DS and RS may testify that Defendant's conduct caused them to do any number of things including take counseling and the jury will decide whether their actions in response or reaction to Defendant's conduct reasonably indicate that they experienced substantial emotional distress or fear of death or serious bodily injury. The undersigned concludes based upon the language of the statute that the subpoenaed counseling record are unnecessary as evidence that DS and RS experienced substantial emotional distress or reasonable fear of death or serious bodily injury. Defendant's request for them is therefore impermissible discovery in these criminal proceedings and unreasonable. Based upon the foregoing conclusion that the subpoenaed counseling records are unnecessary as evidence, the undersigned further concludes that Defendant is not hampered in preparing for trial without their production of them prior to trial. The undersigned notes that the United States has informed Defendant that DS had counseling and was treated. Defendant has sufficient information in this regard at this point to conduct an effective cross examination of DS. Thus, Defendant has not met the Nixon/Caro standard for maintaining the Rule 17(c) subpoena.

Respecting the application of the psychotherapist - patient privilege recognized in Jaffe which runs to admissibility under the Nixon standard, the undersigned notes that a Court has held that the privilege does not apply in a criminal prosecution to a witness's medical and psychological records as they might contain information which a defendant might use to impeach credibility. United States v. Mazzola, 217 F.R.D. 84, 88 (D.Mass. 2003)("Unlike the circumstances at issue in Jaffe, this case is a criminal prosecution involving the medical records of a key government witness.

11

The evidentiary benefit of allowing access to such medical records to defense counsel in order to effectively prepare and cross examine [the witness] is great. * * * Reason and experience caution against recognizing a blanket federal common law privilege for therapist records of an important government witness regarding therapy sessions temporally proximate to the criminal charges."); see also Bassine v. Hill, 450 F.Supp.2d 1182, 1185 - 1186 (D.Or. 2006)("[T]he federal psychotherapist-patient privilege does not preclude the discovery [of records of victim] sought in this [Section 2254] action."); Compare United States v. Haworth, 168 F.R.D. 660 (D.N.M. 1996)(Sixth Amendment right to confront did not override psychotherapist-patient privilege of witness). Defendant is not requesting the psychological records of DS and RS for purposes of impeaching their credibility, but even if he were, it is generally not appropriate to do so by means of a Rule 17(c) subpoena. The Court will therefore grant DS's and the United States Motions to Quash the Subpoena of records from Village Counseling Services.

Accordingly, it is hereby **ORDERED** that DS's and the United States' Motions to Quash the Subpoena of Village Counseling Service's  records (Document Nos. 162 and 164.) are **GRANTED**. The June 4, 2010, Subpoena (Document No. 119.) shall have no further validity.

The Clerk is requested to transmit and send a copy of this Order to counsel of record including Mr. Russell P. Butler of the Maryland Crime Victims' Resource Center, Inc., and Mr. Robert M. Bastress, III, and Ms. Nancy Baker-Brown at Village Counseling Services, 5311 Kirby Drive, Suite 204, Houston, Texas 77005.

ENTER: July 20, 2010.

R. Clarke VanDervort
United States Magistrate Judge