IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

**UNITED STATES OF AMERICA**

v.                                                                             Criminal No. 1:09-0270

**THOMAS CREIGHTON SHRADER**

### MEMORANDUM OPINION AND ORDER

Pending is Defendant's Motion to Elect. (Document No. 165.) Defendant contends that Counts One and Two of the Second Superseding Indictment (Document No. 123.) charging Defendant with violating 18 U.S.C. § 2261A(2) are multiplicitous and requests that the Court require the United States to elect which of the two it will proceed upon. Counts One and Two allege the same factual circumstances in charging Defendant with using a facility of interstate commerce to stalk DS (Count One) and RS (Count Two), husband and wife.[1] Citing the United States Supreme Court's decision in Ladner v. United States, 358 U.S. 169, 79 S.Ct. 209, 3 L.Ed.2d 199 (1958), Defendant asserts essentially that the "allowable unit of prosecution" under Section 2261A(2) is

---

[1] An Indictment was filed on December 2, 2009, charging Defendant with harassing DS, his girlfriend long ago and now married to RS, from 1975 when he murdered her mother and friend through October, 2009, when, having learned of DS's whereabouts, he sent an ominous 32 page letter to her by UPS as she resided in Texas thereby knowingly using a facility of interstate commerce causing her and her family emotional distress and fear of death or serious injury in violation of 18 U.S.C. § 2261A(2). (Document No. 15.) On January 20, 2010, a Two-Count Superseding Indictment was filed charging Defendant with violating 18 U.S.C. § 2261A(2) as charged in the Indictment (Count One) and possessing three firearms having been convicted of three felonies, two 1976 convictions for first-degree murder and a 1979 conviction for escape, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2)(Count Two). (Document Nos. 27 and 28.) On June 8, 2010, a Three-Count Second Superseding Indictment was filed charging Defendant with stalking DS by use of an interstate facility as charged in the Indictment and Superseding Indictment (Count One) and possessing firearms having been convicted of a felony as charged in the Superseding Indictment (Count Three) and adding the additional charge of stalking RS by use of an interstate facility in violation of 18 U.S.C. § 2261A(2) (Count Two) alleging the same course of conduct as alleged in charging Defendant with stalking DS in Count One. (Document No. 123.)

determined on the basis of the act or acts allegedly committed in violation of the statute, not the number of victims. Defendant states that "[t]he Government alleges the same use of an interstate facility in counts one and two of the Second Superseding Indictment as violating § 2261A(2), that is the sending of the Letter using UPS Ground to DS and RS's residence. The plain language of the statute makes clear that the 'allowable unit of prosecution' is the 'course of conduct' in which the defendant allegedly engaged by using a facility of interstate commerce. The Government cannot hold [Defendant] responsible twice for the same 'course of conduct.'" (Document No 165, pp. 3 - 4.) Defendant also contends that Section 2261A(2) is ambiguous and the rule of lenity therefore applies requiring the Court to Order the United States to elect.

The United States filed a Response to Defendant's Motion to Elect on July 19, 2010. (Document No. 228.) First, the United States asserts that the language of Section 2261A(2) indicates that "Congress clearly intended to define 'unit of prosecution' . . . in terms of a specific victim (i.e., 'the person') rather than more generally the 'course of conduct.'" The United States further asserts in view of the language of Section 2261A(2)(B)(I) through (iii), which makes conduct with the intent "to place a person in another State . . . in reasonable fear of the death of, or serious bodily injury to – (I) that person; (ii) a member of the immediate family . . . of that person; or (iii) a spouse or intimate partner of that person" illegal, that "Congress intended to broaden the group of persons protected by Section 2261A(2) beyond the 'victim' that may be the central focus of Defendant's harassing conduct. To construe the statute in a way that defines the unit of prosecution only as the 'course of conduct' would render subsections(I), (ii) and (iii) mere surplusage." Second, the United States contends that Counts One and Two are not multiplicitous because "conviction under both counts does not require proof of identical facts. Rather, to prove each count, the United States must

show the effect Defendant's course of conduct had on each 'person,' D.S. (Count One) and R.S. (Count Two)." The United States also contends that <u>Ladner</u> does not apply because in <u>Ladner</u> the Supreme Court determined that "Congress did not intend to punish a single shot as two separate crimes. Here, however, Congress has defined the offense as the effect Defendant's conduct has on a 'person'" and "the jury could conclude that Defendant committed separate, yet overlapping, courses of conduct." Finally, citing <u>United States v. Wilson</u>, 721 F.2d 967, 971 (4th Cir. 1983), the United States urges the Court to "defer ruling upon the Motion until after trial. Assuming Defendant is convicted on both counts, the Court can then reconsider the issue at sentencing with the benefit of full consideration of the evidence and record."

Defendant filed a Reply on July 23, 2010. (Document No. 238.) Defendant takes issue with the United States' assertion that Section 2261A(2) should be read to allow a unit of prosecution for each person who qualifies as a victim of the proscribed conduct. Rather, posing several hypotheticals, Defendant reiterates that the unit of prosecution is based upon the "course of conduct" language in the statute. Defendant distinguishes cases which the United States cited in its Response and addressing the United States' assertion with respect to the language of Section 2261A(2)(B)(I) through (iii), continues to maintain that the Supreme Court's decision in <u>Ladner</u> supports his claim. Defendant also cites 18 U.S.C. § 2264 which provides for restitution to victims of crimes stating that "[t]he crime alleged here is a 'course of conduct' engaged in by [Defendant]. A jury may find that the 'course of conduct' harmed more than one victim – DS and RS – each of whom may obtain restitution under § 2264(c). It does not follow that a separate charge must attach to each alleged victim just because more than one victim can receive restitution arising out of one criminal act."

3

**DISCUSSION**

An indictment is multiplicitous if it charges a single offense in two or more counts. "The signal danger in multiplicitous indictments is that the defendant may be given multiple sentences for the same offense; hence reversal is warranted if the defendant actually was convicted on multiplicitous counts and subjected to multiple punishments. Even where the defendant has suffered multiple convictions and faces multiple sentences, the appropriate remedy is to vacate all of them but one." United States v. Burns, 990 F.2d 1426, 1438 (4th Cir. 1993)(Reference to treatise omitted.) "Inquiries concerning whether two charges are actually the 'same offense' normally involve . . . an indictment which has charged multiple *statutory offenses* premised on the same conduct, and require us to look to whether each charged offense requires proof of some fact that the other does not require." United States v. Goodine, 400 F.3d 202, 207 (4th Cir. 2005)(Emphasis in decision). Conversely, "[i]t is well-settled that a defendant may be charged and prosecuted for the same statutory offense multiple times when each prosecution is based on discreet acts that each constitute a crime." Id., at 208. In the latter context, to determine if an indictment is multiplicitous, the Court must examine the statute, its legislative history and the statutory scheme for an indication of what Congress intended as the allowable unit of prosecution. United States v. Johnson, 612 F.2d 843, 845 - 846 (4th Cir. 1979)("The appropriate unit is determined by ascertaining congressional intent either from the text of the statute or its legislative history. If the statute prohibits continuous conduct, only one offense is committed even though the course of conduct persists over a long period of time. * * * If the statute proscribes distinct and separate acts, multiple prosecutions may be maintained even though the acts were committed in furtherance of the same criminal enterprise. * * * When

congressional intent concerning the unit of prosecution cannot be ascertained, lenity should prevail, and only one prosecution is permissible." (Citations omitted.))

Counts One and Two of the Second Superseding Indictment allege the very same circumstances as the basis for charging Defendant with violating Section 2261A(2). The only difference is that Count One names DS as the victim and Count Two names RS as the victim. Charges under the same statute deriving from the same conduct are not multiplicitous when they relate to different victims. Nor does Section 2261A(2) indicate any restriction. Section 2261A(2) provides as follows:

> Whoever –
>
> * * *
>
> (2) with the intent –
>
>     (A)    to kill, injure, harass, or place under surveillance with intent to kill, injure, harass, or intimidate, or cause substantial emotional distress to a person in another State . . .; or
>
>     (B)    to place a person in another State . . . in reasonable fear of the death of, or serious bodily injury to –
>         (I) that person;
>         (ii) a member of the immediate family . . . of that person; or
>         (iii) a spouse or intimate partner of that person;
>
> uses the mail, any interactive computer service, or any facility of interstate or foreign commerce to engage in a course of conduct that causes substantial emotional distress to that person or places that person in reasonable fear of the death of, or serious bodily injury to, any of the persons described in clauses (I) through (iii) of subparagraph (B);
>
> shall be punished as provided in section 2261(b) of this title.

Nothing in the statute remotely suggests that it applies broadly to delineate as a single unit of prosecution the proscribed course of conduct as it impacts all of those mentioned in Section 2261A(2)(B)(I) through (iii) and referenced thereafter together. Rather, Section 2261A(2) proscribes a course of conduct involving the use of an interstate facility with the intention of placing "a person

in another State . . . in reasonable fear of death or serious bodily injury[.]" Such "person" is referred to elsewhere in the statutory scheme as the "victim". "Victim" is defined at 18 U.S.C. § 2264 as "*the individual* harmed as a result of a commission of a crime under this chapter . . .." (Emphasis added.) The penalties specified for violating the statute as set forth at 18 U.S.C. § 2261(b) are more or less severe based for the most part upon the harm which results to "the victim." Considering the language of 18 U.S.C. § 2261A(2) and the statutory scheme[2], the undersigned finds that Congress intended that the "allowable unit of prosecution" be based upon the "person" or "victim" as defined. To the extent that a defendant's alleged single intention and course of conduct impacts two or more persons who may be among those mentioned in Section 2261A(2)(B)(I) through (iii) and referenced thereafter such that there are multiple victims, each may be an alleged victim as long as they are "in another State", and the subject of a separate count in an indictment. See United States v. Clement, 2010 WL 1812395 (W.D.La.)(trial upon two counts charging violation of 18 U.S.C. § 2261A(2) involving actions effecting husband and former wife.)[3] The undersigned concludes that Counts One and Two of the Second Superseding Indictment charging Defendant with conduct which caused DS and RS to experience substantial emotional distress and fear of death or serious bodily injury are not multiplicitous.

---

[2] The undersigned finds the Supreme Court's decision in *Ladner* helpful as it establishes the analytical framework for deciding this matter but not dispositive as it concerned a completely different statute with a completely different purpose.

[3] It is noteworthy that the Commentary to U.S.S.G. § 2A6.2 pertaining to stalking and domestic violence contemplates "[m]ultiple counts involving different victims . . .." *See also United States v. Stokes*, 347 F.3d 103, 105 - 106 (4th Cir. 2003)(In prosecution under 18 U.S.C. § 876, the Sentencing Guidelines authorize "an upward departure if a single threatening communication names two or more victims.")

It is therefore hereby **ORDERED** that Defendant's Motion to Elect (Document No. 165.) is **DENIED**.

The Clerk is directed to deliver a copy of this Memorandum Opinion and Order to counsel of record.

ENTER: July 26, 2010.

R. Clarke VanDervort
United States Magistrate Judge