IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

**UNITED STATES OF AMERICA**

v.                                                                                    Criminal No. 1:09-0270

**THOMAS CREIGHTON SHRADER**

**ORDER**

By Memorandum Opinion and Order filed on July 29, 2010 (Document No. 253.), the Court denied the United States' Motion for Early Production Pursuant to Rule 17(c)(1) of Documents by Attorney Phillip Scantlebury (Document No. 233.) as premature as the United States had not served Mr. Scantlebury with a Subpoena requiring him to produce the requested documents. The United States has filed its Second Motion for Early Production Pursuant to Rule 17(c)(1) of Documents by Attorney Phillip Scantlebury. (Document No. 254.) The United States states that FBI Special Agent Schwartz has now served a Subpoena Duces Tecum upon Mr. Scantlebury. The Court held a hearing upon the United States' Motion on Tuesday, August 10, 2010. Defendant opposed the Motion, and Mr. Scantlebury testified indicating that he opposed the United States' Motion and requested that the Subpoena be quashed. Mr. Scantlebury testified that he and Defendant have been friends since 2007 and Defendant did paralegal work for him for about eight months. Mr. Scantlebury testified that on the Thursday before Defendant was arrested (Thursday, November 12, 2009), Mr. Scantlebury met with Defendant at Mr. Scantlebury's office in Bluefield, West Virginia. Defendant gave Mr. Scantlebury a copy of a letter and a sealed envelope with "copy of letter" written on it. Defendant asked Mr. Scantlebury to call a local police officer to ask if a warrant had been issued for Defendant's arrest and, if not, request that the police officer let Mr. Scantlebury

know if and when a warrant was issued. Defendant was arrested on Friday, November 13, 2009, and asked Mr. Scantlebury to represent him in this matter. Mr. Scantlebury declined.

In United States v. Jones, 696 F.2d 1069, 1072 (4th Cir. 1982), the Fourth Circuit stated the test for determining whether the attorney-client privilege applies to communications between a person and an attorney as follows:

> The privilege applies only if (1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made (a) is a member of the bar of the court, or his subordinate and (b) in connection with this communication is acting as a lawyer; (3) the communication relates to an act of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of securing primarily either (I) an opinion of law or (ii) legal services or (iii) assistance in some legal proceeding, and not (d) for the purpose of committing a crime or tort; and (4) the privilege has been (a) claimed and (b) not waived by the client.

After Defendant allegedly sent the 32 page letter which is at issue in this matter to DS, Defendant delivered the requested documents to Mr. Scantlebury as Defendant was requesting Mr. Scantlebury's assistance in determining if a warrant for his arrest had issued and seeking Mr. Scantlebury's representation in this matter. It is evident that Defendant did so intending that Mr. Scantlebury hold the documents as confidential. Therefore, the attorney-client privilege applies to the documents. It is not evident that the crime-fraud exception to the attorney-client privilege applies or that Defendant waived the privilege particularly as it applies to whatever is in the sealed envelope which he delivered to Mr. Scantlebury.  Accordingly, the United States' Second Motion for Early Production Pursuant to Rule 17(c)(1) of Documents by Attorney Phillip Scantlebury (Document No. 254.) will be denied.

It is therefore hereby **ORDERED** that the United States' Second Motion for Early Production Pursuant to Rule 17(c)(1) of Documents by Attorney Phillip Scantlebury (Document No.

254.) is **DENIED**. The United States' Subpoena of Documents as served upon Mr. Scantlebury is quashed and shall have no further validity.

The Clerk is directed to transmit a copy of this Order to counsel of record.

ENTER: August 13, 2010.

                                                  R. Clarke VanDervort
                                                  United States Magistrate Judge