**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BLUEFIELD DIVISION**

UNITED STATES OF AMERICA,

          Plaintiff,

v.                                  CRIMINAL ACTION NO. 1:09-cr-00270

THOMAS CREIGHTON SHRADER,

          Defendant.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed Defendant's Objection to Order Denying Defendant's Motion to Elect [Docket 249]. After careful consideration, the Court overrules Defendant's objection, affirms the July 26, 2010, Memorandum Opinion [Docket 241] of United States Magistrate Judge R. Clarke VanDervort, and denies Defendant's Motion to Elect [Docket 165].

*I. Background and Procedural Posture*

Defendant currently faces two counts of stalking by use of interstate facility, in violation of 18 U.S.C. § 2261A(2) ("Section 2261(A)(2)"). In the first and superseding indictments filed against him, Defendant was charged with only one violation of Section 2261(A)(2), specifically, the alleged stalking of DS, a former girlfriend of Defendant. However, the second superseding indictment added an additional count against Defendant. Incorporating the details of Count One, Count Two alleges that Defendant also stalked RS, the husband of DS. On June 28, 2010, Defendant filed his

motion to elect, which argued that Counts One and Two are multiplicitous. Preliminary litigation over this matter occurred before United States Magistrate Judge R. Clarke VanDervort.

Section 2261A(2) provides that:

[w]hoever–
\*\*\*
(2) with the intent--
    (A) to kill, injure, harass, or place under surveillance with intent to kill, injure, harass, or intimidate, or cause substantial emotional distress to a person in another State or tribal jurisdiction or within the special maritime and territorial jurisdiction of the United States; or

    (B) to place a person in another State or tribal jurisdiction, or within the special maritime and territorial jurisdiction of the United States, in reasonable fear of the death of, or serious bodily injury to--

        (I) that person;
        (ii) a member of the immediate family . . . of that person; or
        (iii) a spouse or intimate partner of that person;

uses . . . any facility of interstate or foreign commerce to engage in a course of conduct that causes substantial emotional distress to that person or places that person in reasonable fear of the death of, or serious bodily injury to, any of the persons described in clauses (I) through (iii) of subparagraph (B);

shall be punished as provided in section 2261(b) of this title.

In his motion to elect, Defendant argued that the second superseding indictment is multiplicitous because the plain language of the statute makes clear that the allowable unit of prosecution is Defendant's alleged course of conduct. As Count Two simply incorporates Count One, Defendant argued that the United States is holding Defendant responsible twice for the same course of conduct. In support of his argument, Defendant cited *Ladner v. United States*, 358 U.S. 169 (1958). In that case, the defendant had wounded two officers from a single shotgun discharge, and was sentenced to a separate prison term for each officer's wounding. Holding that the defendant could have only been guilty of one assault, the Supreme Court stated that it could not "find that

Congress intended that a single act of assault affecting two officers constitutes two offenses under the statute," *id.* at 176, and that since the allowable unit of prosecution was ambiguous, the rule of lenity required reversal. *Id.* at 177-78. The Court also noted that interpreting [the relevant statute] to allow for "as many assaults committed as there are officers affected would produce incongruous results," since "the number of officers affected will have little bearing upon the seriousness of the criminal act." *Id.* at 177. Defendant then argued in the alternative that if the Court disagrees with Defendant as to the allowable unit of prosecution, Section 2261A(2) is ambiguous and the rule of lenity requires that this issue be resolved in his favor.

The United States disagreed in its response to Defendant's motion. It argued that the plain language of Section 2261A(2) defines the unit of prosecution in terms of the "person," as the provision forbids a course of conduct that causes substantial emotional distress to "that person" or places "that person" in reasonable fear of death or serious bodily injury to that person and the other certain individuals. According to the United States, Congress therefore intended to define the unit of prosecution in terms of a specific victim—the "person"—and not the course of conduct; Section 2261A(2) criminalizes not just the course of conduct but also the effect of the course of conduct on one or more persons. The United States further argued that since the structure of Section 2261A(2)(B)(I)-(iii) makes it illegal to place a person in reasonable fear of death or serious bodily injury to that person, that person's spouse, or that person's immediate family member, Congress intended to broaden the group of persons protected by Section 2261A(2) beyond the "victim" that is at the center of the Defendant's conduct. Therefore, according to the United States, construing the statute in a way that defines the unit of prosecution as the course of conduct would make subsections (I)-(iii) surplusage. Additionally, the United States argued that 18 U.S.C. § 2264(c)

3

("Section 2264") provides contextual support for its position. For restitution purposes, "victim" is defined in this provision as "the individual harmed as a result of a commission of a crime under this chapter." The United States argued that if DS and RS are victims under Section 2264, then Congress intended that the unit of prosecution in Section 2261A(2) is the "person." Finally, the United States argued that Counts One and Two are not multiplicitous because the proof of act under each count is not identical. It gives the example that the jury could convict Defendant under Count One for, in part, intending to cause DS substantial emotional distress, and under Count Two for, in part, placing RS in reasonable fear of death or serious bodily injury to DS. Citing to *United States v. Dixon*, 273 F.3d 636, 642 (5th Cir. 2001), the United States also distinguished the instant case from *Ladner* because it argues that Section 2261A(2) defines the offense as the effect that a defendant's conduct has on a "person." In the alternative, the United States argued that the Court should reserve ruling on Defendant's motion until sentencing, if Defendant is convicted, when the Court will have the evidence and record in the case.

Defendant disagreed with these assertions in his reply. He argued that the United States' theory would produce absurd results, such as a defendant who mails two letters to an elderly couple with the intent to harass receiving twice as much punishment as someone who placed a victim in reasonable fear of death or bodily injury with the intent to kill, or a defendant being exposed to hundreds of years of imprisonment due to sending a series of intimidating emails to every member of his high school class. He further argued that the United States' use of *Dixon* is inappropriate, as that case involved the robbery of two different victims where each robbery constituted a separate criminal act. Moreover, Defendant argued that subsections (I)-(iii) of Section 2261A(2) are not surplusage if the Court finds that the unit of prosecution is the course of conduct, since the recipient

4

of an interstate communication may fear death or serious bodily injury to an immediate family member, spouse, or intimate partner but not themselves personally.  In support, Defendant cited *Ladner* and presented hypotheticals when a defendant sends emails threatening the recipient's children.  He argued that the defendant's exposure cannot vary depending on the number of children that the recipient has.  Finally, Defendant argued that Section 2264 defines a victim for restitution purposes only and is not applicable to the unit of prosecution, and also argued that the Court should not defer a decision on this motion as Defendant would be prejudiced at trial.

In a memorandum opinion and order dated July 26, 2010, Magistrate Judge VanDervort denied Defendant's motion.  He found that

> Nothing in the statute remotely suggests that it applies broadly to delineate as a single unit of prosecution the proscribed course of conduct as it impacts all of those mentioned in Section 2261A(2)(B)(I) through (iii) and referenced thereafter together.  Rather, Section 2261A(2) proscribes a course of conduct involving the use of an interstate facility with the intention of placing "a person in another State . . . in reasonable fear of death or serious bodily injury[.]"  Such "person" is referred to elsewhere in the statutory scheme as the "victim".  "Victim" is defined at 18 U.S.C. § 2264 as "the individual harmed as a result of a commission of a crime under this chapter . . .."  (Emphasis added.)  The penalties specified for violating the statute as set forth at 18 U.S.C. § 2261(b) are more or less severe based for the most part upon the harm which results to "the victim."  Considering the language of 18 U.S.C. § 2261A(2) and the statutory scheme, the undersigned finds that Congress intended that the "allowable unit of prosecution" be based upon the "person" or "victim" as defined.  To the extent that a defendant's alleged single intention and course of conduct impacts two or more persons who may be among those mentioned in Section 2261A(2)(B)(I) through (iii) and referenced thereafter such that there are multiple victims, each may be an alleged victim as long as they are "in another State", and the subject of a separate count in an indictment.  *See United States v. Clement*, 2010 WL 1812395 (W.D. La.) (trial upon two counts charging violation of 18 U.S.C. § 2261A(2) involving actions effecting husband and former wife.)

(Docket 241 at 6).  In a footnote, Magistrate Judge VanDervort also noted that the Commentary to U.S.S.G. § 2A6.2, applicable to stalking cases, "contemplates '[m]ultiple counts involving different victims . . . . " *Id.* (citing U.S.S.G. § 2A6.2, application note 4).  He also cited to *United States v.*

*Stokes*, 347 F.3d 103, 105-06 (4th Cir. 2003), a 18 U.S.C. § 876(c)[1] case where the Fourth Circuit stated that a Guidelines provision authorized an upward departure if a single threatening communication named two or more victims.

Pursuant to Fed. R. Crim. P. 59(a) and 28 U.S.C. § 636(b)(1)(A), Defendant timely filed objections to Magistrate Judge VanDervort's ruling. This issue is now ripe for review.

## *II. ARGUMENT*

In his objection to Magistrate Judge VanDervort's order, Defendant realleges and reasserts his prior arguments, and also makes several specific responses. First, he states that the Guideline application note cited by Magistrate Judge VanDervort refers to cases where the defendant engaged in a separate course of conduct directed towards different victims. He also argues that the holding in *Stokes* is actually in his favor, as the Defendant in that case threatened several people in one letter but was convicted of only one charge of 18 U.S.C. § 876. Moreover, Defendant argues that while 18 U.S.C. § 876 also speaks of persons as victims, the unit of prosecution is the mailing of the threatening communication; Defendant argues that the same charging principle applies in this case.

## *III. APPLICABLE LAW*

Multiplicity is "invariably related to scenarios where the defendant has been convicted of one or more counts that are actually a single offense charged multiple times." *United States v.*

---

[1] 18 U.S.C. § 876(c) provides that "[w]hoever knowingly so deposits or causes to be delivered as aforesaid, any communication with or without a name or designating mark subscribed thereto, addressed to any other person and containing any threat to kidnap any person or any threat to injure the person of the addressee or of another, shall be fined under this title or imprisoned not more than five years, or both."

*Goodine*, 400 F.3d 202, 207 n.7 (4th Cir. 2005). An indictment is multiplicitous if it charges a single offense in several counts. "The signal danger in multiplicitous indictments is that the defendant may be given multiple sentences for the same offense; hence reversal is warranted if the defendant actually was convicted on multiplicitous counts and subjected to multiple punishments. Even where the defendant has suffered multiple convictions and faces multiple sentences, the appropriate remedy is to vacate all of them but one." *United States v. Burns*, 990 F.2d 1426, 1438 (4th Cir. 1993) (internal citations omitted.). "Inquiries concerning whether two charges are actually the 'same offense' . . . require us to look to whether each charged offense requires proof of some fact that the other does not require." *Goodine*, 400 F.3d at 207 (emphasis in original). Reliance by the United States on the same evidence to prove each count does not create multiplicity in and of itself, as "innumerable inferences can be drawn from the same set of facts." *United States v. Tedder*, 801 F.2d 1437, 47 (4th Cir. 1986).

A court must examine the language of a statute to determine the allowable unit of prosecution under a statute; "[t]he 'first criterion in the interpretive hierarchy [is] a natural reading of the full text.'" *United States v. Dunford*, 148 F.3d 385, 389 (4th Cir.1998). Legislative history, if available, may also reveal legislative intent. *See United States v. Johnson*, 612 F.2d 843, 845 (4th Cir. 1979). If the Court finds that the statute is ambiguous as to the unit of prosecution, the rule of lenity dictates that the ambiguity be resolved in the defendant's favor. *Dunford*, 148 F.3d at 390.

The Fourth Circuit has addressed multiplicity on several occasions. *See, e.g., Goodline*, 400 F.3d at 208-09 (separate charges under 18 U.S.C. § 922(g) not multiplicitous where the pistol and bullet underlying the two counts were seized at different times and in different locations); *United States v. Shorter*, 328 F.3d 167, 173 (4th Cir. 2003) (district court properly merged duplicative

counts into a single conviction; any possible ambiguity in the judgment, which had stated that the counts were merged for sentencing purposes, was avoided by the fact that the judgment reflected the imposition of only a single special assessment.); *United States v. Bennafield*, 287 F.3d 320, 322-24 (4th Cir.2002) (finding that 18 U.S.C. § 844(a) does not unambiguously provide that simultaneous possession of multiple packages of cocaine base in close proximity to one another constitutes multiple crimes, and therefore vacating one of the defendant's two convictions under that statute); *United States v. Colton*, 231 F.3d 890, 910 (4th Cir.2000) (vacating two of three bank fraud convictions, as the acts charged in the indictment as separate executions of the defendants' scheme were planned or contemplated together and were integrally related); *Dunford*, 148 F.3d at 388-90 (holding that a defendant may not be convicted of multiple offenses under 18 U.S.C. § 922(g) on the basis that he belonged to more than one prohibited class or that he simultaneously possessed more than one firearm).

## *IV. DISCUSSION*

The Court finds that Counts One and Two are not multiplicitous. Upon a reading of the text of Section 2261A(2), the Court finds that the provision defines the unit of prosecution as the "person" and is also not ambiguous. First, nothing in the plain language of Section 2261A(2) suggests that a course of conduct is the unit of prosecution. Next, the Court finds that the focus in the *actus reus* paragraph of Section 2261A(2) on the "person" and/or his or her immediate family, spouse, or intimate partner clearly indicates that the "person" is the unit of prosecution. The text of Section 2261A(2) indicates that the criminal act is not just the course of conduct, but also the impact of the course of conduct on the "person." Without the requisite emotional distress or fear by the "person," a defendant's course of conduct alone will not allow for a conviction under Section

2261A(2). Moreover, as the United States notes, the list of individuals indicates that Congress intended not only to protect the individual at the center of a defendant's course of conduct, but all his or her loved ones. The Court finds this further indicates that the "person" is the unit of prosecution. Consideration of provisions related to Section 2261A(2) also show that the "person" is the unit of prosecution. For restitution purposes, "victim" is defined at 18 U.S.C. § 2264 as "the individual harmed as a result of a commission of a crime under this chapter," and the penalties set forth under 18 U.S.C. § 2261(b) largely depend on the injury suffered by the "victim."

Finally, an important distinction between the instant case and Defendant's hypothetical cases where multiplicity has been found, and the statute at issue in *Stokes* is that Section 2261A(2) allows for the possibility of multiple convictions via proof of some fact that the other counts do not require. Section 2261A(2)(A) & (B) provide for two different *mens rea* on the part of a defendant, and the *actus reus* paragraph of Section 2261(A)(2) provides for two different forbidden outcomes —substantial emotional distress or fear of death or serious bodily injury—that apply to the person and, in the case of fear of death or serious bodily injury, that person's fear for his or her immediate family, spouse, or intimate partner. Given the multiple pathways for the United States to obtain a conviction under Section 2261A(2) and since "innumerable inferences can be drawn from the same set of facts," *Tedder*, 801 F.2d at 47, Counts One and Two are not multiplicitous.

## V. CONCLUSION

For the reasons stated above, the Court **OVERRULES** Defendant's Objection to Order Denying Defendant's Motion to Elect [Docket 249]**, AFFIRMS** Magistrate Judge VanDervort's July 26, 2010, Memorandum Opinion [Docket 241], and **ORDERS** the Motion to Elect [Docket 165] **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the United States Marshal.

ENTER: August 16, 2010

IRENE C. BERGER, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA