IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                         CRIMINAL ACTION NO. 1:09-cr-00270

THOMAS CREIGHTON SHRADER,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed Defendant's Objection to Memorandum Opinion and Order Denying Defendant's Motion to Strike Prejudicial Surplusage [Docket 131]. After careful consideration, the Court overrules Defendant's objection and affirms the June 2, 2010, Memorandum Opinion and Order by United States Magistrate Judge R. Clarke VanDervort [Docket 112].

*I. BACKGROUND AND ARGUMENT*

In his motion to strike prejudicial surplusage, Defendant argued that, pursuant to Fed. R. Crim. P. 7(d), paragraphs one through eleven of the superseding indictment[1] against him be stricken as surplusage not being relevant to the charge against him, inflammatory, and prejudicial. The United States disagreed in its response. It argued that the paragraphs at issue can only be stricken if the language therein is both irrelevant and prejudicial. It further argued that paragraphs one

---

[1] On June 8, 2010, a second superseding indictment was filed against Defendant; however, the second superseding indictment does not moot Defendant's motion.

through eleven are relevant as they establish Defendant's course of conduct,[2] and that they are not prejudicial because the letter by Defendant that instigated the instant case references the conduct alleged in those paragraphs.  Defendant, in reply, argued that the United State's interpretation of "course of conduct" is overly expansive and not supported by law, and that 18 U.S.C. § 2261A(2) requires that a defendant's "course of conduct" must include two or more uses of a facility of interstate commerce.  He further argued that the United States' interpretation of "course of conduct" is overbroad and vague; that the United States should be required to prove beyond a reasonable doubt each and every allegation set forth in the superseding indictment; and that paragraphs one through eleven constitute extra-judicial comments by a prosecutor.  Magistrate Judge VanDervort denied Defendant's motion, finding that the United States does not have to prove that Defendant's course of conduct included two or more uses of a facility of interstate commerce and that paragraphs one through eleven should not be stricken from the superseding indictment since they are relevant.

Pursuant to Fed. R. Crim. P. 59(a) and 28 U.S.C. § 636(b)(1)(A), Defendant timely filed an objection to Magistrate Judge VanDervort's ruling that incorporated his earlier arguments.  This issue is now ripe for review.

## *II. APPLICABLE LAW*

Fed. R. Crim. P. 7(d) provides that "[u]pon the defendant's motion, the court may strike surplusage from the indictment or information."  "'[A] motion to strike surplusage from the indictment should be granted only if it is clear that the allegations are not relevant to the charge and are inflammatory and prejudicial.'  *United States v. Rezaq*, 134 F.3d 1121, 1134 (D.C. Cir. 1998)

---

[2] The statute that Defendant is charged under, 18 U.S.C. § 2261A(2), requires, in relevant part, that the United States prove that Defendant used a facility of interstate or foreign commerce to engage in a course of conduct.

(internal alteration and quotations marks omitted); *see also United States v. Hedgepeth*, 434 F.3d 609, 612 (3d Cir. 2006) ('Information that is prejudicial, yet relevant to the indictment, must be included for any future conviction to stand and information that is irrelevant need not be struck if there is no evidence that the defendant was prejudiced by its inclusion.')." *United States v. Williams*, 445 F.3d 724,733-34 (4th Cir. 2006).

*III. DISCUSSION*

The Court finds that paragraphs one through eleven of the superseding indictment are not surplusage and, therefore, should not be stricken. They are relevant as to the course of conduct that the United States must prove, and are not prejudicial because, as the United States has pointed out, the jury will independently learn of the content of those paragraphs through the admission of Defendant's alleged letter.

The Court has previously found Defendant's arguments regarding the course of conduct to be incorrect, and will not address those arguments again here. Moreover, research reveals that Defendant's argument that the United States should be required to prove beyond a reasonable doubt each and every allegation set forth in the superseding indictment is not supported by law. The Court has found no case law which holds that such a requirement has been applied to a speaking indictment. Finally, the Court finds that the paragraphs challenged by Defendant do not constitute extra-judicial commentary by the prosecutor. Accordingly, the Court overrules Defendant's objections and affirms Magistrate Judge Vandervort's Memorandum and Opinion.

*IV. CONCLUSION*

For the reasons stated above, the Court **AFFIRMS** Magistrate Judge VanDervort's June 2, 2010, Memorandum Opinion [Docket 112], and **ORDERS** Objection to Memorandum Opinion and Order Denying Defendant's Motion to Strike Prejudicial Surplusage [Docket 131] **OVERRULED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the United States Marshal.

ENTER:   August 16, 2010

_____
IRENE C. BERGER, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA