

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

FILED
AUG 2 4 2010
TERESA L. DEPPNER, CLERK
U.S. District Court
Southern District of West Virginia

UNITED STATES OF AMERICA

V.                                    CRIMINAL NO.  1:09-cr-00270

THOMAS CREIGHTON SHRADER

## COURT'S CHARGE TO THE JURY

Ladies and gentlemen of the jury:

At the outset, I want to thank you for your undivided attention throughout the trial, your care in the consideration of the testimony and exhibits, your patience and understanding when delays were necessary, and your promptness in attending court.

You have now heard and seen all of the evidence which you may properly consider in determining the facts of the case, and the guilt or innocence of the defendant as determined by those facts and the law. At this stage in a trial, I am required to state and explain to the jury the law which applies to the case. This statement as to the law of the case is known as a charge, and is presented in the form of instructions. Each instruction is as important as any other. You should draw no inference from the order, language or manner in which these instructions are read. Do not pick out any one statement or instruction and ignore other instructions or parts of instructions. Consider and apply these instructions together

as a whole.

### FIRST: THE DUTY OF THE JUDGE, THE JURY AND THE ATTORNEYS

The functions of the judge, the jury and the attorneys in a case are quite different. It is the duty of the judge to determine and state the law of the case, preside over the trial, and conform each portion to the law.

It is the duty of the jury to impartially determine the facts of the case from all of the evidence. Your oath as a juror requires you to accept and apply the law as stated in these instructions to the facts determined by you from all the evidence. You must not change the law or apply your own idea of what you think the law should be.

It is the duty of the attorneys to present their case, the law to the judge, and the facts to the jury; and, in argument, to relate the law to the facts, and thus assist the jury in determining the guilt or innocence of the defendant.

### SECOND: WHAT IS EVIDENCE?

You are to determine the facts of this case from the evidence alone. The "evidence" always consists of the sworn testimony of all the witnesses, all exhibits received in evidence, all stipulations and all matters of which I took judicial notice. A stipulation is an agreement among the parties that a certain fact is true. When the attorneys on both sides stipulate or agree as to the existence of a fact, you may accept the stipulation as evidence and regard that fact as proven. However, you are not required to do so, since you are the sole judge of the facts. When the Court declares that it has taken judicial notice of some fact or event, you may accept the

Court's declaration as evidence and regard as conclusively proven the fact or event which has been judicially noticed, and weigh it along with other evidence in the case. You are not required to accept such facts, however, since, again, you are the sole judge of the facts.

You must carefully and impartially consider the testimony of every witness and all exhibits, and not disregard or overlook any testimony, witness, exhibit or evidence; you must not permit yourself to be influenced by sympathy, bias, passion, prejudice or public sentiment for or against the Defendant or the Government. Both the Defendant and the public expect that you will carefully and impartially consider all the evidence in the case, follow the law as stated by the Court, and reach a just verdict, regardless of the consequences.

Generally speaking, there are two kinds of evidence from which you may find the truth as to the facts of a case -- direct and circumstantial evidence. Direct evidence of a fact to be proved is usually the testimony of the witness who saw, heard or otherwise experienced the fact. Circumstantial evidence is where one fact or a chain of facts gives rise to a reasonable inference of another fact. If one fact or group of facts, on the basis of common sense and common experience, leads you logically and reasonably to infer other facts, then this is circumstantial evidence. Circumstantial evidence is no less valid and no less weighty than direct evidence provided that the inferences drawn are logical and reasonable. In a criminal case where a defendant's state of mind is at issue, where there are questions of what the defendant intended or what his purpose was, circumstantial evidence is often an

important means of proving what the state of mind was at the time of the events in question. Sometimes it is the only means of proving state of mind.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. Nor is a greater degree of certainty required of circumstantial evidence than of direct evidence. Do not be concerned about whether evidence is 'direct evidence' or 'circumstantial evidence.' You should consider and weigh all of the evidence that was presented to you.

You are to consider only the evidence presented, and you may not guess or speculate as to the existence of any facts. But in your consideration of the evidence, you are not limited to the bald statements of the witnesses. In other words, you are not limited solely to what you see and hear as the witnesses testify. You are permitted to draw, from facts which you find have been proved, such reasonable inferences as you feel are justified in the light of your own experience, reason and common sense.

The indictment in this case is only an accusation or charge against the Defendant, and is not any evidence of guilt whatsoever. Further, the Defendant, Thomas Creighton Shrader, is not on trial for any act or conduct not alleged in the indictment.

You have heard testimony that Thomas Shrader made one or more statements. It is for you to decide (1) whether the Defendant made the statement(s), and (2) if so, how much weight to give to the statement(s). In making those decisions, you should consider all of the evidence about the statement(s), including

the circumstances under which the Defendant may have made it.

Nothing said or done by the attorneys who have tried this case is to be considered by you as evidence of any fact. The opening statements and final arguments of counsel are intended to help you in understanding the evidence and applying the law to the evidence, but they are not themselves evidence. Accordingly, if any argument, statement or remark of counsel is not based upon the evidence or the law as stated in these instructions, then you should disregard that argument, statement or remark.

Nothing that I have said or done at any time during the trial is to be considered by you as evidence of any fact or as indicating any opinion concerning any fact; the "credibility of any witness;" the "weight of any evidence;" or, the guilt or innocence of the defendant. Neither by these instructions, nor by any ruling or remark which I have made or will make, have I meant or do I mean to indicate any opinion as to the facts of this case. The facts are for you, the jury to decide.

Anything you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.

### THIRD:  WHAT YOU CONSIDER IN DETERMINING THE "CREDIBILITY OF THE WITNESSES" AND THE "WEIGHT OF THE EVIDENCE"

During your deliberations, you should carefully consider the testimony of each and every witness, and not disregard or overlook any testimony, witness or evidence. Now, in saying that you must consider all of the evidence, I do not mean that you must accept all of the evidence as true or accurate. You, as jurors, are the

sole judges of the "credibility of a witness" and the "weight of the evidence." The "credibility of a witness" means the truthfulness of the witness and the "weight of the evidence" means the extent to which you are or are not convinced by the evidence.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause the jury to discredit such testimony. Two or more persons witnessing an incident may see or hear it differently; and innocent misrecollection, like failure of recollection, is not an uncommon experience. In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

The testimony of a witness may be discredited or impeached by showing that he or she previously made statements that are inconsistent with his or her present testimony. It is the province of the jury to determine the credibility, if any, to be given the testimony of a witness who has been shown to have given a prior inconsistent statement or is impeached.

The number of witnesses testifying on one side or the other of an issue is not alone the test of the "credibility of the witnesses" and the "weight of the evidence." If warranted by the evidence, you may believe one witness against a number of witnesses testifying differently. The tests are: How truthful is the witness, and how convincing is his or her evidence, and which witnesses and which evidence appeals to your minds as being most accurate, and otherwise trustworthy, in the light of all

the evidence and circumstances shown.

In determining the "credit" and "weight" you will give to the testimony of any witness who has testified, you may consider, among other things, if found by you from the evidence:

1) his or her good memory, or lack of memory;

2) the interest or lack of interest of the witness in the outcome of the trial;

3) the relationship of any witness to any of the parties or other witnesses;

4) his or her demeanor and manner of testifying;

5) his or her opportunity and means or lack of opportunity and means of having knowledge of the matters concerning which he or she testified;

6) the reasonableness or unreasonableness of his or her testimony;

7) his or her apparent fairness or lack of fairness;

8) the intelligence or lack of intelligence of the witness;

9) the bias, prejudice, hostility, friendliness or unfriendliness of the witness for or against any of the parties;

10) contradictory statements of any witness, if you believe from the evidence that such were made by the witness (either during trial or before trial) and that the same are contradictory of his or her testimony; however, contradictory statements, if any, may not be considered by the jury to establish the truth of such statements;

11) contradictory acts of any witness, if you believe that such were committed by the witness, and that they were contradictory of his or

her testimony.

From these considerations and all other circumstances appearing from the evidence, you may give to the testimony of the witness such "credit" and "weight" as you believe it deserves. Further, the Court instructs you that you are not required to accept testimony, even though the testimony is uncontradicted and the witness is not impeached. You may decide, because of the witness' bearing and demeanor, or because of the inherent improbability of his or her testimony, or for other reasons sufficient to you, that such testimony is not worthy of belief. During this trial, you have heard the testimony of a law enforcement officer. The testimony of a law enforcement officer should be considered in the same way and judged as to credibility and weight as the testimony of any other witness.

If you believe that any witness in this case has knowingly testified falsely as to any material or important fact, you may, after considering and weighing the testimony of such witness, disregard all of the testimony of such witness, or give it or any part thereof, such "credit" and "weight" as you believe it deserves.

The Defendant, Thomas Creighton Shrader, has exercised his right to remain silent in this case. The Constitution of the United States gives a defendant an absolute and inalienable right to choose to remain silent, and the exercise of this right cannot be held against the defendant or in any way affect the outcome of his trial. Thus, in your deliberations, you may not draw any inferences from the defendant's decision not to testify, you cannot conclude that his decision is even remotely indicative of guilt, and you must not speculate what his testimony might

have been or why he chose not to be a witness or give evidence.

## FOURTH: THE BURDEN OF PROOF

The law presumes a defendant to be innocent of crime. Thus a defendant, although accused, begins the trial with a "clean slate" with no evidence against him. And the law permits nothing but legal evidence presented before the jury to be considered in support of any charge against the accused. So the presumption of innocence alone is sufficient to acquit a defendant, unless the jurors are satisfied beyond a reasonable doubt of the defendant's guilt after careful and impartial consideration of all the evidence in the case.

The jury will remember that a defendant is never to be convicted on mere suspicion or conjecture.

The burden is always upon the Government to prove guilt beyond a reasonable doubt. This burden never shifts to a defendant; for the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

So if the jury, after careful and impartial consideration of all the evidence in the case, has a reasonable doubt that a defendant is guilty of the charge, it must acquit. If the jury views the evidence in the case as reasonably permitting either of two conclusions - one of innocence, the other of guilt - the jury should of course adopt the conclusion of innocence. However, if you are satisfied beyond a reasonable doubt that all elements of the charge have been proved, then you may find the defendant guilty.

## FIFTH:  THE ISSUES YOU ARE TO DECIDE IN THIS CASE

The Defendant is charged in Count One and Count Two of the indictment with Stalking by Use of Interstate Facility in violation of 18 U.S.C. § 2261A(2).

Specifically, Count One of the indictment charges that on or about October 26, 2009, in or near Bluefield, Mercer County, West Virginia, and within the Southern District of West Virginia, with the intent (1) to harass, intimidate and cause substantial emotional distress to, and (2) to place Dolores Stanley in reasonable fear of the death of, and serious bodily injury to, her, Ralph Stanley and her children, the Defendant, Thomas Creighton Shrader, did knowingly use a facility of interstate commerce to engage in a course of conduct that caused substantial emotional distress to Dolores Stanley and placed her in reasonable fear of the death of and serious bodily injury to herself, Ralph Stanley and her children.

Count Two of the indictment charges that on or about October 26, 2009, in or near Bluefield, Mercer County, West Virginia, and within the Southern District of West Virginia, with the intent (1) to harass, intimidate and cause substantial emotional distress to, and (2) to place Ralph Stanley in reasonable fear of the death of, and serious bodily injury to, him, Dolores Stanley and his children, the Defendant, Thomas Creighton Shrader, did knowingly use a facility of interstate commerce to engage in a course of conduct that caused substantial emotional distress to Ralph Stanley and placed him in reasonable fear of the death of and serious bodily injury to himself, Dolores Stanley and his children.

One of two verdicts may be returned by you as to each count of the indictment

They are: 1) Guilty, or  2) Not guilty.

A separate crime or offense is charged in each count of the indictment. Each charge and the evidence pertaining to it should be considered separately. The fact that you may find the accused guilty or not guilty as to one of the offenses charged should not control your verdict as to the other charged offense.

Title 18, United States Code, Section 2261A(2), provides, in pertinent part, that:

> Whoever –
>
> > with the intent to –
> >
> > > (A)  . . . harass, or intimidate, or cause substantial emotional distress to a person in another state; or
> > >
> > > (B)  to place a person in another state . . . in reasonable fear of the death of, or serious bodily injury to --
> > >
> > > > (I)   that person;
> > > > (Ii)  a member of the immediate family of that person; or
> > > > (Iii)a  spouse or intimate partner of that person;
> >
> > uses the mail . . . or a facility of interstate . . . commerce to engage in a course of conduct that causes substantial emotional distress to that person or places that person in reasonable fear of the death of, or serious bodily injury to, that person, that person's immediate family members, or that person's spouse or intimate partner,

[shall be guilty of a felony offense against the United States].

With respect to Count One, for you to find Thomas Shrader guilty of the use of interstate facilities to engage in stalking, you must be convinced that the Government has established beyond a reasonable doubt:

11

FIRST: That on or about October 26, 2009, Dolores Stanley and Thomas Shrader were in different states;

SECOND: That Thomas Shrader used a facility of interstate commerce, that is, caused a thirty-two (32) page letter to be delivered via UPS Ground from West Virginia to the home of Dolores Stanley and Ralph Stanley in Texas;

THIRD: That Thomas Shrader engaged in a course of conduct with the intent to harass, intimidate, or cause substantial emotional distress to Dolores Stanley or place Dolores Stanley in reasonable fear of the death of or serious bodily injury to herself, Ralph Stanley and her children; and

FOURTH: That as a result of Thomas Shrader causing a thirty-two (32) page letter to be sent to Dolores Stanley's residence via UPS Ground, Dolores Stanley suffered substantial emotional distress or was placed in reasonable fear of the death of or serious bodily injury to herself, or a member of her immediate family, or her spouse.

To establish the fourth element, the Government must prove that Thomas Shrader's conduct caused Dolores Stanley to actually suffer emotional distress or that an ordinary and reasonable person in Dolores Stanley's position would have been in fear of death or serious bodily injury to herself, her immediate family or her spouse.

If you find from your consideration of the evidence that any one of these elements has not been proven beyond a reasonable doubt, then you should find Thomas Shrader not guilty of Count One. However, if you find that all of these

elements have been proven beyond a reasonable doubt, then you must find the Defendant, Thomas Shrader, guilty of Count One of the indictment.

With respect to Count Two, for you to find Thomas Shrader guilty of the use of interstate facilities to engage in stalking, you must be convinced that the Government has established beyond a reasonable doubt:

FIRST: That on or about October 26, 2009, Ralph Stanley and Thomas Shrader were in different states;

SECOND: That Thomas Shrader used a facility of interstate commerce, that is, caused a thirty-two (32) page letter to be delivered via UPS Ground from West Virginia to the home of Dolores Stanley and Ralph Stanley in Texas;

THIRD: That Thomas Shrader engaged in a course of conduct with the intent to harass, intimidate, or cause substantial emotional distress to Ralph Stanley or place Ralph Stanley in reasonable fear of the death of or serious bodily injury to himself, Dolores Stanley and his children; and

FOURTH: That as a result of Thomas Shrader causing a thirty-two (32) page letter to be sent to Dolores Stanley and Ralph Stanley's residence via UPS Ground, Ralph Stanley suffered substantial emotional distress or was placed in reasonable fear of the death of or serious bodily injury to himself, or a member of his immediate family, or his spouse.

To establish the fourth element, the Government must prove that as a result of Thomas Shrader's conduct, Ralph Stanley actually suffered substantial emotional distress or an ordinary and reasonable person in Ralph Stanley's position would

have been in fear of death or serious bodily injury to himself, his immediate family or his spouse.

If you find from your consideration of the evidence that any one of these elements has not been proven beyond a reasonable doubt, then you should find Thomas Shrader not guilty of Count Two. However, if you find that all of these elements have been proven beyond a reasonable doubt, then you must find the Defendant, Thomas Shrader, guilty of Count Two of the indictment.

The term "uses any facility in interstate commerce" means employing or utilizing any method of communication or transportation between one state and another. The term "any facility in interstate commerce," for example, includes the use of the mails, United Parcel Service, Federal Express, or any other courier service.

It is not necessary for the United States to prove that any use of a facility in interstate commerce was contemplated or planned at the time that the course of activity began or that the Defendant knew that he was actually using a facility in interstate commerce. It is not necessary for the United States to prove that the promotion of the activity alleged to be unlawful was the only reason for the use of an interstate facility or that the use of an interstate facility was essential to that activity. The United States must prove beyond a reasonable doubt, however, that Defendant, Thomas Shrader, used a facility in interstate commerce and that one of the reasons for this use was to promote, manage, carry on or facilitate the activity described in the indictment.

The term "course of conduct" means a pattern of conduct composed of two or more acts, evidencing a continuity of purpose. Thus, the United States must establish beyond a reasonable doubt that Defendant engaged in two or more acts which demonstrated a continuity of purpose to place Dolores Stanley, for the purposes of Count One, or Ralph Stanley, for the purpose of Count Two, in reasonable fear of death or serious injury to herself or himself, her/his spouse, respectively, or their immediate family members or cause either one or both of them substantial emotional distress.

Direct proof of a person's intent is almost never available. It would be a rare case where it could be shown that a person wrote or stated that as of a given time he committed an act with a particular intent. Such direct proof is not required. The ultimate fact of intent, though subjective, may be established by circumstantial evidence, based upon the Defendant's outward manifestations, his words, his conduct, his acts and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn from them.

You may also consider the adverse reactions, if any, which the witnesses may have suffered upon hearing the statements made or seeing the acts committed by that person. You may infer, but you are certainly not required to infer, that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted. It is entirely up to you, however, to decide what facts to find from the evidence received during this trial.

Specific intent, as the term implies, means more than a general intent to

commit the charged stalking by use of an interstate facility. To act with a specific intent to harass, intimidate or cause substantial emotional distress to Dolores Stanley and Ralph Stanley or to place Dolores Stanley and Ralph Stanley in reasonable fear of the death of, or serious bodily injury to, Dolores Stanley, Ralph Stanley and their family, means to act knowingly and with the specific intent to harass, intimidate or cause substantial emotional distress to Dolores Stanley and Ralph Stanley or to place Dolores Stanley and Ralph Stanley in reasonable fear of the death of, or serious bodily injury to Dolores Stanley, Ralph Stanley and their family. Specific intent cannot be presumed or assumed in this case.

The Government must prove beyond a reasonable doubt that Thomas Shrader specifically intended to harass, intimidate and cause substantial emotional distress to Dolores Stanley and Ralph Stanley or to place Dolores Stanley and Ralph Stanley in reasonable fear of the death of, serious bodily injury to Dolores Stanley, Ralph Stanley and their family. You should not consider whether anyone else could be considered as a potential victim of the charged stalking by use of an interstate facility in determining this factor.

If you find that Thomas Shrader's conduct did not rise to the level of a specific intent to harass, intimidate or cause substantial emotional distress to Dolores Stanley, or to place Dolores Stanley in reasonable fear of the death of, or serious bodily injury to Dolores Stanley, her family or spouse, then you should find that Thomas Shrader is not guilty of Count One.

If you find that Thomas Shrader's conduct did not rise to the level of a specific

intent to harass, intimidate or cause substantial emotional distress to Ralph Stanley, or to place Ralph Stanley in reasonable fear of the death of, or serious bodily injury to Ralph Stanley, his family or spouse, then you should find that Thomas Shrader is not guilty of Count Two.

The term "serious bodily injury" means bodily injury which involves 1) a substantial risk of death; 2) extreme physical pain; 3) protracted and obvious disfigurement; or 4) protracted loss or impairment of the functions of a bodily member, organ, or mental facility.

The term "substantial emotional distress" means that the Defendant's use of facilities of interstate commerce causes a person to experience a considerable or significant amount of emotional distress, something that is markedly greater than the level of uneasiness, nervousness, unhappiness or the like which are commonly experienced in day-to-day living. Substantial emotional distress entails a serious invasion of another person's mental tranquility.

The term "harass" is defined as conduct that was designed and intended to badger, disturb or pester for the unlawful purpose or purposes as alleged in the indictment.

The term "intimidate" means that the defendant engages in a course of conduct to willfully place another person in fear of bodily harm.

An act is done "knowingly" if done voluntarily and intentionally, and not because of mistake or accident or other innocent reason. The purpose of adding the word "knowingly" is to ensure no one will be convicted for an act done because of

mistake, or accident, or other innocent reason.

The indictment charges that the offenses alleged in Count One and Count Two of the indictment were committed "on or about" October 26, 2009. Although it is necessary for the Government to prove that the offenses were committed on a date reasonably near the date alleged in the indictment, it is not necessary for the Government to prove that the alleged offenses were committed precisely on the date charged.

The indictment charges that the offenses alleged in Count One and Count Two of the indictment were committed "in or near" Bluefield, Mercer County, West Virginia, and within the Southern District of West Virginia. Although it is necessary for the Government to prove that the offenses were committed at a location reasonably near the location alleged in the indictment, it is not necessary for the Government to prove that the alleged offenses were committed precisely at the location charged.

You have heard evidence concerning alleged conduct or acts of the Defendant which are not charged in the indictment in this case, as well as evidence of the murders of Dolores Stanley's mother and friend. Specifically, you have heard evidence regarding the Defendant's alleged threat against Dolores Stanley's nephews and his alleged threat against Dolores Stanley. These threats are said to have occurred in the 1970's. You are instructed that such evidence is not admitted as proof of the Defendant's guilt on the present charge. This evidence is admitted for a limited purpose only, and it may be considered by you only in deciding whether

a given issue or element relevant to the present charge has been proven. In this instance, the evidence may be considered for the purpose of determining whether the Government has proven and established the Defendant's intent and/or the effect the Defendant's alleged conduct had on the victim, Dolores Stanley, in connection with the charges contained in the indictment in this case. The Defendant is not now being tried for any of the specific acts to which this evidence relates, and you should bear this fact definitely in mind. Such evidence was admitted and should be considered by you only so far as, in your opinion, it may go to show the intent and motive of the Defendant and/or whether or not the victim, Dolores Stanley, was in reasonable fear of death or serious bodily injury when she received the letter which is at issue in this case.

### SIXTH:  THE JURY'S DUTY DURING DELIBERATIONS

In conducting your deliberations and returning your verdict, there are certain rules you must follow.

First, when you go to the jury room, you must select one of your members as your foreperson. That person will preside over your discussions, and speak for you here in Court.

Second, it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement if you can do so without violence to individual judgment, because a verdict -- whether guilty or not guilty -- must be unanimous.

Each of you must make your own conscientious decision, but only after you

have considered all the evidence, discussed it fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinions if the discussions persuade you that you should. But do not come to a decision simply because other jurors think it is right, or simply to reach a verdict. Remember at all times that you are not partisans – you are not in allegiance with the Government nor are you in allegiance with the Defendant. You are judges, judges of the facts.

Third, if you need to communicate with me during your deliberations, you may send a note to me through the security officer, signed by your foreperson. I will respond as soon as possible either in writing or verbally in open court. Remember that you should not tell anyone -- including me -- how your votes stand numerically.

Fourth, your verdict must be based solely on the evidence and on the law which I have given to you in my instructions. The verdict, whether guilty or not guilty, must be unanimous. NOTHING I have said or done is intended to suggest what your verdict should be -- that is entirely for you to decide.

Finally, the verdict form is simply the written notice of the decision that you reach in this case. You will take this form to the jury room, and when each of you has agreed on the verdict, your foreperson will fill in the form, sign and date it, and advise the security officer that you are ready to return to the courtroom and report your verdict.