DEFENDANT'S EXHIBIT
CASE NO. 1:09-CR-270
EXHIBIT NO. 1

NOTED CIVIL DOCKET
AUG 25 1978
C. C. McGUIRE
CLERK CIRCUIT COURT
MERCER COUNTY

IN THE CIRCUIT COURT OF MERCER COUNTY, WEST VIRGINIA

THOMAS CREIGHTON SHRADER,                  PLAINTIFF,

VS:          CIVIL ACTION NO. 78-C-888

DOLORES MILLER,                  DEFENDANT.

## ORDER

This action came on to be heard before the Court on the 25th day of August, 1978, at 11:30 a.m. pursuant to notice duly served upon the plaintiff, that the defendant would move to dismiss this action. Whereupon, the plaintiff came naught, was called out in Court three times, and neither appeared nor had representative to appear in his place instead. After argument of counsel and review of the pleadings, the Court herein makes the following findings of fact:

I.

That the action as above styled is a civil action pursuant to a breach of promise to marry, which action has been abolished by the Legislature of West Virginia in West Virginia Code, Chapter 56, Article 3, Section 2 (a).

II.

The Court further finds that the statue of limitations has run on

JOHNSTON, HOLROYD & GIBSON
ATTORNEYS AT LAW
1438 MAIN STREET
PRINCETON, W. VA. 24740

the action by virtue of the passage of time; the alleged promise to marry having taken place in April, 1973, and this action not having been instituted until July 20, 1978. The Court further finds that the alleged promise to marry was not in writing and being an agreement made upon consideration of marriage is void for that reason.

### III.

The Court finds that any fraud alleged in the Complaint carries a two year statue of limitations which has expired and that any oral contract alleged in the Complaint likewise carries a five year statue of limitations which has also expired in accordance with the pleadings herein.

Based upon the foregoing findings of the fact and as conclusions of law therefrom, it is accordingly ORDERED as follows:

### I.

That the action above styled be, and the same is hereby, dismissed with prejudice to the plaintiff.

### II.

This action having accomplished the purposes for which it was instituted, the clerk is ORDERED to omit the same from the docket after first certifying a copy of the same and forwarding the same to the plaintiff herein.

ENTER:

_____
JUDGE

JOHNSTON, HOLROYD
& GIBSON
ATTORNEYS AT LAW
1438 MAIN STREET
RINCETON. W. VA. 24740

-2-

-37-