IN THE CIRCUIT COURT OF MERCER COUNTY
PRINCETON, WEST VIRGINIA

THOMAS CREIGHTON SHRADER        *
818 JEFFERSON AVE.              *
MOUNDSVILLE, WEST VIRGINIA      *
        (PLAINTIFF)             *        CIVIL ACTION NO.- 76-C888
                                *
                                *
        VS                      *
                                *
DOLORES MILLER                  *
SHERWOOD APTS.                  *
RT. 460                         *
OAKVALE ROAD                    *
PRINCETON, WEST VIRGINIA        *
        (DEFENDANT)             *
                                *

*************************************************************

STATE OF WEST VIRGINIA

_____

MOTION

FOR A CIVIL ACTION TO OBTAIN JUDGEMENT
AGAINST THE DEFENDANT, DOLORES MILLER, FOR
BREACH OF PROMISE AND FRAUD....

*************************************************************

    NOW COMES THE PLAINTIFF, THOMAS CREIGHTON SHRADER, HEREIN, IN PROPER

PERSONNA:

    THE PLAINTIFF, A RESIDENT OF THE WEST VIRGINIA STATE PENITENTIARY AT

MOUNDSVILLE, WEST VIRGINIA, AND WHOM IS A BONAFIDE RESIDENT OF MERCER COUNTY,

DUHRING, WEST VIRGINIA,...

    PLAINTIFF, NOW COMES BEFORE THIS HONORABLE COURT, AND MOVES THE CIRCUIT

COURT OF MERCER COUNTY, PRINCETON, WEST VIRGINIA, TO ISSUE A JUDGEMENT OF

SEVEN HUNDRED THOUSAND DOLLARS, ($700,000.00) AGAINST THE DEFENDANT DOLORES

MILLER, WHOSE LAST KNOWN ADDRESS WAS, SHERWOOD APARTMENTS, ROUTE 460, OAKVALE

ROAD., PRINCETON, WEST VIRGINIA.  AND IS EMPLOYED BY THE FIRST NATIONAL BANK

OF BLUEFIELD, WEST VIRGINIA.

(PAGE 1)



GOVERNMENT
EXHIBIT
2
1:09-CR-270

(1)   THAT IF THE DEFENDANT, DOLORES MILLER, DESIRES TO ANSWER THIS COMPLAINT
THAT SHE, (THE DEFENDANT) SHALL FILE WITH THE CLERK OF    THIS COURT WITHIN
TEN DAYS OR THE TIME ALLOTTED BY THE STATE OF WEST VIRGINIA LAW, AN ANSWER TO
SAID COMPLAINT, AS TO WHY THE BREACH OF PROMISE WAS BREACHED OR OTHERWISE FILE
AN ANSWER TO THE COMPLAINT THEREIN..

```
***************************
          JURISDICTION
***************************
```

JURISDICTION OF THIS COURT IS INVOKED PURSANT TO § 55-1-1 (E) UPON ANY
AGREEMENT MADE UPON CONSIDERATION OF MARRIAGE, AND § 55-1-1 (F) UPON ANY
AGREEMENT THAT IS NOT TO BE PERFORMED WITHIN A YEAR...

NOTE:

(
    UNLESS THE PROMISE, CONTRACT, AGREEMENT, REPRESENTATION,
    ASSURANCE, OR RATIFICATIONS, OR MEMORANDUM OR NOTE THEREOF
    BE IN WRITING AND SIGNED BY THE PARTY TO BE CHARGED, THEREBY
    HIS AGENT, BUT IF THE CONSIDERATION NEED NOT BE SET FORTH OR
    EXPRESSED IN THE WRITING; AND IT MAY BE PROVED (WHERE A CONSID-
    ERATION IS NECESSARY BY OTHER EVIDENCE.
         CODE 1849, C, 143 SECTION 1 ;
         CODE 1860, C, 143 § 1,
         CODE 1968, C, 98 Section 1;
         CODE 1928, C, 98 SECTION 1;
              (EDITOR'S NOTE:)
    A NUMBER OF CASES CITED IN THE NOTE TO THIS SECTION
    CONSTRUED THE IDENTICAL PROVISIONS OF CODE OF WEST
    VIRGINIA (1950) SECTION 11-2;
)

PLAINTIFF ALSO CITES 75-ALR 2d 633, ;

WHEREAS IT STATES WHAT CONSTITUTES PROMISES MADE IN OR UPON CONSIDERATION
OF MARRIAGE WITHIN THE STATUTE OF FRAUD........

(PAGE 2)

COMPLAINT AND STATEMENT OF CASE
*****************************************

PLAINTIFF, UPON THE UNKEPT PROMISE OF MARRIAGE BY THE DEFENDANT, DOLORES MILLER...

(1)  HAS SUFFERED DURESS, PHYSCIAL PAIN, MENTAL DEPRESSION, CAUSING HIM TO COMMIT ACTS THAT HE WOULD NOT HAVE BEEN ABLE TO COMMIT UNDER NORMAL CIRCUMSTANCES AND CAUSING HIM TO BE IMPRISONED FOR THE REST OF HIS LIFE IN THE STATE PENITENTIARY, AT MOUNDSVILLE, WEST VIRGINIA.

(2)  THE PLAINTIFF MET THE DEFENDANT IN OCTOBER OF 1972, AND THE DEFENDANT AGREED TO MARRY THE PLAINTIFF ON APRIL OF 1973.  THE PLAINTIFF HAD BEEN DATING THE DEFENDANT SINCE OCTOBER OF 1972, AND THE TWO BECAME SWEETHEARTS AND LOVERS AND THE DEFENDANT AND THE PLAINTIFF HAD PREPARED TO BE MARRIED, AS THE PLAINTIFF HAD PROPOSED AND THE DEFENDANT HAD ACCEPTED AND PROMISED THE PLAINTIFF THAT SHE WOULD MARRY THE PLAINTIFF.

(3)  THE PLAINTIFF HAD WENT TO THE EXPENSE OF BUYING A TRAILER FOR THEM TO LIVE IN, AFTER THEY WERE MARRIED.

(4)  THE PLAINTIFF AND THE DEFENDANT HAD TAKEN THE FURNITURE OUT OF THE TRAILER AND HAD BOUGHT NEW HOUSE FURNITURE TO REPLACE THE TRAILER FURNITURE...

(5)  AFTER THE PLAINTIFF HAD GONE TO ALL THIS TROUBLE AND EXPENSE TO DO EVERY-THING TO PLEASE THE DEFENDANT, AND BUYING HER AN EXPENSIVE SET OF ENGADGEMENT RINGS  ON APRIL 11, 1973.  THE DEFENDANT AFTER A TIME OF HER ENGADGEMENT  WAS ALWAYS TRYING TO MAKE THE PLAINTIFF JEALOUS BY BEING SEEN WITH ANOTHER MAN, AND EVENTUALLY CAUSED THE PLAINTIFF TO GO COMPLETELY INTO A RAGE OF INSANITY, WHERE HE DID NOT KNOW WHAT HE WAS DOING AND CAUSED HIM TO WANT TO KILL HIMSELF... AND WHILE ATTEMPTING TO KILL HIMSELF, HE WENT COMPLETELY INSANE AT THE TIME AND COMMITTED AND ACT OF HOMICIDE, WITHOUT KNOWING WHAT HE WAS DOING.  AND THEN THE PLAINTIFF PLED GUILTY TO MURDER, THUS INCRIMINATING HIMSELF, WITHOUT KNOWING WHETHER HE WAS GUILTY OR NOT, BUT JUST BY RELYING AND ASSUMING THAT HE WAS GUILTY BY WHAT PEOPLE SAID HE HAD DONE.

(PAGE 3)

(6)  THEREFORE THE PLAINTIFF  IS AGGREIVED OF HIS FREEDOM AND IS SUFFERING FROM

(A) MENTAL DEPRESSION, (B) PAIN, "BOTH PHYSCIAL AND EMOTIONAL BECAUSE OF

THE BREACH OF PROMISE," THAT THE DEFENDANT DOLORES MILLER HAS CONSUMANATED.

(C) THE PLAINTIFF IS SUFFERING, FROM MENTAL CRUELTY WROUGHT UPON THE PLAINTIFF

BY THE BREACH OF DEFENDANT'S PROMISE TO MARRY THE PLAINTIFF, WHEN ALL SHE EVER

INTENDED WAS TO OBTAIN ALL SHE COULD GET OUT OF THE PLAINTIFF BY HER PROMISES T

MARRY HIM AND THEN REFUSED TO MARRY HIM AFTER OBTAINING ALL SHE COULD GET OUT C

HIM, BECAUSE ONCE HE HAD SPENT ALL HE HAD SAVED AND WENT INTO DEBT FOR NUMEROUS

ITEMS SHE WANTED, AND THEN SHE BREACHED THE PROMISE OF MARRIAGE TO THE PLAINTIF

BECAUSE SHE NEVER MEANT TO KEEP HER PROMISE OF MARRIAGE AS SHE DID SHOW, WHEN

SHE BEGAN TO BE SEEN WITH ANOTHER MAN., THEREFORE COMMITTING FRAUD UPON THE

PLAINTIFF BY MAKING A PROMISE OF MARRIAGE TO OBTAIN THESE THINGS AND FOR THE

PLAINTIFF TO SPEND ALL OF HIS MONEY ON HER, WITH A PROMISE THAT WAS FRAUDENTLY

MADE.

(7)  NOW THE PLAINTIFF HAS A LIFE SENTENCE IN PRISON BECAUSE OF HER ACTION OF

CAUSING THE PLAINTIFF TO ACT IN A HEAT OF PASSION AND BECOME SO ENGROSSED IN

KILLING HIMSELF, BECAUSE HE DID NOT WANT TO LIVE OR FACE LIFE WITHOUT THE

DEFENDANT AS HIS WIFE, BECAUSE TO HIM SHE WAS HIS LIFE AND HIS ONLY REASON FOR

WANTING TO LIVE, THAT IN THIS STATE OF MIND THAT HE DID NOT KNOW WHAT HE WAS

DOING AT THE TIME HE COMMITTED AN ACT OF HOMICIDE.

WHEREFORE, THE PLAINTIFF BELIEVES HE IS ENTITLED TO THE RELIEF HE SEEKS IN

HIS MOTION FOR A JUDGEMENT TO BE ENTERED IN HIS FAVOR AGAINST THE DEFENDANT FOR

HER FRAUDLENT PROMISE TO MARRY HIM FOR HER PERSONAL GAIN, AND THEN ONCE HE HAD

SPENT ALL HE POSSESSED, SHE BEGAN TO BE SEEN WITH ANOTHER MAN IN ORDER TO MAKE

HIM GO INTO SUCH A FRAME OF MIND, THAT HE WOULD KILL HIMSELF, (AND THIS THE

PLAINTIFF INTENDED TO DO), BUT IT BECAME SUCH AN OBSESSION IN HIS MIND THAT HE

DID NOT KNOW WHAT HE WAS DOING AND COMMITTED AN ACT OF HOMICIDE, WITHOUT KNOW-

LEDGE OF HE WAS DOING SUCH HOMOCIDE.

THEREFORE, THE PLAINTIFF PRAYS FOR THE HONORABLE PRESIDING JUDGE OF THIS
HONORABLE COURT TO ENTER A JUDGEMENT AGAINST THE DEFENDANT IN THE AMOUNT OF
SEVEN HUNDRED THOUSAND DOLLARS, ($700,000.00), BECAUSE OF THE UNDUE PAIN,
SUFFERING EMOTIONAL DEPRESSION AND THE MENTAL STRAIN, THAT THE PLAINTIFF IS
CONSTANTLY IN, DUE TO THE FACT THAT THE DEFENDANT HAS CAUSED AND BROUGHT UPON
THE PLAINTIFF BY HER ACTIONS OF NOT MARRYING THE PLAINTIFF, PLUS DESTROYING
THE PLAINTIFF'S FUTURE AND THE BEAUTIFUL PLANS THAT HAD BEEN MADE AND TALKED
OVER BETWEEN THE DEFENDANT AND PLAINTIFF.

THE PLAINTIFF FURTHER, PRAYS FOR THIS HONORABLE COURT TO ISSUE A JUDGEMENT
AGAINST THE DEFENDANT FOR FRAUD AND THE BREACH OF PROMISE AS HEREIN PRAYED FOR.

THE PLAINTIFF PRAYS THAT THIS MOTION BE HONORED, THIS AS REQUESTED BY THE LAWS
OF THE STATE OF WEST VIRGINIA AND THE LAWS ON BREACH OF PROMISE, AND THE LAWS OF
FRAUD AS PREVIOUSLY STATED IN THIS MOTION, THEREBY GRANTING THE PLAINTIFF, THE
RELIEF TO WHICH HE IS ENTITLED BY LAW, AND TO APPLY ANY OTHER CRIMINAL OR CIVIL
LAWS THAT ARE APPLICABLE.... OR OTHERWISE A GRAVE INJUSTICE SHALL OCCUR AND THE
PLAINTIFF WILL BE DENIED RELIEF BY HIS INABILITY TO PAY THE COSTS THEREOF......

                                        RESPECTFULLY SUBMITTED

                                   BY/ *Thomas Creighton Shrader*
                                        Thomas Creighton Shrader
STATE OF WEST VIRGINIA )                 818 Jefferson Ave.
COUNTY OF MARSHALL     ) TO WIT:         Moundsville, W.Va. 26041
                       )                 (PLAINTIFF)


I, THOMAS CREIGHTON SHRADER, SWEAR THAT THE FOREGOING STATEMENTS ARE TRUE
AND CORRECT TO THE BEST OF MY KNOWLEDGE AND BELIEF, AND FURTHER, AFFIANT SAITH
NOT.

                                   *Thomas C. Shrader*
                                   (AFFIANT)

SUBSCRIBED AND SWORN TO ME THIS  17  DAY OF *July,* 1978.

    9/20/86                         *Kenneth L. Hinds*
MY COMMISSION EXPIRES                          NOTARY PUBLIC


                         (PAGE 5)