IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BLUEFIELD DIVISION

**UNITED STATES OF AMERICA**

        v.                                                Criminal No. 1:09-00270

**THOMAS CREIGHTON SHRADER**

**DEFENDANT'S MOTION
FOR ISSUANCE OF RULE 17(c)(3) SUBPOENA**

Comes now the defendant, Thomas Creighton Shrader, by counsel, Assistant Federal Public Defender Christian M. Capece, and respectfully requests this Honorable Court to enter an Order authorizing the issuance of a subpoena, pursuant to Rule 17(c)(3) of the Federal Rules of Criminal Procedure, to secure the production of material documentary evidence prior to Mr. Shrader's sentencing hearing in order for defense counsel to sufficiently and effectively represent him at said hearing.

Defendant requests authorization to compel **Village Counseling Services** located at **5311 Kirby Drive**, **Suite 204**, **Houston, TX 77005**, to produce the following material documents to the **Clerk of the Courts**, **United States District Court**, **Elizabeth Kee Federal Building**, **601 Federal Street**, **Room 2303**, **Bluefield**, **West Virginia**, on or before **12:00 p.m.** on **Tuesday, November 16, 2010:**

> **Any and all medical, psychological, counseling and therapeutic records in its possession relating to the medical diagnosis, treatment and prognosis of DS, including, but not limited to, counseling notes, tests performed and results thereof, treatment plans and evaluations.**

In support of this motion, counsel for Mr. Shrader offers the following:

A jury convicted Mr. Shrader of two counts of stalking by use of an interstate facility in violation of 18 U.S.C. §2261A(2) on August 20, 2010. Mr. Shrader's sentencing hearing is scheduled for November 18, 2010. Last Thursday evening, November 4, 2010, the Probation Officer responsible for authoring the Presentence Investigative Report ("PSR") sent the parties an e-mail. The e-mail contained a copy of the final PSR and an electronic file containing victim impact statements by DS and RS, along

with a letter drafted by their attorney requesting, among other things, that Mr. Shrader be confined for life for the instant offenses.

Also attached to this e-mail was a previously undisclosed copy of a West Virginia Court of Claims ("Court of Claims") filing, presumably sent to the probation officer by DS through her counsel.[1] The Court of Claims awarded DS $240 as compensation for counseling services DS received from Village Counseling Services ("VCS") during 2009-2010 in connection with the 32-page letter (the "Letter") sent to her by Mr. Shrader. The Court of Claims' findings of fact states that DS received counseling "with regard to this incident," referring to the reading of the Letter. Exhibit A at 2, ¶ 5. DS stated in her application to the Court of Claims that she sought counseling. Id. Reference is made in the Court of Claims records to payments made by DS to VCS. See Exhibit B, attachment 1. Defense counsel requires the requested information in order to confirm whether DS received treatment, counseling and/or therapy as a result of Mr. Shrader's offense conduct, specifically, the mailing of the Letter on or about October 26, 2010, as opposed to some other life stressor. These records are necessary for defense counsel to adequately and effectively represent Mr. Shrader at his sentencing hearing.

Mr. Shrader asserts that approval by this Court of his subpoena request is proper for the reasons set forth in previously filed memoranda. See, e.g., Dkt. Nos. 110, 181 and 244. Moreover, DS has now waived her psychotherapist-patient privilege created by the Supreme Court in *Jaffee v. Redmond*, 518 U.S. 1, 116 S. Ct. 1923 (1996). "Like other testimonial privileges, the patient may of course waive the protection." *Jaffe*, 518 U.S. at 15 n.14. As noted by this Court in its Memorandum Opinion and Order quashing the previous subpoena for DS's VCS records [Dkt. No. 274 at 11 n.3], the psychotherapist-patient privilege "is waived by the privilege holder's *volunteering statements* or testimony

---

[1] A copy of the Court of Claims judgment and findings of fact and recommendation is attached to this motion as Exhibit A.

*about the content of the protected communication.*" *United States v. Doyle*, 1 F. Supp. 2d 1187, 1190 (D. Oregon 1998)(emphasis added).

Here DS voluntarily disclosed that she received treatment in connection with the Letter. DS voluntarily disclosed this information by way of her counsel and not as a result of a request for such information by the Government.[2] The only logical reason for DS to disclose to the Court that she received treatment from VCS because of defendant's Letter is to bolster her request that the Court send Mr. Shrader to prison for the rest of his life. As DS volunteered this information she has waived her psychotherapist patient privilege as to her counseling and treatment records in VCS' possession. Consequently, Mr. Shrader is entitled to the requested documents in order to ensure the veracity of DS's assertions about the Letter's impact on her mental health.[3]

Should the Court deny Mr. Shrader's request for a subpoena for the VCS records, he respectfully requests that in the alternative the Court (1) disregard the fact that DS received counseling from VCS for purposes of determining victim impact and awarding restitution and (2) order DS to undergo a psychological examination, with the results provided to counsel with the appropriate protective measures.

The Defendant has been previously determined to be indigent, entitled to the appointment of counsel in this matter, and is unable to pay for the witness fees and costs of process necessary to secure the procurement of these documents. Therefore, counsel further requests that any Order granting this Motion direct that any fees of witnesses and the costs of process be paid in the same manner as similar

---

[2] Defense counsel has no information showing that DS and her counsel discussed the disclosure of DS's Court of Claims award with Government counsel previous to the Probation Officer's November 4, 2010 e-mail, or Mr. Shrader's second trial for that matter.

[3] Mr. Shrader does not object to the Court issuing a protective order concerning these records to ensure that the requested documents are used solely for the purpose of preparing for Mr. Shrader's sentencing hearing, and that such records would be destroyed following said hearing, notwithstanding their retention and lawful use during the course of any appeal of Mr. Shrader's convictions and sentence.

costs and fees are paid in the case of witnesses subpoenaed on behalf of the United States.

Counsel requests that the subpoena direct the Custodian of Records of Village Counseling Services to file the requested documentation with the Clerk of the Courts for the United States District Court for the Southern District of West Virginia, Bluefield Division, Room 2303, United States Courthouse, 601 Federal Street, Bluefield, West Virginia 24701, on or before **12:00 p.m.** on **Tuesday, November 16, 2010**, and immediately upon their receipt and without their being made a part of the public record, that the Clerk of the Courts forward said materials to the Federal Public Defender's Office, without any copies being made or provided to the Government, the United States Probation Office or any other party to this action.

For the reasons set forth in this Motion, defendant, Thomas Creighton Shrader, moves this Court for the entry of an Order authorizing the issuance of a subpoena, as authorized by Federal Rule of Criminal Procedure 17(c)(3) to compel the production of the requested records from Village Counseling Services.

Respectfully submitted this 9th day of November, 2010.

**THOMAS CREIGHTON SHRADER**

By Counsel

**MARY LOU NEWBERGER**
**FEDERAL PUBLIC DEFENDER**

**s/Christian M. Capece**
Christian M. Capece, WV Bar No. 10717
Assistant Federal Public Defender
Room 3400, United States Courthouse
300 Virginia Street East
Charleston, WV 25301
Telephone: (304) 347-3350
Facsimile: (304) 347-3356
E-mail: christian_capece@fd.org

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BLUEFIELD DIVISION

UNITED STATES OF AMERICA

v.                                                          Criminal No. 1:09-00270

THOMAS CREIGHTON SHRADER

CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing **"DEFENDANT'S MOTION FOR ISSUANCE OF RULE 17(c)(3) SUBPOENA"** has been electronically filed with the Clerk of Court this date using the CM/ECF system and served upon interested party and opposing counsel as follows:

**VIA CM/ECF:**         Thomas C. Ryan
                        Assistant United States Attorney
                        Room 4000, United States Courthouse
                        300 Virginia Street East
                        Charleston, West Virginia 25301
                        Telephone: 304-345-2200
                        E-mail: thomas.ryan@usdoj.gov


**DATE:**     November 9, 2010
                                        **s/Christian M. Capece**
                                        Christian M. Capece, WV Bar No. 10717
                                        Assistant Federal Public Defender
                                        Room 3400, United States Courthouse
                                        300 Virginia Street East
                                        Charleston, WV 25301
                                        Telephone: (304) 347-3350
                                        Facsimile: (304) 347-3356
                                        E-mail: christian_capece@fd.org