## IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BLUEFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | Criminal Action No. 1:09-cr-00270 |
| THOMAS CREIGHTON SHRADER, | |
| *Defendant* | |

### PETITION FOR DISCLOSURE OF PORTIONS OF THE PRESENTENCE REPORT, OR IN THE ALTERNATIVE, AN EXTRACT OR SUMMARY OF FACTORS RELATED TO GUIDELINE CALCULATIONS AND DEPARTURES

COMES NOW, crime victims DS and RS, by and through their attorneys Rob Bastress, Esq., and Russell P. Butler, Esq. of the Maryland Crime Victims' Resource Center, Inc., and hereby petitions this Court pursuant to the United States District Court for the Southern District of West Virginia Local Rule of Criminal Procedure (LR Cr. P.) 32.2 for the timely disclosure of a portion of the presentence report (PSR) that was prepared with regards to the Defendant, Thomas Shrader.

As both DS and RS will be present at the upcoming sentencing hearing, and likewise intend to exercise their right to be reasonably heard, Victims have a particularized need for specific information contained in the PSR insomuch as it relates to the Federal Sentencing Guideline (the "Guidelines") factors, calculations, and departures.

LR Cr. P. 32.2 provides that a PSR may be disclosed upon a "written petition to the court, particularizing the need for specific information." Without an understanding of the Guideline

1

factors, calculations, and departures that will be addressed at sentencing, the Victims will be unable to meaningfully participate in the hearing. Thus, in order for the Victims to be reasonably heard, Victims must be given the information necessary so they may meaningfully contribute to the sentencing process. In particular, the Victims require the portions of the PSR that reveal which factors, calculations, and departures the Court will consider at the upcoming sentencing hearing before imposing sentence.

## ARGUMENT

### I. Victims' Right to be Reasonably Heard at Sentencing Must be Meaningful

The role of crime victims in criminal proceedings has steadily increased over the last several years. This increased participation is due, in large part, to the multitude of statutes and rules that have empowered crime victims with a variety of substantive and procedural entitlements. These laws function to incorporate crime victims into the criminal justice process and ensure that crime victims have a meaningful role in the prosecution of the defendants that victimized them.

The Crime Victims Rights Act (CVRA), 18 U.S.C. § 3771(a)(4) provides that a crime victim has "[t]he right to be reasonably heard at any public proceeding in the district court involving the release, plea, sentencing, or any parole proceeding." This right has been adopted into the federal criminal sentencing process to ensure that a victim's right to be heard at sentencing is fully incorporated into the process. Federal Rule of Criminal Procedure (FRCP) 32 details the post-conviction procedures applicable during sentencing. FRCP 32(i)(4)(B) provides that "[b]efore imposing sentence, the court must address any victim of the crime who is present at sentencing and must permit the victim to be reasonably heard."

The right to be reasonably heard at sentencing, in conjunction with the FRCP 32 requirement that the Court reasonably hear crime victims <u>before</u> imposing sentence, implicitly mandates that a crime victim's right to be reasonably heard must be meaningful. That is, the right to be heard is not satisfied unless the victim is heard on matters that directly relate to the ultimate imposition of the defendant's sentence. *cf. Kansas v. Heath*, 21 Kan.App.2d 410, 416 (1995)(holding that the "testimony or evidence from the victims or their families may provide a substantial and compelling reason for departure" of the Kansas sentencing guidelines).

Furthermore, the Guideline provisions addressing the court's resolution of disputed sentencing factors directly supports this notion. Specifically U.S.S.G. § 6A1.3(b) provides that "[t]he court shall resolve disputed sentencing factors at a sentencing hearing in accordance with Rule 32(i), Fed. R. Crim. P.". FRCP 32(i) is subsection, *supra,* containing the specific provision requiring the district court to reasonably hear from a crime victims <u>before</u> imposing sentence. As such, it is clear that the court's purpose in permitting a crime victim to be reasonably heard before imposing sentence is so that the victim may meaningfully address the sentencing factors that will ultimately determine the defendant's sentence.

To reason otherwise would mean that the victim's right to be reasonably heard is superficial, merely an afterthought to the actual computation of the factors establishing a federal sentence. This result is contrary to a victim's rights under the CVRA as well as the purpose of the sentencing procedures detailed in FRCP 32 and U.S.S.G. § 6A1.3.

## II. Victim's Right to be Reasonably Heard Cannot be Meaningful Without Timely Access to Certain Portions of the Pre-Sentence Report

Although crime victims are entitled to participate in the sentencing process personally, the legal intricacies of federal sentencing, including the Guidelines calculations, are quite

3

complex. For this reason, the enforcement provisions of the CVRA, 18 U.S.C. § 3771(d), provides that a crime victim's rights under the CVRA may be asserted by the victim's "lawful representative", who among others, includes the victim's attorney.

The right to be heard and the right to counsel are deeply intertwined in American jurisprudence. The Supreme Court of the United States has explained:

> The right to be heard would be, in many cases, of little avail if it did not comprehend the right to be heard by counsel. Even the intelligent and educated layman has small and sometimes no skill in the science of the law. If charged with a crime, he is incapable, generally, of determining for himself whether the indictment is good or bad. He is unfamiliar with the rules of evidence. Left without the aid of counsel he may be put on trial without a proper charge, and convicted upon incompetent evidence, or evidence irrelevant to the issue or otherwise inadmissible. He lacks both the skill and knowledge adequately to prepare his defense, even though he have a perfect one. He requires the guiding hand of counsel at every step in the proceedings against him. Without it, though he be not guilty, he faces the danger of conviction because he does not know how to establish his innocence.

*Gideon v. Wainwright*, 372 U.S. 335, 344-45 (1963)(internal citations omitted). [1]

Just as a criminal defendant may be unable to navigate the criminal justice system without the aid of counsel, a crime victim may be similarly unable to assert their rights without legal assistance. This is particularly true in regards to sentencing. A victim may understand the range of the potential sentences a defendant faces, but without the aid of counsel, is unlikely to effectively address the Guideline factors that will ultimately determine the sentence.

In this matter, the Victims wish to address the Court and seek the maximum possible sentence under the law. To do this, however, they must have the opportunity to be heard, through counsel, in regards to the Guideline factors subject to the Court's consideration. In turn, counsel

---

[1] See also. Code of Conduct for United States Judges, Canon 3 A (4) – "A judge should accord to every person who has a legal interest in a proceeding, and that person's lawyer, the full right to be heard according to law."

must be given access to the portions of PSR that reveal which factors, calculations, and possible departures are in dispute, or have not been considered, so that the Victims may share information or knowledge that may be relevant to the Court's sentencing determination. The Victims make no request for information related to the mental health information of the defendant or other matters that there is a need for confidentiality in the PSR.

Under this Court's local rules, a PSR may be released by order of the court under LR Cr. P. § 32.2. This authority requires the court to consider the needs of the Victims against any reason that might justify withholding the report. *See generally*, Matthew B. Riley, *Victim Participation in the Criminal Justice System, In re Kenna and Victim Access to Presentence Reports*, 2007 UTAH L. REV. 235, 252-3 (indicating the balancing approach of allowing partial disclosure of a PSR is appropriate).

In accordance with LR Cr. P. § 32.2 , Victims have a particularized need for portions of the PSR, that is, to reasonably heard at sentencing in accordance with their rights under the CVRA, FRCP § 32, and U.S.S.G. § 6A1.3. Simply put, Victims cannot meaningfully address or provide information relevant to the disputed Guidelines factors without an idea of what factors, calculations, or potential departures are in dispute.[2] Here, the Victims have made more than a mere threshold showing of a particularized need for the requested information.

To this end, the Victims only seek certain portions of the PSR, namely: (1) the background/statement of facts section; (2) the sentencing guidelines calculation section; and (3) the upward or downward departure section. *Cf. In re Kenna,* 453 F.3d 1136, 1137 (9th Cir. 2006)

---

[2] In *United States v. Schlette*, 842 F.2d 1574, 1581 (9th Cir. 1988), the court articulated the appropriate test for disclosure: "a third party who asks a court to disclose the report must make some threshold showing that disclosure will serve the ends of justice."

(upholding the district court decision to deny crime victim's request for the *entire* presentence report and pointedly noting that the victim "refused the district court's offer to consider specific portions of the presentence report"). Unlike in *Kenna*, the Victims here narrowly request only certain portions of the PSR and not the entire PSR.

There is no valid reason for keeping these three portions of the report confidential considering the narrowly tailored request and the compelling need in light of the victims' rights under federal law. Moreover, the information sought cannot be obtained elsewhere by the Victims and the information will be later discussed and determined at sentencing. If the Victims do not have the information prior to sentencing, they will be unable to prepare to address these issues with the assistance of counsel, and will therefore not be meaningfully heard regarding the sentencing factors and departures that comprise the Defendant's sentence. Even if there remains a need for confidentiality, counsel for DS and RS will, as an officer of the court, protect the confidentiality of the portions of the PSR as directed by the Court.

There are two Fourth Circuit cases on this issue, one which was published and is precedent, and another which is unpublished but still provides commentary on the release of a PSR to a crime victim. In *United States v. Moussaoui*, 483 F.3d 220 (4th Cir. 2007), the court held that the CVRA only provides rights to victims in the criminal process, and thus, disclosure of the PSR to crime victims for non-criminal justice purposes would be inappropriate. *Id.* at 236-7. ("The rights codified by the CVRA . . . are limited to the criminal justice process; the Act is... silent and unconcerned with victims' rights to file civil claims against their assailants"). In this case, the Victims do not seek the portions of the PSR for unrelated civil matters; they seek the information solely for the purposes of exercising their right to be meaningfully heard at

6

sentencing. As such, *Moussaoui* supports the Victims' petition in that their request for portions of the PSR is strictly for use in the criminal justice process.

In the unpublished case, *In re Brock*, 262 Fed. Appx. 510 (2008), the Fourth Circuit denied a crime victim's motion for the pre-sentence report, but, even if *Brock* were precedent, the case is easily distinguishable. Unlike *Brock*, the Victims in this case do not have access to materials which "summarized the substance of the PSRs and also included comprehensive discussions of the Guidelines calculations contained in the PSRs in addition to other facts relevant to the district court's sentencing decision." *Id.* at 511. The *Brock* Court held that:

> Although Brock claims that, without the PSR, he had insufficient knowledge of the issues relevant to sentencing to meaningfully exercise his right to be reasonably heard, the record reveals that he was provided **ample information** concerning the applicable Sentencing Guidelines and other issues related to the defendant's sentencing. (Emphasis added)

*Id.* at 512.

The requested portions of the PSR will identify the information the Court and the parties will review and litigate when determining the defendants' sentence. *See In re Kenna*, 453 F.3d at 1137 (important factor in determining whether to release a PSR is "the degree to which the information in the presentence report cannot be obtained from other sources" (internal quotation omitted). Without access to certain portions of the PSR, the Victims are unable to meaningfully exercise their right to be reasonably heard.

Other courts have determined that a third person requesting disclosure of a PSR must demonstrate a "compelling, particularized need for disclosure"; and, even when that need is demonstrated, the district court should take care -- usually by way of in camera review -- to ensure that the disclosure is limited to "those portions of the report which are directly relevant to the demonstrated need." *United States v. Gomez*, 323 F.3d 1305, 1308 (11th Cir. 2003). In

fairness to the Victims, they ask this Court to review the PSR and grant them the limited disclosure that they have requested. 18 U.S.C. § 3771(a)(8). This Court should ensure that the Victims' right to be heard is meaningful. 18 U.S.C. § 3771(b)(1). (In any court proceeding involving an offense against a crime victim, the court shall ensure that the crime victim is afforded the rights described in subsection (a)); U.S.S.G. §6A1.5 (In any case involving the sentencing of a defendant for an offense against a crime victim, the court shall ensure that the crime victim is afforded the rights described in 18 U.S.C. § 3771 and in any other provision of Federal law pertaining to the treatment of crime victims).

## CONCLUSION

WHEREFORE, Victims respectfully requests this Court:

1. Conduct an in camera review of the PSR; and

2. Order the probation officer who prepared the PSR to disclose to Victims' counsel certain portions of the pre-sentence that reveal which factors, calculations, and potential departures are relevant to the Court's consideration of sentence, or alternatively, provide an extract or summary of the Guideline factors relevant to sentencing; and

3. For such other and further relief as this Honorable Court deem just and proper.

Respectfully submitted this 9th day of November, 2010.

_____
Robert M. Bastress, III, Esq.
DiTrapano, Barrett & DiPiero, PLLC
604 Virginia Street, East
Charleston, WV 25301


_____
Russell P. Butler, Esq.
Maryland Crime Victims' Resource Center, Inc.
1001 Prince George's Blvd., Suite 750
Upper Marlboro, MD 20774-7427
(301) 952-0063
Fax: (240) 929-0526

*Counsel for Crime Victims* DS and RS

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 9th day of November 2010, a copy of the foregoing Petition for Disclosure of Portions of the Presentence Report, or in the Alternative, An extract or Summary of Factors Related to Guideline Calculations and Departures was filed electronically to be served upon:

>Christian M. Capece, Esq.
>George H. Lancaster, Jr., Esq.
>Federal Public Defenders Office, Rm# 3400
>300 Virginia Street, East
>Charleston, WV 25301
>*Counsel for Defendant*

>Thomas C. Ryan, Esq.
>U.S. Attorney's Office
>P.O. Box 1713
>Charleston, WV 25326
>*Counsel for the United States of America*

*/s/ Robert M. Bastress*
Robert M. Bastress, III, Esq.
DiTrapano, Barrett & DiPiero, PLLC
604 Virginia Street, East
Charleston, WV 25301

*Counsel for Crime Victims DS and RS*