IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

**UNITED STATES OF AMERICA**

v.                                                                                          Criminal No. 1:09-0270

**THOMAS CREIGHTON SHRADER**

## MEMORANDUM OPINION AND ORDER

On November 9, 2010, Defendant filed a Motion for Issuance of Rule 17 (c)(3) Subpoena. (Document No. 318.) Defendant requests the issuance of a Subpoena compelling Village Counseling Services [VCS] in Houston, Texas, to produce "[a]ny and all medical, psychological, counseling and therapeutic records in its possession relating to the medical diagnosis, treatment and prognosis of DS, including, but not limited to, counseling notes, tests performed and results thereof, treatment plans and evaluations."[1] Defendant states that along with other documents pertaining to his sentencing[2], he received a copy of an Order of the West Virginia Court of Claims entered on August 4, 2010, indicating that the Court of Claims awarded DS $240 for counseling with VCS as a consequence of Defendant's conduct. Defendant submits a copy of the documents indicating that on December 9, 2009, DS filed a claim in the Court of Claims as the victim of Defendant's stalking

---

[1] This is Defendant's second motion for a Subpoena of records from VCS pertaining to counseling services provided to DS. Defendant's first Motion for Issuance of Rule 17(c) Subpoena requesting the issuance of a Subpoena compelling VCS to produce records in its possession relating to the medical and psychological/emotional conditions and treatment of DS and her husband, RS, was unsuccessful. *See* United States District Judge Berger's August 11, 2010, Memorandum Opinion and Order (Document No. 274.).

[2] Defendant was found guilty of possessing firearms having been convicted of a felony in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) on July 14, 2010 (Document No. 224.), and of stalking by use of interstate facility in violation of 18 U.S.C. § 2261A(2) on August 20, 2010 (Document No. 297.). Defendant's sentencing is scheduled for Thursday, November 18, 2010. (Document No. 297.)

seeking reimbursement for counseling services provided by VCS. On June 9, 2010, a Claim Investigator with the Court of Claims recommended that DS's claim be granted. By Order entered on August 4, 2010, the Court of Claims awarded DS $240. Defendant asserts that his request for the issuance of a Subpoena should be granted for reasons which he stated previously and because "DS voluntarily disclosed this information by way of her counsel and not as a result of a request for such information by the Government. * * * As DS volunteered this information she has waived her psychotherapist patient privilege as to her counseling and treatment records in VCS' possession." Alternatively, Defendant requests that the District Court "(1) disregard the fact that DS received counseling from VCS for purposes of determining victim impact and awarding restitution and (2) order DS to undergo a psychological examination, with the results provided to counsel with the appropriate protective measures."

On November 10, 2010, DS filed an Objection to Issuance of Second Subpoena for Counseling Records. (Document No. 324.) DS reiterates arguments which she raised previously in response to Defendant's first Motion for issuance of a Subpoena pursuant to Rule 17 and states further emphatically that she "has not, personally or through counsel, volunteered, submitted, attached, included, disclosed, or transmitted any information that could reasonably be construed as a waiver of her privilege or that would otherwise reveal the content of her privileged counseling records." DS surmises that "the correspondence to which Defendant refers appears to have been provided by the 'Court of Claims' from the Crime Victims Compensation Fund in support of the Government's claim for restitution . . .." DS further asserts that Defendant's requests in the alternative are meant to harass and intimidate her "prior to her statutorily protected moment in Court or otherwise to interfere with her right to be heard at sentencing."

Defendant's Motion for Issuance of Rule 17 (c)(3) Subpoena will be denied. First, it is not evident at all that DS has waived her psychotherapist-patient privilege as recognized by the United States Supreme Court in Jaffe v. Redmond, 518 U.S. 1, 116 S.Ct. 1923, 135 L.Ed.2d 337 (1996), and applied by District Judge Berger in this case in consideration of Defendant's first attempt to obtain disclosure of records from VCS. See District Judge Berger's Memorandum Opinion and Order, Document No. 274, pp. 13 - 15. The Court knows of no disclosure of any information pertaining to DS's counseling with VCS beyond the mere fact of it and now the West Virginia Court of Claims' award to DS for the expense of it. Little more is known now about DS's counseling with VCS as Defendant is approaching sentencing than was known as Defendant was awaiting trial, and nothing is known about the substance of it. The psychotherapist-patient privilege applies, and the Court cannot require VCS's production of DS's counseling records.

Second, Rule 17(c)(3) has no application under the circumstances. The Rule, as Courts have considered it, anticipates the production of information prior to trial, not sentencing.

Rule 17(c)(3) provides:

> After a complaint, indictment, or information is filed, a subpoena requiring the production of personal and confidential information about a victim may be served upon a third party only by court order. Before entering the order and unless there are exceptional circumstances, the court must require giving notice to the victim so that the victim can move to quash or modify the subpoena or otherwise object.

The Fourth Circuit recently stated as follows in United States v. Caro, 597 F.3d 608, 620 (4th Cir. 2010):

> The Supreme Court has held that a Rule 17(c) subpoena is "unreasonable or oppressive" unless the party requesting it demonstrates:
>
>> (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such

> production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general 'fishing expedition.'
>
> *United States v. Nixon*, 418 U.S. 683, 699 - 700, 94 S.Ct. 3090, 41 L.Ed.2d 1039 (1974). Accordingly, a defendant seeking a Rule 17(c) subpoena 'must clear three hurdles: (1) relevancy; (2) admissibility; (3) specificity." *Id.* at 700, 94 S.Ct. 3090. We have emphasized that ' Rule 17(c) . . . is not a discovery device.' *Fowler*, 932 F.2d at 311 (citing *Bowman Dairy Co. v. United States*, 341 U.S. 214, 220, 71 S.Ct. 675, 95 L.Ed. 879 (1951).

In <u>United States v. Richardson</u>, 607 F.3d 357, 368 (4th Cir. 2010), the Fourth Circuit stated that

> A subpoena is unreasonable or oppressive if it is 'excessively broad' or 'overly vague.' *In re Grand Jury*, 478 F.3d at 584. In that vein a fundamental concern is that the subpoena duces tecum is not intended to provide a means of pretrial discovery; rather, its primary purpose is simply ' to expedite the trial by providing a time and place before trial for the inspection of subpoenaed materials. *Nixon*, 418 U.S. at 689 - 99, 94 S.Ct. 3090; *see Fowler*, 932 F.2d at 311 (rejecting criminal defendant's application for a subpoena duces tecum in that it 'was little more than a duplication of [his] discovery motion.').

Defendant has cited and the Court knows of no decision of any Court authorizing the issuance of a Rule 17(c)(3) Subpoena prior to sentencing.

Finally, the Court notes that pursuant to 18 U.S.C. § 3771(a)(4), a crime victim has "[t]he right to be reasonably heard at any public proceeding in the district court involving release, plea, sentencing, or any parole proceeding." Federal Rule of Criminal Procedure 32(i)(4)(B) provides that "[b]efore imposing sentence, the court must address any victim of the crime who is present at sentencing and must permit the victim to be reasonably heard." It is apparent that a victim has the right to speak at sentencing about the impact a defendant's criminal conduct has had upon her without being placed under oath and cross examined just as a defendant has the right to allocute in mitigation of sentence. The Presentence Report will also discuss victim impact. The Presentence Report and the victim may relate that the victim has had psychological counseling as a consequence

4

of the defendant's conduct. The Court needs no further information in determining Defendant's sentence, and the information which Defendant would have the Court require VCS to provide is therefore not necessary to the Court's determination of Defendant's sentence.

Defendant provides no authority or precedent for his alternative requests, and the Court knows of none.

It is therefore hereby **ORDERED** that Defendant's Motion for Issuance of Rule 17 (c)(3) Subpoena (Document No. 318.) is **DENIED**.

The Clerk is directed to transmit a copy of this Memorandum Opinion and Order to counsel of record.

ENTER: November 16, 2010.

R. Clarke VanDervort
United States Magistrate Judge