IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.	CRIMINAL ACTION NO. 1:09-cr-00270

THOMAS CREIGHTON SHRADER,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed Defendant's *pro se* Motion (Document 369), wherein Defendant moves for a new trial pursuant to Rule 33(a) and Rule 33(b)(1) of the Federal Rules of Criminal Procedure on his 2010 conviction for being a Felon in Possession of a Firearm. For the reasons stated herein, the Court finds that Defendant's motion should be denied.

**I.	BACKGROUND**

On June 8, 2010, Defendant was charged in a Second Superseding Indictment with two counts of Stalking by Use of Interstate Facility in violation of 18 U.S.C. § 2261A(2) (Counts 1 and 2) and one count of being a Felon in Possession of a Firearm in violation of 18 U.S.C. §§922(g)(1) and 924(a)(2) (Count 3). (Documents 123 and 124.) This Court granted Defendant's motion to sever counts. (Document 82.) On July 14, 2010, a jury found Defendant guilty of being a Felon in Possession of a Firearm (Count 3). (Documents 219- 222 and 224.) On August 20, 2010, a second jury found Defendant guilty of two counts of Stalking by Use of Interstate Facility (Counts 1 and 2). (Documents 293-294, and 297.) On November 18, 2010, this Court sentenced Defendant to 235 months of imprisonment to be followed by a period of

five years supervised release. (Documents 337 and 341.) On November 24, 2010, Defendant, by counsel, filed a Notice of Appeal (Document 343). On April 4, 2012, the Fourth Circuit Court of Appeals affirmed Defendant's conviction and sentence. *United States v. Shrader*, 675 F.3d 300 (4th Cir.2012). Defendant then filed a petition for certiorari in the United States Supreme Court, which was denied on December 3, 2012. *Shrader v. United States,* 133 S.Ct. 1320 (2012.)

In his pending motion, Defendant asserts that he is entitled to a new trial in the interest of justice and based upon newly discovered evidence. (Document 369 at 1.) Defendant states that in August of 2011, he discovered that during the trial, the Government committed "[f]raud upon the court . . . in addition to obstruction of justice." (*Id*.) Defendant cites to a portion of the trial transcript which recounts the Government admitting a stipulation into evidence and reading it to the jury. (*Id.* at 1-2.) The stipulation provides:

> The United States of America and the Defendant, Thomas Creighton Shrader, hereby stipulate and agree as follows:
>
>> (1) The defendant, Thomas Creighton Shrader, has been previously convicted of a crime punishable by a term of imprisonment exceeding one year, as defined by 18 U.S.C. § 921(a)(20), and
>>
>> (2) The defendant's civil right to possess a firearm or ammunition has not been restored.
>
> Stipulated and agreed to this 9th day of July, 2010.

(Document 369 at 6) (Document 223 at 2.) The stipulation was signed by Thomas C. Ryan, on behalf of the United States, Mr. Christian Capece, Assistant Federal Public Defender, and Thomas Creighton Shrader, the defendant. (*Id.*)

Defendant contends that despite the fact that his signature is on the stipulation, he "never agreed to, or gave his attorney permission for the use of this stipulation at trial, [and] the form as it was stipulated was never approved by defendant." (Document 369 at 2.) Defendant asserts that "[t]his false and untrue stipulation submitted by the Government in coherence with defense

2

counsel was fraud and obstruction of justice by the government and by defense counsel." (*Id.*) Defendant contends that the Government had access to all of his criminal records and knew that the stipulation was false. (*Id.*) In support, Defendant cites to the attached copy of his February 5, 1999, West Virginia "Official Certificate of Discharge" which certifies that "Thoams [sic] Shrader, DOC-9994 [i]s hereby discharged from parole and any or all civil rights heretofore forfeited are restored, unless otherwise provided by law." (*Id.* at 2, 10.) Based upon this "Official Certificate of Discharge," Defendant argues he is innocent of being a Felon in Possession of a Firearm.[1] Defendant contends that his conviction must be overturned because a violation of § 922(g)(1) cannot be based upon on a felony conviction for which a person's civil rights have been restored. (*Id.* at 2-3) (citing 18 U.S.C. § 921(a)(20)).[2] Defendant argues because his civil rights were restored, his conviction should be overturned and a new trial should be granted. (Document 369 at 3.)

## II.    STANDARD OF REVIEW

Under Rule 33 of the Federal Rules of Criminal Procedure, the Court may "[u]pon the defendant's motion . . . vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). "Any motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty." Fed. R. Crim. P. 33(b)(1). The Court of Appeals for the Fourth Circuit has observed that "a court 'should exercise its discretion to grant a new trial "sparingly,"' and that it should do so 'only when the evidence weighs heavily against the verdict.'" *United States v. Perry*, 335 F.3d 316, 320 (4th

---

[1] Defendant was convicted of 18 U.S.C. § 922(g)(1), which states in pertinent part that it is unlawful "for any person . . . who has been convicted . . . of [] a crime punishable by imprisonment for a term exceeding one year . . . to possess in or affecting commerce[] any firearm." 18 U.S.C. 922(g)(1).
[2] 18 U.S.C. § 921(a)(20) provides in pertinent part that "[a]ny conviction . . . for which a person . . . has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such . . . restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms."

Cir. 2003) (quoting *United States v. Wilson*, 118 F.3d 228, 237 (4th Cir.1997). The Fourth Circuit applies a five-factor test to determine whether a motion for a new trial based upon newly discovered evidence, pursuant to Rule 33, should be granted. *United States v. Robinson,* 627 F.3d 941, 948 (4th Cir.2010.) The following factors must be met:

> (a) the evidence must be, in fact, newly discovered, i.e., discovered since the trial; (b) facts must be alleged from which the court may infer diligence on the part of the movant; (c) the evidence relied on must not be merely cumulative or impeaching; (d) it must be material to the issues involved; and (e) it must be such, and of such nature, as that, on a new trial, the newly discovered evidence would probably produce an acquittal.

(*Id.*) (quoting *United States v. Custis,* 988 F.2d 1355, 1359 (4th Cir.1993)). "Evidence is not newly discovered if it is known to the defendant." *Jackson v. U.S.*, 638 F.Supp.2d 514, 617 (W.D.N.C. June 19, 2009) (citing *United States v. Munoz,* 957 F.2d 171, 173 (5th Cir.1992)). Unless a defendant demonstrates all five of the above factors, a motion for a new trial should be denied. *United States v. Smith,* 317 Fed.Appx. 323, 327 (4th Cir.2008) (citing *United States v. Chavis,* 880 F.2d 788, 793 (4th Cir.1989)).

### III.     DISCUSSION

As a threshold matter, the Court notes that Defendant has timely moved for a new trial on the basis of newly discovered evidence and has no appeal pending.[3] Even if Defendant has "newly discovered evidence" that his civil rights were restored, such evidence does not appear reasonably likely to produce a different result at a new trial given Defendant's own voluntary stipulation. (*See, Robinson,* 627 F.3d at 948.) Defendant and the United States stipulated prior to trial that Defendant had been previously convicted of a crime punishable by a term of

---

[3] A jury found the Defendant guilty of being a Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(a)(2) on July 14, 2010. (Documents 220 and 224.) The Court also notes that although Defendant does not have an appeal pending, he does have a Petition for Writ of Habeas Corpus pursuant to § 2241(which has been construed as a § 2255 motion) pending before this Court. (Documents 371-75.)

imprisonment exceeding one year and that Defendant's civil right to possess a firearm had not been restored. (Document 223 at 2.) Defendant's stipulation waived his right to challenge the sufficiency of the evidence on stipulated elements of the offense. *United States v. Williams,* 19 F.App'x. 151, 152 (4th Cir.2001) ("[B]ecause Williams stipulated that he had been convicted of a felony and that his civil rights had not been restored, we find that the evidence was sufficient to support Williams's conviction for being a felon in possession of a firearm."); *see also, United States v. Reedy,* 990 F.2d 167, 169 (4th Cir.1993) (finding that a defendant may not argue on appeal that the evidence is insufficient to support an element to which he stipulated).

Defendant's effort to invalidate the stipulation by stating that he is deaf, and thus, was not aware of the stipulation until he read the trial transcript in July 2011, is not credible. Defendant and his counsel's signatures are on the stipulation. (Document 223 at 2.) The stipulation was referred to in the United States' Proposed Jury Instructions (Document 184-1 at 5), the entire stipulation was read aloud during the trial (Document 351 at 34-35) and the Court referred to it in the charge to the jury. (Document 216 at 12.) There was no objection to the stipulated evidence. (Document 351 at 34-35.) In fact, when counsel for the United States moved to have the stipulation entered into evidence, he represented that the stipulation had previously been provided to the Defendant, and defense counsel did not object.

> MR. RYAN: Your Honor, I would move this stipulation which has previously been provided to the defendant into evidence as Government's Exhibit Number 1.
>
> THE COURT: Any objection, counsel?
>
> MR. CAPECE: No, your honor.

(Document 351 at 34-35.)

Even if the stipulation were rendered void, a new trial would not "probably produce an acquittal." *Robinson,* 627 F.3d at 948. 18 U.S.C. § 922(g)(1) makes it a crime for any person

5

convicted of a felony to possess a firearm. 18 U.S.C. § 922(g)(1). However, "section 921(a)(20) excludes from consideration under section 922(g)(1) those felony convictions for which a defendant has had his civil rights restored, if, in addition, his firearm privileges are not restricted."[4] *Berger v. United States,* 867 F.Supp. 424, 427 (S.D.W. Va. Nov 9, 1994) (Copenhaver, J) (citing *United States v. Hassan El,* 5 F.3d 726, 733 (4th Cir.1993), *cert denied,* 511 U.S. 1006 (1994); *United States v. Clark,* 993 F.2d 402, 205 (4th Cir.1993.) In West Virginia, "convicted felons may not possess firearms without an appropriate order from a circuit court." *United States v. Herron*, 38 F.3d 115, 118 (4th Cir.1994) (citing W.Va. Code § 61-7-7.)[5] In *United States v. Herron,* the Fourth Circuit found that "[t]he general restoration of [Defendant's] rights was necessarily subject to the provision that he could not possess a firearm without following the procedures outlined in § 61-7-7." (*Id.*) Importantly, it also held that "[t]he broad wording of [a] discharge order cannot 'negate th[is] express state law prohibition on firearm possession . . .'" (*Id.*) (quoting *United States v. McLean,* 904 F.2d 216, 219 (4th Cir.1990), *cert. denied,* 498 U.S. 875 (1990)). In the instant case, Defendant's discharge order

---

[4] 18 U.S.C. § 921(a)(20)(B) states:

"Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms."

[5] W.Va. Code § 61-7-7 (2012) provides in pertinent part:

(a) Except as provided in this section, no person shall possess a firearm . . . who:

(1) Has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year

. . . .

(c) Any person prohibited from possessing a firearm by the provisions of subsection (a) of this section may petition the circuit court of the county in which he or she resides to regain the ability to possess a firearm and if the court finds by clear and convincing evidence that the person is competent and capable of exercising the responsibility concomitant with the possession of a firearm, the court may enter an order allowing the person to possess a firearm if such possession would not violate any federal law . . . "

provided that "any or all civil rights heretofore forfeited are restored, *unless otherwise provided by law.*" (Document 369 at 10) (emphasis added). This discharge order cannot be construed as a state decision to restore his right to possess a firearm, given that § 61-7-7 expressly precludes possession of a firearm by a felon. (*See, Herron*, 38 F.3d at 118.) Moreover, there is no evidence that Defendant followed the procedures in § 61-7-7(c) in order to restore his right to possess firearms. Therefore, he is not entitled to the exemption under 18 U.S.C. 921(a)(2). (*See, Herron*, 38 F.3d at 118.)

Based upon the foregoing, Defendant does not qualify for a new trial. *Robinson,* 627 F.3d at 948. Even if the Court were to find that Defendant's "Official Certificate of Discharge" is "newly discovered evidence," it is not likely to produce an acquittal. (*Id.*) The Court also finds that the interest of justice does *not* require granting a new trial. Fed. R. Crim. P. 33(a). Therefore, Defendant's motion for a new trial (Document 369) should be denied.

### IV. CONCLUSION

WHEREFORE, after careful consideration, the Court **FINDS** that the Defendant is not entitled to a new trial and, accordingly, **ORDERS** that Defendant's Motion (Document 369) be **DENIED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal. ENTER: June 3, 2013

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA