IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

UNITED STATES OF AMERICA,

          Plaintiff,

v.                                   CRIMINAL ACTION NO. 1:09-cr-00270

THOMAS CREIGHTON SHRADER,

          Defendant.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed Defendant's *pro se* Motion for a New Trial (Document 370) wherein he moves, pursuant to Rule 33 (a) and Rule 33 (b)(1) of the Federal Rules of Criminal Procedure, for a new trial on two counts of Stalking by Use of Interstate Facility for which he was previously convicted by jury verdict in 2010. For the reasons stated herein, the Court finds that Defendant's motion should be denied.

On June 8, 2010, Defendant was charged in a Second Superseding Indictment, with two counts of Stalking by Use of Interstate Facility in violation of 18 U.S.C. § 2261A(2) (Counts 1 and 2) and one count of being a Felon in Possession of a Firearm in violation of 18 U.S.C. §§922(g)(1) and 924(a)(2) (Count 3). (Documents 123 and 124.) This Court granted Defendant's motion to sever counts. (Document 82.) On July 14, 2010, a jury found Defendant guilty of being a Felon in Possession of a Firearm (Count 3). (Documents 219- 222 and 224.) On August 20, 2010, a second jury found Defendant guilty of two counts of Stalking by Use of Interstate Facility (Counts 1 and 2). (Documents 293-294, and 297.) On November 18, 2010, this Court sentenced Defendant to 235 months of imprisonment to be followed by a period of

five years supervised release. (Documents 337 ad 341.) On November 24, 2010, Defendant, by counsel, filed a Notice of Appeal (Document 343). On April 4, 2012, the Fourth Circuit Court of Appeals affirmed Defendant's conviction and sentence. *United States v. Shrader*, 675 F.3d 300 (4th Cir.2012). Defendant then filed a petition for certiorari in the United States Supreme Court, which was denied on December 3, 2012. *Shrader v. United States,* 133 S.Ct. 1320 (2012.)

In the instant motion, Defendant moves for a new trial based upon newly discovered evidence and in the interest of justice. (Document 370 at 1.) Defendant argues that in August of 2011, he received a copy of his Appeal, with exhibits, and discovered that "[t]he warrant [for his arrest] was based upon untruths made by Ralph Stanley to the FBI which he admitted to under testimony." (Document 370 at 1-2.) Defendant contends that Ralph Stanley's trial testimony reveals that he was a member of the United States Air Force when he opened the thirty-two page letter from Defendant, which formed the basis of Counts I and II of the Second Superseding Indictment. (*Id.* at 3-4.) Defendant cites to a portion of the trial transcript in which Ralph Stanley stated that "[he] got a call at Eglin Air Force Base from Terry Schwartz telling [him] that they had taken [Defendant] into custody." (*Id.* at 10.) Defendant asserts that the letter should have been supressed as the fruits of an illegal seizure under the Fourth Amendment because Ralph Stanley was acting as a government agent and did not have a warrant. (*Id.* at 7-8.) Therefore, Defendant moves for a new trial based upon Ralph Stanley's trial testimony. (*Id.*)

Under Rule 33 of the Federal Rules of Criminal Procedure, the Court may "[u]pon the defendant's motion . . . vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). "Any motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty." Fed. R. Crim. P. 33(b)(1). The Court of Appeals for the Fourth Circuit has observed that "a court 'should

exercise its discretion to grant a new trial "sparingly,"' and that it should do so 'only when the evidence weighs heavily against the verdict.'" *United States v. Perry*, 335 F.3d 315, 320 (4th Cir. 2003) (quoting *United States v. Wilson*, 118 F.3d 228, 237 (4th Cir.1997)). In deciding whether to grant a motion for a new trial based upon newly discovered evidence, a court must consider the following factors:

> (a) the evidence must be, in fact, newly discovered, i.e., discovered since the trial; (b) facts must be alleged from which the court may infer diligence on the part of the movant; (c) the evidence relied on must not be merely cumulative or impeaching; (d) it must be material to the issues involved; and (e) it must be such, and of such nature, as that, on a new trial, the newly discovered evidence would probably produce an acquittal.

*United States v. Robinson,* 627 F.3d 941, 948 (4th Cir.2010) (quoting *United States v. Custis,* 988 F.2d 1355, 1359 (4th Cir.1993)). Unless a defendant demonstrates all five of the above factors, a motion for a new trial should be denied. *United States v. Smith,* 317 Fed.Appx. 323, 327–28 (4th Cir.2008) (citing *United States v. Chavis,* 880 F.2d 788, 793 (4th Cir.1989)).

Defendant's motion should be denied because his evidence is not "newly discovered" and granting a motion for a new trial is not in the interest of justice. As stated above, in order to grant a motion for a new trial based upon newly discovered evidence, "the evidence must be, in fact, newly discovered, i.e., discovered since the trial." *Robinson,* 627 F.3d at 948. In support of his motion, Defendant relies on Ralph Stanley's trial testimony. (Document 370.) By definition, trial testimony is *not* "newly discovered evidence." *Robinson,* 627 F.3d at 948. "Evidence is not newly discovered if it is known to the defendant." *Jackson v. U.S.*, 638 F.Supp.2d 514, 617 (W.D.N.C. June 19, 2009) (citing *United States v. Munoz,* 957 F.2d 171, 173 (5th Cir.1992)). Defendant had this information when the verdict was received. Also, Defendant's counsel had an opportunity to cross-examine Ralph Stanley with respect to his employment and his connection to the FBI. Moreover, the grounds cited by Defendant do not impeach Ralph

Stanley's credibility or indicate that he was a government employee. Defendant relies on Ralph Stanley's testimony that he "work[s] for Shell Exploration and Production Company" and that on November 13th, he "got a call at Eglin Air Force Base." (Document 356 at 167, 182.) The fact that Ralph Stanley received a phone call at an air force base does not constitute newly discovered evidence, nor does it show that he was acting as a governmental agent.

After careful consideration, the Court **FINDS** that Defendant has not set forth a legal or factual basis to support the granting of a new trial and, therefore, **ORDERS** that Defendant's motion (Document 370) be **DENIED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER: June 5, 2013

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA