IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                       CRIMINAL ACTION NO. 1:09-cr-00270

THOMAS CREIGHTON SHRADER,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed Defendant's *pro se* Motion to Compel (Document 379), wherein he moves the Court, pursuant to Rule 34 (a) of the Federal Rules of Criminal Procedure, to arrest judgment on Counts 1, 2 and 3 of the Second Superseding Indictment upon which he was convicted. In support, Defendant asserts that those counts were missing essential elements, and therefore, fail to charge an offense under federal law, depriving the court of jurisdiction. For the reasons stated herein, the Court finds that Defendant's motion should be denied.

On June 8, 2010, Defendant was charged in a Second Superseding Indictment with two counts of Stalking by Use of Interstate Facility in violation of 18 U.S.C. § 2261A(2) (Counts 1 and 2), and one count of being a Felon in Possession of a Firearm in violation of 18 U.S.C. §§922(g)(1) and 924(a)(2) (Count 3). (Documents 123 and 124.) On July 14, 2010, a jury found Defendant guilty of being a Felon in Possession of a Firearm (Count 3). (Documents 219- 222 and 224.) On August 20, 2010, a second jury found Defendant guilty of two counts of Stalking by Use of Interstate Facility (Counts 1 and 2). (Documents 293-294, and 297.) On November 18, 2010, this Court sentenced Defendant to two hundred thirty five (235) months of

imprisonment to be followed by a period of five years of supervised release. (Documents 337 and 341.) On November 24, 2010, Defendant, by counsel, filed a Notice of Appeal (Document 343). On April 4, 2012, the Fourth Circuit Court of Appeals affirmed Defendant's conviction and sentence. *United States v. Shrader*, 675 F.3d 300 (4th Cir.2012). Defendant then filed a petition for certiorari in the United States Supreme Court, which was denied on December 3, 2012. *Shrader v. United States,* 133 S.Ct. 1320 (2012.) On December 17, 2012, Defendant filed a Motion for a New Trial with respect to his 2010 conviction for being a Felon in Possession of a Firearm. (Document 369.) On January 14, 2013, Defendant filed a Motion for a New Trial with respect to his 2010 convictions for Stalking by Use of Interstate Facility. (Document 370.) The Court denied those motions on June 4, 2013, and June 5, 2013, respectively. (Documents 376 and 377.) On June 11, 2013, Defendant filed the instant motion to arrest judgment. (Document 379.) On June 17, 2013, Defendant filed his notice of appeals with respect to the Court's denials of his motions for a new trial. (Documents 380 and 381.) Those appeals are still pending with the Fourth Circuit Court of Appeals.

In the instant motion, Defendant argues that the Court must arrest judgment pursuant to Rule 34 of the Federal Rules of Criminal procedure because the indictments for all three counts of his conviction were missing essential element(s), and therefore, failed to charge an offense under federal law, depriving the court of jurisdiction. (Document 379.) Defendant asserts that the Indictment for Counts 1 and 2 (Stalking by Use of Interstate Facility in violation of 18 U.S.C. § 2261A(2)) are missing two essential elements. He asserts that neither Count 1 nor Count 2 state: (1) "the element of 'substantial emotional distress' was to a person in another state" and (2) "that a person in another state 'was placed in reasonable fear of death or serious bodily injury.'" (Document 379 at 6.) With respect to Count 3 (Felon in Possession of a Firearm in violation of

18 U.S.C. §§922(g)(1) and 924(a)(2)), Defendant argues that the indictment is missing an essential element, the word "unlawfully." (Document 379 at 6.) Based upon the foregoing, Defendant moves the Court "to do its duty" and arrest judgment on said counts.

Under Rule 34(a) of the Federal Rules of Criminal Procedure, a court must arrest judgment if the indictment or information does not charge an offense, or the court lacks jurisdiction over the offense charged.[1] Fed.R.Crim.P. 34(a). Under Rule 34(b), a defendant must move to arrest judgment within 14 days after the court accepts a guilty verdict. Fed.R.Crim.P. 34(b).

As noted above, a jury found Defendant guilty of being a Felon in Possession of a Firearm (Count 3) on July14, 2010. (Documents 219- 222 and 224.) A second jury found Defendant guilty of two counts of Stalking by Use of Interstate Facility (Counts 1 and 2) on August 20, 2010. (Documents 293-294, and 297.) Defendant did not file this motion for arrest of judgment until June 11, 2013, and he did not file a motion for leave to file an untimely motion. "A Rule 34 motion's untimeliness divests the court of jurisdiction to rule on the motion." *United States v. Foster,* 2013 WL 1975652 (D.Md. May 10, 2013) (citing *Massicot v. United States,* 254 F.2d 58, 61 (5th Cir.1958)). Defendant's motion was not timely filed, and therefore, should be denied.

---

[1] Rule 34 provides as follows:

  (a) In General. Upon the defendant's motion or on its own, the court must arrest judgment if:

    (1) the indictment or information does not charge an offense; or

    (2) the court does not have jurisdiction of the charged offense.

  (b) Time to File. The defendant must move to arrest judgment within 14 days after the court accepts a verdict or finding of guilty, or after a plea of guilty or nolo contendere.

Even if the Court were to consider this issue "on its own [motion]," it would still deny the motion. Defendant's arguments fail because the Second Superseding Indictment is plainly sufficient on its face as it stated the necessary facts relevant to Stalking by Use of Interstate Facility in violation of 18 U.S.C. § 2261A(2) (Counts 1 and 2) and Felon in Possession of a Firearm in violation of 18 U.S.C. §§922(g)(1) and 924(a)(2) (Count 3). (Documents 123 and 124.) In reviewing the sufficiency of an indictment, the most important considerations are whether it "first, contains the elements of the offense charged," specifically, whether it "fairly informs a defendant of the charge against which he must defend, and, second enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States,* 418 U.S. 87, 117 (1974). "An indictment is 'generally sufficient if it sets forth the offense in the words of the statute so long as the statute adequately states the elements of the offense.' " *United States v. Dunn,* 841 F.2d 1026, 1029 (10th Cir.1988) (quoting *United States v. Salazar,* 720 F.2d 1482, 1486 (10th Cir.1983)).

In this case, Counts 1 and 2 of the indictment include the date of the illegal activity, place, and essential elements of Stalking by Use of Interstate Facility in violation of 18 U.S.C. § 2261A(2).[2] Defendant argues that the essential element of "substantial emotional distress to a person in another state" in 18 U.S.C. § 2241A(2)(A) and the essential element of intent to place

---

[2] Title 18 U.S.C. Section 2241A(2) provides in pertinent part, that whoever with intent:

> (A) to . . . harass, . . . or cause substantial emotional distress to a person in another State . . . or
> (B) to place a person in another State . . . in reasonable fear of the death of, or serious bodily injury to--
>> (i) that person;
>> (ii) a member of the immediate family . . . of that person; or
>> (iii) a spouse or intimate partner of that person;
> uses the mail, . . . or any facility of interstate or foreign commerce to engage in a course of conduct that causes substantial emotional distress to that person or places that person in reasonable fear of the death of, or serious bodily injury to, any of the persons described in clauses (i) through (iii) of subparagraph (B)

shall be [guilty of a crime against the United States]. 18 U.S.C. § 2261A(2).

"a person in another state . . . in reasonable fear of the death of, or serious bodily injury to . . .." in 18 U.S.C. § 2241A(2)(B) are missing. This argument is without merit. Those elements are plainly included in the indictment. Counts 1 and 2 both state that Defendant, in West Virginia, with intent to "cause substantial emotional distress to," and to place DS / RS "in reasonable fear of the death of, and serious bodily injury to [herself/himself], [her husband/his wife] and [his/her] children . . . caused a thirty-two page letter to be delivered via UPS Ground from West Virginia to the home of DS and RS in Texas." (Document 124 at 3-4.)[3] Because the indictment clearly states that Defendant was in West Virginia when he sent the harassing letter to DS and RS's home in Texas, the element of "a person in another state" is satisfied. The indictment also provides background information including the fact that "DS and RS moved from West Virginia to Texas in October 1979" and that "[i]n the summer of 2008 [Defendant] obtained DS's home phone number in Texas." (Document 124 at 2.) The Court finds that the indictment "adequately states the elements of the offense." *United States v. Dunn,* 841 F.2d 1026, 1029 (10th Cir.1988)

Count 3 of the indictment includes the date of the illegal activity, place, and essential elements for Felon in Possession of a Firearm in violation of 18 U.S.C. §§922(g)(1) and

---

[3] Count 1 of the indictment states in pertinent part that Defendant "with intent (1) to . . . cause substantial emotional distress to, and (2) to place DS in reasonable fear of the death of, and serious bodily injury to, her, RS [DS's husband] and her children, Defendant . . . did knowingly use a facility of interstate commerce to engage in a course of conduct that caused substantial emotional distress to DS and placed her in reasonable fear of the death of and serious bodily injury to herself, RS and her children, that is Defendant . . .caused a thirty-two page letter to be delivered via UPS Ground from West Virginia to the home of DS and RS in Texas." (Document 124 at 3.)

Count 2 of the indictment states in pertinent part that Defendant "with the intent (1) to . . . cause substantial emotional distress to, and (2) to place RS in reasonable fear of the death of, and serious bodily injury to, him, DS and his children, Defendant . . . did knowingly use a facility of interstate commerce to engage in a course of conduct that caused substantial emotional distress to RS and placed him in reasonable fear of the death of and serious bodily injury to himself, DS and his children, that is, Defendant . . .caused a thirty-two page letter to be delivered via USP Ground from West Virginia to the home of DS and RS in Texas." (Document 124 at 4.)

924(a)(2).[4] Defendant argues that the essential element, the word "unlawfully," is missing from the indictment, and therefore, it is fatally flawed. This argument, too, is without merit. Title 18 U.S.C. Section 922(g)(1) provides, in pertinent part, that "[i]t shall be unlawful for any person . . . who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . to . . . possess in or affecting commerce, any firearm . . . . 18 U.S.C. §922(g)(1). The word "unlawful" is not an element, but rather the part of the preface of the statute. The Court finds that the essential elements of the offense are included in the indictment. Count 3 of the indictment states that: (1) Defendant did "knowingly possess" firearms "in and affecting interstate commerce" and (2) at the time he possessed those firearms "he had been convicted of crimes punishable by a term of imprisonment exceeding one year." (Document 124 at 5.) Therefore, the indictment did contain the essential elements of the offenses.

Based upon the foregoing, the Court **FINDS** that there is no basis for the Court to arrest judgment of Defendant's convictions on Counts 1, 2 or 3. Accordingly, the Court **ORDERS** that Defendant's motion (Document 379) be **DENIED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.   ENTER:   October 7, 2013

_____
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA

---

[4] Title 18 18 U.S.C. Section § 924(a)(2) provides, in pertinent part, that "[w]hoever knowingly violates subsection . . . (g) . . . of section 922 shall be fined as provided in this title, imprisoned not more than 10 years, or both." 18 U.S.C. § 924(a)(2).