## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BLUEFIELD DIVISION

THOMAS CREIGHTON SHRADER,

                Petitioner,

v.                                    CIVIL ACTION NO.   1:13-cv-33098
                                    (Criminal No. 1:09-cr-00270)

UNITED STATES OF AMERICA,

                Respondent.

### MEMORANDUM OPINION AND ORDER

The Court has reviewed the Petitioner's *Motion Under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody* (Section 2255 Motion) (Document 406), filed on December 24, 2013.  The Court has also reviewed Magistrate Judge R. Clarke VanDervort's *Proposed Findings and Recommendation* (PF&R) (Document 441), and the Petitioner's *Objections* (Document 446).   For the reasons set forth herein, the Court finds that the Magistrate Judge's *Proposed Findings and Recommendation* should be adopted, and the Petitioner's *Objections* overruled.

### PROCEDURAL HISTORY

The Petitioner's underlying criminal case in this Court began with the filing of an *Indictment* (Document 15) on December 2, 2009, wherein the United States alleged that the Petitioner violated 18 U.S.C. §2261A(2) (Section 2261A(2)), by using a facility of interstate commerce to engage in stalking.   (Indictment, at ¶13.)   On January 20, 2010, the United States filed a *Superseding Indictment* (Document 28), which charged the Petitioner with violating Section

2261A(2), and also charged the Petitioner as a felon in possession of a firearm, in violation of 18 U.S.C. §921(a)(20). (Superseding Indictment, at 3-4.)   As predicate offenses for the charge of felon in possession of a firearm, the *Superseding Indictment* asserted that in January of 1976, the Petitioner was convicted of two counts of first-degree murder in the Circuit Court of Wyoming County, West Virginia, and that on October 13, 1979, the Petitioner was convicted of escape by the same court.   (*Id.* at 4.)   On February 3, 2010, the Petitioner filed his *Motion to Sever Counts One and Two* (Document 38), and on March 5, 2010, Magistrate Judge VanDervort issued his *Proposed Findings and Recommendation* (Document 55), wherein Magistrate Judge VanDervort recommended that this Court grant the Petitioner's motion to sever.   On May 6, 2010, the Court issued a *Memorandum Opinion and Order* (Document 82), wherein the Court adopted Magistrate Judge VanDervort's *Proposed Findings and Recommendation*, and ordered that the Petitioner's motion to sever be granted.

On June 8, 2010, the United States filed a three-count *Second Superseding Indictment* (Document 123).   In the first two counts of the *Second Superseding Indictment*, the United States charged the Petitioner with violations of Section 2261A(2), while the third count charged the Petitioner as a felon in possession of a firearm under Section 921(a)(20).   The Petitioner was subsequently convicted by jury trial in this court as to count three of the *Second Superseding Indictment* on July 14, 2010, and convicted by jury trial in this court as to counts one and two of the *Second Superseding Indictment* on August 17, 2010.   On November 19, 2010, this Court held a sentencing hearing (Document 337), where the Court sentenced the Petitioner to two hundred and thirty-five (235) months of confinement for these convictions, and a term of supervised release of five (5) years.

The Petitioner filed his *Notice of Appeal* (Document 343) for his conviction and sentence with the Fourth Circuit on November 24, 2010.   The Defendant presented six arguments in appealing his conviction and sentence.[1]   Specifically, the Petitioner argued (1) that the Court erred in denying his motion to suppress firearms recovered from his house, (2) that the Court erred in refusing to give his proposed instruction to the jury on the constructive possession of a firearm, (3) that the first element of Section 2261A(2) is unconstitutionally vague, (4) that Section 2261A(2) is unconstitutionally vague because it does not clearly define "whether all acts included in the prohibited 'course of conduct' must be done with the specific intent to cause harm …", (5) that the Court erred in concluding that Counts One and Two of the *Second Superseding Indictment* were not duplicative, and (6) that the Petitioner's sentence was inappropriate.   (4CCA Opinion, at 11-24.) (Document 362)   The Fourth Circuit denied the Petitioner's appeal as to each argument. (*Id.*)   The Petitioner then sought review by the United States Supreme Court.   The Supreme Court denied certiorari on December 3, 2012.   *Shrader v. United States*, 133 S.Ct. 757 (2012).   The Petitioner moved for rehearing by the Supreme Court, and the Supreme Court denied the motion. *Shrader v. United States*, 133 S.Ct. 1320 (2013).

On December 17, 2012, the Petitioner moved for a new trial under Federal Rule of Criminal Procedure 33.   (Document 369)   The Petitioner filed a second motion for a new trial on January 14, 2013.   (Document 370).   On June 4, 2013, this Court denied the Petitioner's motions for a new trial.   (Documents 376, 377).   The Petitioner appealed these orders to the Fourth Circuit on

---

[1]   In addition to the six arguments addressed in the Fourth Circuit's *Opinion*, the Petitioner argued that the evidence was insufficient to sustain his conviction.   (4CCA Opinion, at 21.)   The Fourth Circuit noted that it "… reviewed the evidence in detail and described it herein", and "… reject[ed] [the Petitioner's] contention on this matter as an insubstantial one."   (*Id.*)

November 13, 2013.   On December 4, 2013, the Fourth Circuit issued its *Opinion* (Document 400) affirming the Court's denial of the Petitioner's motions for a new trial.

On December 24, 2013, the Petitioner filed his Section 2255 motion.   The Petitioner then filed a *Brief in Support* (Document 411) on December 24, 2013.   The Petitioner sought post-conviction relief on seven grounds related to his conviction at trial by this Court.   (Pl.s' 2255 Motion, at 3.)   The Petitioner also sought relief on the grounds that the District Court erred in sentencing him as an armed career criminal, and on various jurisdictional, statutory and constitutional grounds.   (*Id*. at 5, 8-14.)   Finally, the Petitioner sought relief on claims for ineffective assistance of trial and appellate counsel.   (*Id*. at 14-15.)   Each of these claims were discussed in detail in the Petitioner's *Brief in Support*.   On March 3, 2014, the Petitioner filed his *Motion to Supplement §2255 Petition* (Document 416), wherein he set forth additional claims for ineffective assistance of counsel.   By Standing Order, the Petitioner's Section 2255 motion was referred to Magistrate Judge R. Clarke VanDervort.

On July 24, 2015, Magistrate Judge VanDervort issued a PF&R.   Therein, the Magistrate Judge found that the Petitioner had objected to his conviction on thirty-one (31) separate grounds, while also raising thirteen (13) separate claims of ineffective assistance of trial and/or appellate counsel.   (PF&R, at 4-10.)   Assessing first the Petitioner's thirty-one grounds for challenging his conviction and sentence, Magistrate Judge VanDervort found that none were cognizable. (*Id*. at 16.)   The Magistrate Judge found that some of the Petitioner's claims were "raised and resolved on direct appeal" to the Fourth Circuit.   (*Id*.)   Others "could have been raised on direct appeal but were not," and to the extent such claims "may be regarded as constitutional," the Magistrate Judge found that the Petitioner "… has not shown any reason why they were not raised on direct appeal

4

and that actual prejudice and a miscarriage of justice will result unless the Court considers them." (*Id.*)

As to the Petitioner's claims for relief based on ineffective assistance of counsel, the Magistrate Judge noted as an initial matter that "… it appears that [the Petitioner] is attempting to present issues for consideration under Section 2255 which are ineligible for consideration by operations of the standards discussed above." (*Id.*)   Nonetheless, the Magistrate Judge proceeded to evaluate each of the Petitioner's nine claims of ineffective assistance of trial counsel, and four claims of ineffective assistance of appellate counsel, as well as the eight additional claims for ineffective assistance of counsel raised in the *Petitioner's Motion to Supplement §2255 Petition.* The Magistrate Judge found that none of the Petitioner's claims for ineffective assistance of counsel had merit.   (*Id.* at 17-34.)   On August 24, 2015, the Petitioner filed his *Objections*.   The Petitioner's claims are, therefore, ripe for review by this Court.

## STANDARD OF REVIEW

When reviewing a Magistrate Judge's proposed findings and recommendations for a prisoner's Section 2255 motion, this Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C).   However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985).   In addition, this Court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir.1982).

When reviewing portions of the PF & R de novo, the Court will consider the fact that Petitioner is acting *pro se*, and his pleadings will be accorded liberal construction. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir.1978).

## APPLICABLE LAW

Motions for post-conviction relief by federal inmates are governed by 28 U.S.C. §2255 (Section 2255).   To succeed on a Section 2255 motion, the movant must prove that "his sentence or conviction was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence otherwise is subject to collateral attack."   28 U.S.C. § 2255.   A motion collaterally attacking a petitioner's sentence brought pursuant to § 2255 requires the petitioner to establish his grounds by a preponderance of the evidence."   *Sutton v. United States*, 2006 WL 36859 at * 2 (E.D.Va. Jan. 4, 2006).

While Section 2255 provides federal inmates with a procedural right to test the legality of their detention, it does not grant unfettered discretion to the inmate to challenge any and all aspects of the underlying conviction and sentence.   The filing of a Section 2255 motion does not supplant or obviate the need to file a direct appeal. *Sunal v. Large*, 332 U.S. 174, 178 (1947). Constitutional claims for relief that were not raised on direct appeal are, as a general rule, subject to procedural default, and not cognizable in a Section 2255 motion.   *See, e.g.*, *Bousley v. United States*, 523 U.S. 614, 621-22 (1998); *Murray v. Carrier*, 477 U.S. 478, 488 (1986); *United States v. Mikalajunas*, 186 F.3d 490, 492-95 (4th Cir. 1999), *cert. denied*, 529 U.S. 1010 (2000); *United States v. Maybeck*, 23 F.3d 888, 891-92 (4th Cir. 1994).   To overcome the procedural default rule, an inmate must show "cause and prejudice" resulting from the errors, or that a "miscarriage of

6

justice" would result from the Court's refusal to entertain a procedurally defaulted claim. *Mikalajunas*, 186 F.3d at 493.   To establish cause, an inmate must establish a nexus between the failure to raise the defaulted claim on direct appeal and some external factor, such as the novelty of the claim, an intervening change in law made retroactive to the inmate's case, or ineffective assistance of counsel.   *Id*.   Actual prejudice is shown by demonstrating that the error worked to movant's "actual and substantial disadvantage," rather than just creating a possibility of prejudice. *See Satcher v. Pruett*, 126 F.3d 561, 572 (4th Cir. 1997).   To establish a miscarriage of justice, the Fourth Circuit has required inmates to show actual innocence of the underlying offense.   *Id*., *accord Murray*, 477 U.S. at 496.

Further, Section 2255 does not permit relitigation of issues decided on direct appeal.   In *Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir.) (per curiam), cert. denied, 429 U.S. 863, 97 S.Ct. 169, 50 L.Ed.2d 142 (1976), the Court held that a defendant "will not be allowed to recast, under the guise of a collateral attack, questions fully considered [on appeal]."   An exception exists, however, when there has been an intervening change in the law which justifies consideration of a prior determination. *See Davis v. United States*, 417 U.S. 333, 342 (1974).

Claims of constitutionally-ineffective assistance of counsel, raised pursuant to the Sixth Amendment, are an exception to the general procedural default rule, and as such, may be appropriately made for the first time in a Section 2255 petition.   When a movant claims ineffective assistance of counsel as a basis for seeking relief under Section 2255, the burden is on the movant to prove that his trial attorney failed to render effective assistance. *Strickland v. Washington*, 466 U.S. 668, 689 (1984).   *Strickland* set forth a two-pronged test for determining whether a defendant received adequate assistance of counsel. *Id*.   The first prong is competence. The movant must

show that the representation fell below an objective standard of reasonableness. *Strickland*, 466 U.S. at 687 - 691.   There is a strong presumption that the conduct of counsel was in the wide range of what is considered reasonable professional assistance, and a reviewing Court must be highly deferential in scrutinizing the performance of counsel. *Strickland*, 466 U.S. at 688-89.   The Court will not second-guess an attorney's tactical decisions unless they appear unreasonable in view of all of the circumstances. *Goodson v. United States*, 564 F.2d 1071, 1072 (4th Cir. 1977).   The second prong is prejudice.   The movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.   A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694; *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). An attorney's mere mistake, ignorance or inadvertence does not suffice for proof of ineffective assistance. *Murray*, 477 U.S. at 478.

As stated above, a defendant's right to effective assistance of counsel continues through direct appeal. *Evitts v. Lucey*, 469 U.S. 387, 396 (1985).   Claims of ineffective assistance of appellate counsel are examined under the same *Strickland* standards applicable to claims of ineffective assistance of trial counsel. *Smith v. Robbins*, 528 U.S. 259, 285, 120 S.Ct. 746, 764, 145 L.Ed.2d 756 (2000).   Appellate counsel is not required to raise all non-frivolous issues on appeal.   Rather, a presumption exists that appellate counsel has decided which issues present the highest likelihood of success on appeal and raised those issues. *Pruett v. Thompson*, 996 F.2d 1560, 1568 (4th Cir. 1993) ("A decision with respect to an appeal is entitled to the same presumption that protects sound trial strategy.").

8

**DISCUSSION**

A.   *The Petitioner's Conviction and Sentence Objections*

The Petitioner first objects to the Magistrate Judge's finding that this Court properly determined that the Petitioner was subject to the Armed Career Criminal Act under 18 U.S.C. §924(e) (ACCA).   The Petitioner argues that the District Court improperly found that his prior conviction in West Virginia state court for unlawful wounding, which arose concurrently with his two convictions for first degree murder, qualified as a predicate offense for purposes of the sentencing enhancement required by the ACCA.   (Objections, at 2.)   The core of the Petitioner's argument is that because he was not "punished for more than one year" by the Circuit Court of Wyoming County, the offense does not fall within the language of the ACCA.

As an initial matter, the Court agrees with the finding of Magistrate Judge VanDervort that the District Court's consideration of this issue at sentencing, and the Fourth Circuit's decision not to consider the Petitioner's arguments on the issue, renders the issue moot for purposes of Section 2255.   (PF&R, at 4 n.2)   The Court further agrees with Magistrate Judge VanDervort that even if the Petitioner's argument were not foreclosed by virtue of its consideration by this Court, and the affirmation of this Court's sentence by the Fourth Circuit, the Petitioner's argument would nonetheless fail.   Magistrate Judge VanDervort correctly noted that at the time the Petitioner was convicted of unlawful wounding, West Virginia's unlawful wounding statute, W. Va. Code §61-2-9, provided that anyone who unlawfully wounded another person "shall be guilty of a felony".   (PF&R, citing West Va. Code §61-2-9.)   The Petitioner's argument that the "except where it is otherwise provided" language of the same statute creates an alternative misdemeanor sanction for unlawful wounding is similarly unavailing.   (Objections, at 3.)   Reviewing the version of West

9

Va. Code §61-2-9 which was effective at the time of the Petitioner's conviction for unlawful wounding, it is clear to the Court that the "except as otherwise provided" language of West Va. Code §61-2-9(a) refers to sections (b) and (c) of the same statute, which proscribe misdemeanor penalties for unlawful wounding which did not involve "shoot[ing], stab[bing], cut[ting], or wound[ing]" another person, or "caus[ing] bodily injury with intent to maim, disfigure, disable or kill." West Va. Code §61-2-9(a).   Thus, the Court agrees with Magistrate Judge VanDervort that the Petitioner was convicted of a felony for unlawful wounding, and properly classified by this Court as an armed career offender under the ACCA.

The Petitioner next objects to the Magistrate Judge's finding that the Petitioner did not raise a valid Section 2255 claim by arguing that "[t]he District Court did not personally address Movant during sentencing to see if he had anything to say.   The Court only addressed defense counsel and did not consult with Movant to confirm if what defense counsel said was true or not." (Objections, at 8, citing PF&R, at 5.)   In making this finding, Magistrate Judge VanDervort noted that "[w]hen the District Court indicated at Movant's sentencing that Movant could make a statement on his own behalf, Movant declined on advice of counsel."   (PF&R, at 5 n.3.)   The Petitioner objects to this finding on the ground that when the Court addressed the Petitioner and asked if he wished to make a statement prior to the Court imposing a sentence, the Court addressed the Petitioner's attorney, who consulted with the Petitioner before informing the Court that the Petitioner "decided on the advice of counsel to remain silent."   (Objections, at 9.)   According to the Petitioner, the Court was required to specifically address the Petitioner, ensure that the Petitioner was fully aware of what an allocution was and "what he was and was not allowed to speak about," and that if the Court had done so, the Petitioner would have "stated what he had to

make the court aware of…"   (*Id.*)   The Petitioner argues that the Court's failure to directly address him during sentencing violates Federal Rule of Criminal Procedure 32(i)(4)(A)(ii). (*Id.*)

The Court cannot agree.   As an initial matter, the claim is procedurally defaulted by virtue of the Petitioner's failure to assert the claim on direct appeal.   Furthermore, the Court finds the argument lacks substantive merit.   During his sentencing hearing, the Court asked counsel for the Petitioner if he had "anything further before the Court pronounces sentence."   (Tr. at 59:10-13.) After consulting with the Petitioner, counsel informed the Court that "[w]ith regard to Mr. Shrader and any allocution he might make, respectfully he has decided on the advice of counsel to remain silent in anticipation of his forthcoming appeal."   (Id. at 59:16-19.)

Federal Rule of Criminal Procedure 32(i)(4)(A)(ii) (Rule 32(i)) requires a district court to "address the defendant personally in order to permit [him] to speak or present any information to mitigate the sentence."   Fed.R.Crim.P. 32(i)(4)(A)(ii).   This requirement is not "satisfied by merely affording the Defendant's counsel the opportunity to speak."   *United States v. Cole*, 27 F.3d 996, 998 (4th Cir. 1994).   The Fourth Circuit has found that the failure of a district court to provide a defendant the opportunity for allocution at sentencing is plain error.   *United States v. Mohammed*, 478 F.3d 247, 249 (4th Cir. 2007).   Where the loss of the opportunity for allocution has prejudiced a defendant by requiring the forfeiture of an opportunity to persuade the district court to impose a lower sentence, and thus deprived the defendant of substantive rights, the Fourth Circuit has found the error prejudicial.   *See, e.g.*, *Cole*, 27 F.3d 999 ("[w]hen a defendant was unable to address the court before being sentenced and the possibility remains that … allocution could have led to a sentence less than that received … fairness … would be brought into serious disrepute were we to allow the sentence to stand.")

11

Had the Court deprived the Defendant in this case of an opportunity for allocution, the Court would find the Petitioner's argument persuasive.   But that is not the case.   To the contrary, the Petitioner in this case knowingly waived his right to allocution at sentencing to ensure a more favorable record on appeal.   Now that the Fourth Circuit has found that his direct appeal lacked merit, the Petitioner claims that the Court erred in accepting his waiver.   Such an argument cannot stand.   The facts are clear.   Prior to addressing the Petitioner, the Court addressed the Petitioner's counsel.   After conferring with the Petitioner, the Petitioner's counsel pre-emptively waived the Petitioner's procedural allocution right.   The Petitioner did not object to this waiver.   Moreover, the Petitioner's counsel informed the Court that the purpose of the waiver was to protect the Petitioner's appellate record.   These actions show that the Petitioner knowingly waived his right to allocution prior to being addressed by the Court at sentencing, facts which pose a stark contrast to *Cole* and *Mohammed*.   Moreover, the Court finds that the Petitioner chose to waive this procedural right as part of a legal strategy agreed upon with his counsel.   Confronted with the choice of making an allocution, in the hopes of persuading the Court to adopt a more lenient sentence, or making a statement that might harm his appellate record, the Petitioner conferred with counsel and chose to remain silent.   Thus, the Court did not strip the Petitioner of any substantive rights, but rather permitted the Petitioner to exercise his right to counsel and his right to refrain from making a statement to the Court.   The Petitioner's objection, therefore, lacks merit.

The Petitioner next objects to the Magistrate Judge's conclusion that his claims about his convictions under Section 2261A(2) had no merit.   He objects, specifically, to the Magistrate Judge's finding that for purposes of this conviction, the Petitioner violated the statute on October 20, 2009, at which point the Petitioner sent his threatening communication via UPS.   (Objections,

at 10.)   The Petitioner makes various claims about the Court's application of Section 2261, including that because his communication was not read by the intended recipient (his former girlfriend, "D.S.") until November 19, 2009, his arrest in this case on November 13, 2009, was unlawful, as at that time he had yet to commit a crime.   (*Id.* at 10-11.)   The Petitioner further argues that because the communication was only read by the intended recipient's husband (R.S.) prior to his arrest, he had not violated Section 2261 at the time of his arrest.   Magistrate Judge VanDervort correctly found that these objections were without merit.   These objections were not raised before the Fourth Circuit on direct appeal, and the Petitioner fails to make any showing as to why his procedural default should be excused.   Further, the Petitioner clearly violated Section 2261A(2) by placing the threatening communication in the custody of UPS, regardless of when the intended recipient ultimately received the communication.   Thus, these objections are waived under Section 2255, and otherwise have no legal merit.

The Petitioner next objects to Magistrate Judge VanDervort's finding that his objections regarding the legality of the search of his premises was fully litigated before the Fourth Circuit, and therefore, ineligible for consideration under Section 2255.   (Objections, at 13.)   The Petitioner argues that the appropriate standard for assessing the legality of the search of his premises, which resulted in the discovery of multiple firearms, is set forth in *United States v. Curzi*, 867 F.2d 36 (1st Cir. 1989.)   In *Curzi*, the First Circuit found that a warrantless search of a dwelling violated the Fourth Amendment when law enforcement officers identified a dwelling that was likely to harbor criminal suspects and evidence, watched a suspect enter and subsequently leave the dwelling, and two hours later, placed a phone call to the dwelling and ordered the residents to exit.   *Curzi*, 867 F.2d at 37-38.   After arresting several of the occupants on

13

outstanding warrants, law enforcement officers entered the dwelling and found guns and explosives.  *Id.* at 38.  The District Court suppressed the evidence from the search, and the First Circuit affirmed, finding that the warrantless search of the dwelling, absent probable cause and exigent circumstances, was a general "protective sweep," and thus a violation of the Fourth Amendment.  (*Id.* at 40-41.)

Here, the Petitioner argues that because the FBI waited at his home for two hours after arresting him, and subsequently requested permission from his co-tenant to search the residence, *Curzi* requires the Court to find that the FBI conducted a general protective sweep absent probable cause and exigent circumstances.  Further, the Petitioner argues that the Magistrate Judge incorrectly classified his arguments as identical to the Defendant's claim that the search was barred under *Georgia v. Randolph*, 547 U.S. 103 (2006), which the Defendant raised before the Fourth Circuit on direct appeal.  The Court finds neither of the Petitioner's claims have merit, and the Magistrate Judge correctly found that the Petitioner's claims were barred under Section 2255.  As an initial matter, the Court notes that the Petitioner did not raise an argument under *Curzi* in his Section 2255 motion or in any of his briefs in support.  To the contrary, the Magistrate Judge correctly found that the Petitioner's Fourth Amendment claims in his Section 2255 motion arose under *Georgia v. Randolph*, and were decided against the Petitioner by the Fourth Circuit.  Even if the Petitioner had set forth an argument under *Curzi* in his Section 2255 motion, however, *Curzi* would not counsel a different result.  As an initial matter, *Curzi* does not reflect the law of the Fourth Circuit.  Moreover, in the instant case, both this Court and the Fourth Circuit found that the search of the Petitioner's residence, while conducted after the Petitioner's arrest and without a warrant, was appropriate under *Georgia v. Randolph* because the Petitioner's co-tenant authorized

14

the search.  *Curzi*, by contrast, addresses the circumstances under which a general protective sweep, absent a warrant, may be constitutionally permissible if probable cause and exigent circumstances are present.   Thus, the Court finds that the Petitioner's objection fails.

The Petitioner next objects to the Magistrate Judge's finding that "[n]one of the 31 claims" raised by the Petitioner "are cognizable."  (PF&R, at 16.)  In support of his objection, the Petitioner reiterates a number of arguments raised in prior objections, including objections to the Court's imposition of a sentence under the ACCA, and the claim that "the lack of resolution" of these claims "is prejudicing [the Petitioner] with loss of life, liberty and personal freedom in the world."  (Pl.s' Objections, at 14.)  There can be no dispute that the Petitioner, by virtue of the sentence of this Court, has been deprived of his liberty and personal freedom.  However, in making this objection, the Petitioner provides no colorable legal argument showing why the Magistrate Judge's finding was erroneous.  The Magistrate Judge correctly found that all of the Petitioner's claims which do not pertain to the effective assistance of counsel were either addressed by the Fourth Circuit on direct appeal, or procedurally defaulted.  Moreover, in objecting to this finding, the Petitioner makes no showing as to why his procedurally defaulted claims should be reinstated by the Court.  The Petitioner provides no evidence of cause, and shows no actual prejudice.  Thus, the Court overrules the Petitioner's objection.

### B.  *The Petitioner's Ineffective Assistance of Counsel Claims*

The Petitioner objects to a number of Magistrate Judge VanDervort's findings as to the Petitioner's claims of ineffective assistance of counsel.  The Court has attempted to compile the Petitioner's objections into several coherent claims.  While the Court finds that none of the Petitioner's objections have merit, the Court will nevertheless address each of them.

The Petitioner first argues that Magistrate Judge VanDervort improperly determined that the failure of the Petitioner's trial counsel to seek dismissal of various indictments in this case based on the timing of R.S.'s receipt of the letter did not rise to the level of constitutional ineffectiveness. (Pl.s' Objections, at 16-17.) The Petitioner's arguments in support of this objection center on whether he could be charged with a crime prior to D.S.'s receipt of the letter. (*Id*.) In his view, such a charge was constitutionally infirm, and his trial counsel erred in failing to move to dismiss the indictment on these grounds. (*Id*.) Thus, the Petitioner argues that his trial counsel's conduct was so egregious as to rise to the level of ineffectiveness under the Sixth Amendment, and "prejudiced [the Petitioner]" by exposing him to "additional charges, trials, additional incarceration time, loss of life, liberty, and freedom." (*Id*. at 18.)

The Court finds that Magistrate Judge VanDervort correctly concluded that the Petitioner's objection lacked merit. As Magistrate Judge VanDervort notes, the *Criminal Complaint* filed in the Petitioner's case on November 13, 2009 (Document 3) did not specify the person who was the object of the Petitioner's conduct; rather, "[i]n conformity with the language contained in [Section 2261A(2)], it referred to a 'a person.'" (PF&R, at 19.) Furthermore, Magistrate Judge VanDervort correctly noted that the plain language of the *Criminal Complaint* established the legal elements of an offense under Section 2261A(2), which were also "factually established." (*Id*.) Thus, the Court finds no evidence that Petitioner's trial counsel was constitutionally ineffective in failing to move to dismiss the indictment on this ground.

The Petitioner's second objection is that his trial counsel erred in failing to move the Court to dismiss the *Criminal Complaint* for lack of original jurisdiction and venue. Magistrate Judge VanDervort found that both jurisdiction and venue were proper. (PF&R, at 20.) The Magistrate

Judge noted that the jurisdictional statute relevant to criminal offenses against the United States, 18 U.S.C. §3231, grants "the district courts of the United States" original jurisdiction over "all offenses against the laws of the United States."   18 U.S.C. §3231.   Magistrate Judge VanDervort also found that venue in this case was appropriate, as the relevant criminal conduct took place in the Southern District of West Virginia.   (PF&R, at 20.)   As the Magistrate Judge noted, Section 2261A(2) criminalizes the use of an interstate commerce facility to place a person in another state in fear of death or serious bodily injury.   The jury found that in 2009, the Petitioner used such a facility in the Southern District of West Virginia to send a threatening communication to R.S. and D.S., residents of Texas.   Thus, the Magistrate Judge found that venue was proper in this Court. (*Id.*)   In his objections, the Petitioner argues that the crime occurred in Texas, where R.S. resided and ultimately received the communication.   (Pl.s' Objections, at 19, citing *Travis v. United States*, 364 U.S. 631 (1958).)   Because Section 2261A(2) prohibits placing a person "in another state" in fear of death or serious bodily injury, moreover, the Petitioner argues that cases brought under this statute must be brought in the district where such fear arises – in this case, Texas.[2]   (*Id.* at 20.)   Because his trial counsel "failed to investigate" potential legal arguments concerning venue and jurisdiction, and failed to file a motion to dismiss on these grounds, the Petitioner argues that he was prejudiced, and that "there is a reasonable probability that, but for counsel's

---

[2]    The Petitioner cites a litany of cases in support of this proposition.   After careful review, the Court finds that none of these cases stand for the proposition that a prosecution under 18 U.S.C. §2261A(2) must be brought in the district to which the defendant directed the alleged criminal activity.   Rather, these cases merely suggest, but do not explicitly assert, that prosecutions under this section may be brought in the district where the victim resided, if the investigating agency and United States attorney so choose. The Petitioner further argues that Article 3, Section 2, of the United States Constitution, and the Sixth Amendment thereto, required his trial to be held in Texas.   Both provisions require that criminal trials be held in the jurisdiction where the crime was committed.   The Court finds that Magistrate Judge VanDervort correctly opined that the crime in this case was committed in the Southern District of West Virginia – when the Petitioner used an interstate commerce facility (UPS) in this district to transmit a threatening communication to D.S.   Moreover, even if the Petitioner were correct, he provides no compelling argument as to why there would have been a different result at trial but for this alleged error by his trial counsel.

unprofessional errors, the results of this proceeding would have been different."   (*Id*. at 21.)   The Petitioner also argues that his appellate counsel was ineffective in failing to raise this argument before the Fourth Circuit.   (*Id*. at 30.)

The federal jurisdiction statute, 18 U.S.C. §3231, clearly authorized this court to exercise jurisdiction over the Petitioner's criminal proceeding.   The Petitioner was charged with two offenses against the United States, and the statute provides this Court with original jurisdiction over such offenses.   The Petitioner provides no viable legal theory as to why this court was barred from exercising jurisdiction, and the Court finds that the Petitioner's counsel did not err in failing to seek dismissal of the *Criminal Complaint* on these grounds.

As to the issue of venue, the Court finds that Magistrate Judge VanDervort properly determined that the appropriate venue for the Petitioner's criminal proceeding was the Southern District of West Virginia.   The evidence of record in this case clearly established that the Petitioner used an interstate commerce facility in this district to send a threatening communication to R.S.   The crime's locus was in the Southern District of West Virginia – where the Petitioner placed his communication in the custody of UPS.   The jury found that this conduct violated Section 2261A(2). Thus, the Court finds that counsel for the Petitioner was not ineffective in failing to move the Court to dismiss the *Criminal Complaint* based on improper venue. Moreover, even if the Petitioner could make a colorable claim that such a motion to dismiss may have gained traction in this Court, the Petitioner has made no showing as to why the Court should not defer to the decision of counsel not to file the motion.   Nor has the Petitioner, contrary to his representations, made any showing that but for the conduct of defense counsel in this regard, the

outcome of his case would have differed.   The Court also finds no basis to question the conduct of Petitioner's appellate counsel in failing to raise this argument before the Fourth Circuit.

The Petitioner's third objection is that his defense counsel should have moved to suppress the firearms seized at his residence. (Pl.s' Objections, at 21-22.)   The crux of the Petitioner's argument is that when this Court suppressed statements that the Petitioner made to the FBI agents that arrested him about the firearms in his residence, his trial counsel was obligated to move to suppress the firearms as "physical fruits of Defendant's unwarned but voluntary statements to the officers and agents who arrested him."   (*Id*. at 23.)   The Magistrate Judge found that the Petitioner's "trial attorney requested suppression of the firearms obtained during the search of the Movant's residence," and thus, found that the Petitioner's claim was without merit.   (PF&R, at 22.)   This Court observes that the Petitioner's trial counsel more than fulfilled his obligations to the Petitioner, and vigorously sought to suppress the seized firearms.   As Magistrate Judge VanDervort noted, the Petitioner's trial counsel filed a *Motion to Suppress Firearms* (Document 173) on June 30, 2010, which the Court denied.   At trial, the Court then suppressed the Defendant's statement to law enforcement about the firearms, which was made incident to his arrest.   However, the Court specifically stated, when ruling on the Petitioner's *Motion in Limine*, that "the fruits of a statement, even if it is violative of *Miranda*, are still admissible."   (Tr. at 25:3-7.)   That remains the Court's position.[3]   The Court finds no support for the Petitioner's argument that his counsel was ineffective in failing to move to suppress the firearms as the improperly-obtained result of the suppressed statement.

---

[3]   As Magistrate Judge VanDervort noted, the United States Supreme Court and the Fourth Circuit have concluded that, despite the failure of arresting officers to give an arrestee Miranda warnings, suppression of the physical fruits of the arrestee's unwarned but voluntary disclosure is not required. *United States v. Patane*, 542 U.S. 630, 633 – 634 (2004); *United States v. Sterling*, 283 F.3d 216, 218 - 219 (4th Cir. 2002).

The Petitioner's fourth objection, arising from his claim of ineffective assistance of counsel based on the failure of his trial counsel to file a motion to arrest judgment, is similarly without merit.   In assessing this claim, the Magistrate Judge found that there was no basis at law in this case for the Court to grant a motion to arrest judgment pursuant to Federal Rule of Criminal Procedure 34.   (PF&R, at 23.)   As the Magistrate Judge noted, "the *Second Superseding Indictment* charged that [the Petitioner] committed [f]ederal offenses and the District Court had jurisdiction respecting those offenses.   (*Id.*)   In objecting to this finding, the Petitioner argues that the allegations under Section 2261A(2) "failed to recite an essential element" by "omitting the words, 'a person in another state.'"   (Pl.s' Objections, at 24.)   Similarly, the Petitioner argues that his charge for felon in possession was defective in that the various indictments "omitted the word, 'unlawful or unlawfully.'"   The Court agrees with Magistrate Judge VanDervort that the *Second Superseding Indictment* clearly sets forth the offenses charged, as well as a prima facie case satisfying the elements of each offense.   Thus, the Court finds that the Petitioner's counsel was not ineffective in failing to file a motion to arrest judgment.

The Petitioner's fifth objection concerns his sentencing enhancement under the ACCA.   In his PF&R, the Magistrate Judge found that the Petitioner's West Virginia conviction for unlawful wounding was properly classified as a predicate felony offense under the ACCA, because

> "(1) the offense was punishable by a term of imprisonment of one to five years, (2) the West Virginia statute under which [the Petitioner] was convicted … actually classified the offense as a felony, and (3) the offense had as an element the use of force against another and involved conduct that presented a significant risk of physical injury to another."

(PF&R, at 25.)   In objecting to this finding, the Petitioner once again argues that his conviction was a misdemeanor, pursuant to W.Va. Code §61-2-9.   However, in this instance, the Petitioner adds a different spin, arguing that his trial counsel was "deficient in failing to research West

Virginia's classification of [his] conviction," and thus, by virtue of the ACCA enhancement, "prejudiced [the Petitioner] with a sentence of 235 months." (Pl.s' Objections, at 26-27.)   The Court has already disposed of the ACCA argument, and the Petitioner provides no additional legal support as to why his counsel was deficient in failing to investigate an issue which has no legal merit.

The Petitioner's sixth objection, that his counsel was ineffective in failing to produce evidence that the State of West Virginia had restored the Petitioner's civil rights, is similarly without merit.   Is his Section 2255 motion, the Petitioner argued that because West Virginia had restored his civil rights, he was entitled under West Virginia law to possess a firearm, and the failure of his counsel to present this evidence violated the Sixth Amendment.   Magistrate Judge VanDervort, in his PF&R, found that there was no evidence showing that the State of West Virginia had restored all of the Petitioner's civil rights, including, specifically, his right to possess a firearm, and also noted that under West Virginia law, violent felons are ineligible for restoration of the right to own a firearm.   (PF&R, at 26.)   In challenging this finding, the Petitioner argues that the West Virginia statute prohibiting the restoration of the right to own a firearm to violent felons, W. Va. Code § 61-7-7, was not in effect at the time of his felony convictions in West Virginia court, and therefore, the application of this statute to him violates Article I, Section 10, Clause 1 of the federal constitution, which prohibits the enactment of *ex post facto* statutes.   (Pl.s' Objections, at 27.)   His trial counsel's failure to introduce this evidence, the Petitioner argues, resulted in significant prejudice.   The Court, instead, finds that Magistrate Judge VanDervort correctly assessed the Petitioner's contention regarding the restoration of his right to own a firearm

as lacking in merit.   The Petitioner has made no showing that the State of West Virginia restored his right to own a firearm.

The Petitioner's seventh objection is that the Magistrate Judge erred in finding that his trial counsel was not constitutionally ineffective in failing to move the Court to exclude all of the Petitioner's conduct which occurred prior to the enactment of Section 2261A(2).   In his Section 2255 petition, the Petitioner argued that his trial counsel should have moved to exclude evidence of his communications with D.S. while in prison, and other evidence of his efforts to contact D.S., because these acts occurred prior to the enactment of Section 2261A(2), and were, therefore, not criminal.   The Magistrate Judge disagreed, finding that "these allegations served to demonstrate [the Petitioner's] *mens rea* in commission of his alleged violation of Section 2261A(2).   They were not charged as offense conduct." (PF&R, at 27.)   The Petitioner objects to this finding, arguing that the use of his pre-offense conduct, in particular his efforts to maintain contact with D.S. during his incarceration, violates the *ex post facto clause* of the federal constitution.   (Pl.s' Objections, at 29.) The Court finds that the Magistrate Judge correctly determined that the Petitioner's pre-offense conduct was probative evidence of the Petitioner's state of mind, and admissible at trial.   Therefore, the Court finds that the Petitioner's trial counsel was not constitutionally ineffective in failing to object to the admission of such evidence.

The Petitioner's eighth objection is that Magistrate Judge VanDervort erred in finding that his appellate counsel was not ineffective in failing to argue before the Fourth Circuit that the jury instructions issued by this Court "permitted the Jury to find him guilty on the basis of a single use of an interstate commerce facility when Section 2261A(2) required proof of a course of conduct or a pattern involving such use."   (PF&R, at 29, citing Pl.'s Section 2255 Motion, at 83-85.)   The

Petitioner contends that he only contacted D.S. and R.S. once – and that a conviction under Section 2261A(2) requires the offender to "contact 'a person [victim] in another State,' two (2) or more times to form a pattern for 'course of conduct.'"   (Pl.s' Objections, at 31.)   In support, the Petitioner cites 18 U.S.C. §2266, which defines "course of conduct" as "a pattern of conduct composed of 2 or more acts, evidencing a continuity of purpose."   18 U.S.C. §2266(2).   The Petitioner therefore argues that the United States failed to prove the required elements of a Section 2261A(2) offense, and that his appellate counsel was ineffective in failing to raise this argument before the Fourth Circuit.   (*Id*.)

The Magistrate Judge correctly found that the Petitioner's eighth objection was without merit.   The Magistrate Judge determined that Section 2261A(2) criminalized the use of an interstate commerce facility to engage in a "course of conduct" which caused substantial emotional distress to another person, or placed another person in reasonable fear of death or serious bodily injury.   (PF&R, at 29.)   As a result, the Magistrate Judge found that a single use of an interstate commerce facility was sufficient, as long as that single use allowed the Petitioner to engage in the required course of conduct.   (*Id*.)   The Magistrate Judge further found that the Court's jury instructions as to Counts One and Two of the *Second Superseding Indictment* adequately instructed the jury on Section 2261A(2), and provided adequate definitions for "facility in interstate commerce" and "course of conduct."   (*Id*. at 29-30.)   The Magistrate Judge found that there was "no basis" to contend that the jury instructions were "inconsistent with Section 2261A(2)," and thus, the Petitioner's appellate attorney was "not ineffective" in challenging these instructions on appeal.   The Court agrees with the Magistrate Judge's findings, and overrules the Petitioner's objection.

23

The Petitioner's ninth objection concerns his conviction for multiple counts of Section 2261A(2).   In his Section 2255 motion, the Petitioner claimed that his trial attorney was ineffective in failing to challenge his conviction on the grounds that the United States failed to prove that he used a facility of interstate commerce to engage in stalking on more than one occasion.   The Petitioner argued that any prior contacts with D.S. or R.S. were barred from consideration by the relevant statute of limitations, and that to be convicted for multiple counts under Section 2261A(2), the United States was required to prove multiple uses of interstate commerce.   The Magistrate Judge determined that Section 2261A(2) did not require "proof of more than one use of an interstate facility," and that "[a] single use of an interstate facility to engage in a course of conduct to harass, intimidate or cause substantial emotional distress is sufficient."   (PF&R, at 31.)   Because the Petitioner's letter to D.S., sent by UPS, allowed a jury to find that he used an interstate commerce facility, and because the Petitioner's "letter, his telephone calls and other conduct over years" allowed a jury to find that the Petitioner engaged in a course of conduct "to harass, intimidate and cause emotional distress …," the Magistrate Judge found that there was "no basis" for a post-trial motion challenging the Petitioner's conviction. (*Id*.)   Thus, the Magistrate Judge concluded that the Petitioner's claims for ineffective assistance of counsel lacked merit.   (*Id*.)

The Petitioner objects to this finding, arguing that the United States only alleged and proved one count under Section 2261A(2) at trial. (Pl.s' Objections, at 34.)   The *Second Superseding Indictment* charged the Petitioner with two counts under Section 2261A(2), based on the receipt of the Petitioner's threatening communication by R.S., and subsequent delivery to D.S. (Second Superseding Indictment, at 1-4.)   As the Court has repeatedly observed, Section

2261A(2) criminalizes the use of an interstate commerce facility to engage in a course of conduct that causes substantial emotional distress to a person, or places a person in reasonable fear of death or serious bodily injury.   There is no legal basis for the Court to conclude that a single use of an interstate commerce facility did not permit the United States to charge the Petitioner with multiple counts under Section 2261A(2).   The Court finds that the Petitioner's trial counsel was not ineffective in failing to challenge the verdict after trial on this ground.

The Petitioner's tenth objection concerns the introduction of his prior letters to D.S. and R.S. at trial.   In his Section 2255 motion, the Petitioner argued that his trial counsel should have requested a limiting instruction on this evidence to prevent the jury from finding that these letters satisfied the "interstate commerce facility" element of Section 2261A(2).   Magistrate Judge VanDervort reviewed the Petitioner's claim, noted that the Petitioner's trial attorney had objected to the admission of prior "bad act" evidence at trial, and that the district court offered to give a limiting instruction.   (PF&R, at 32.)   The Magistrate Judge further noted that the district court offered a limiting instruction on this evidence after the presentation of evidence, which specifically instructed the jury that the letters were not admitted to prove the Petitioner's culpability as to the Section 2261A(2) counts.   (*Id*.)   Thus, the Magistrate Judge found no basis for the Petitioner to argue that his counsel was ineffective on this ground.   The Petitioner objects to this finding, claiming that when D.S. testified at trial about the prior bad acts, she gave false testimony which irrevocably prejudiced the jurors, and that his counsel's failure to impeach D.S. on her false testimony violated his Sixth Amendment right to effective counsel.   (Pl.s' Objections, at 35-36.) The Court finds the Petitioner's objection to be without merit.   The Petitioner offers no evidence beyond mere speculation to support his claim that D.S. offered false testimony.   Similarly, the

Petitioner makes no compelling showing that his trial counsel would have been able to effectively impeach D.S. as to this allegedly false testimony.   Nor does the Petitioner provide any evidence or argument as to how, if his trial counsel had sought to impeach D.S., the resulting testimony would have altered the result of the Petitioner's trial.

The Petitioner raises a number of additional objections to the Magistrate Judge's PF&R. Some of these objections were rendered moot by virtue of the Petitioner's failure to raise them on direct review, while others are merely general complaints about the outcome of the Petitioner's case.   The Court has identified eight specific objections which have some legitimate relationship to the Magistrate Judge's PF&R: (1) that the cumulative errors made by his trial and appellate counsel violated his Sixth Amendment rights, (2) that Magistrate Judge VanDervort failed to address and/or litigate a number of the Petitioner's claims from his Section 2255 motion, (3) that Magistrate Judge VanDervort was not fair and impartial, (4) that there was a "conflict of interest" between the Petitioner and his trial counsel, (5) that intervening changes in law have rendered the Petitioner's sentence invalid, (6) that he is innocent, (7) that he had no intention of harming D.S. or R.S., and (8) that attorney George H. Lancaster, with whom the Petitioner consulted, sabotaged his defense by disclosing privileged information.   (Pl.s' Objections, at 37-46.)   The Court has carefully reviewed each of these objections, and finds that none of these objections have merit. None of the asserted errors by counsel constitute ineffective assistance, the Petitioner has produced no evidence suggesting that Magistrate Judge VanDervort should have recused himself or was anything less than thorough and impartial, and no evidence supports the Petitioner's remaining contentions.

The Court has additionally considered whether to grant a certificate of appealability. *See* 28 U.S.C. § 2253(c). A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this Court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). The Court concludes that the governing standard is not satisfied in this instance. Accordingly, the Court **DENIES** a certificate of appealability.

## CONCLUSION

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that the Magistrate Judge's *Proposed Findings and Recommendation* (Document 441) be **ADOPTED**, that the Petitioner's *Objections* (Document 446) be **OVERRULED**, and that the Petitioner's *Motion Under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody* (Document 406) be **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER:        January 25, 2016

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA