# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BLUEFIELD DIVISION

THOMAS C. SHRADER,

        Petitioner,

v.          CIVIL ACTION NO. 1:16-cv-05559
        (Criminal No. 1:09-cr-00270)

UNITED STATES OF AMERICA,

        Respondent.

## MEMORANDUM OPINION AND ORDER

The Court has reviewed the Petitioner's June 21, 2016 motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence (Document 463), brought on the grounds that, *inter alia*, he was wrongfully subject to an enhanced sentence under the Armed Career Criminal Act (ACCA).

By *Standing Order* (Document 458) entered on June 21, 2016, this action was referred to the Honorable Dwane L. Tinsley, United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636. On June 27, 2019, the Magistrate Judge submitted a *Proposed Findings and Recommendation* (PF&R) (Document 516) wherein it is recommended that this Court deny the Petitioner's § 2555 motion and dismiss this civil action. The Movant timely filed *Objections to Finding & Recommendation* (Document 520). The Court has also reviewed *Crime Victims D.S. and R.S.'s Reply in Opposition to Movant's Motion to Amend His Petition in the Future and Motion to Assert Victim's Rights* (Document 522).

## FACTUAL AND PROCEDURAL BACKGROUND

The Magistrate Judge's PF&R sets forth the factual and procedural background of this case in detail. The Court hereby incorporates those factual findings, but to provide context for the ruling contained herein, provides the following summary.

Following severed jury trials, Thomas Shrader was convicted of being a felon in possession of a firearm and of two counts of stalking by use of an interstate facility. The Court found that he had sustained three prior convictions for violent felonies, and he was sentenced under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B). The prior convictions at issue include two counts of first-degree murder, in violation of W. Va. Code § 61-2-1, and a conviction for unlawful wounding, in violation of W. Va. Code § 61-2-9(a).[1] Mr. Schrader was also convicted of escape in 1977.

The ACCA established a mandatory minimum sentence of fifteen years, and Mr. Schrader's Sentencing Guideline range was increased from a level 28 to a level 33 as a result of his designation as a Career Offender. He was sentenced to 235 months of imprisonment, followed by a five-year term of supervised release. He unsuccessfully appealed, including an unsuccessful challenge to his armed career criminal designation. He also filed a previous motion pursuant to 28 U.S.C. § 2255, which the Court denied on January 25, 2016, and the Fourth Circuit denied a certificate of appealability and dismissed his appeal on September 7, 2016. (Document 449.)

Following the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), made retroactive by *Welch v. United States*, 136 S. Ct. 1257 (2016), Mr. Shrader was

---

[1] D.S., one of the stalking victims, began a relationship with Mr. Shrader while she was a high school student in the early 1970s. After she ended the relationship, he became violent, culminating in a 1975 confrontation during which he murdered her mother and a family friend, and wounded a neighbor who attempted to assist her, resulting in the first degree murder and unlawful wounding convictions.

appointed counsel and received authorization from the Fourth Circuit to file a second or successive § 2255 claim. His prior crime victims filed an assertion of their right to participate in this matter and oppose any relief.

## STANDARD OF REVIEW

This Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a *de novo* review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

## DISCUSSION

In his PF&R, Judge Tinsley recommends finding that Mr. Shrader's two murder convictions and conviction for unlawful wounding constitute crimes of violence under current law because each requires the use of force. He further recommends finding that the unlawful wounding offense is properly classified as a felony offense and is therefore a proper predicate for the ACCA and a career offender enhancement.

Mr. Shrader filed objections with the assistance of counsel. He contends that West Virginia's first-degree murder statute includes felony murder offenses that do not require the application of any force against the victim. Therefore, he argues, West Virginia's murder statute is broader than the generic definition and is not a permissible ACCA predicate offense. In addition,

he contends that "he pled to, and was sentenced to, the maximum sentence of the lower level of unlawful wounding, or one year," and that "ACCA requires his sentence to be in excess of one year." (Obj. at 4.)

The ACCA provides for increased sentences for defendants convicted of certain firearms offenses after sustaining three or more convictions for serious drug offenses or violent felonies. A "violent felony" is defined as "any crime punishable by imprisonment for a term exceeding one year…that (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B). The Supreme Court found that the final "residual" clause, referencing crimes that "otherwise involve conduct that presents a serious potential risk of physical injury to another," is unconstitutionally vague. *Johnson v. United States*, 135 S. Ct. 2551, 2560 (2015). The remainder of the definition of a violent felony contained in the ACCA was not impacted by the Supreme Court's holding. *Id.* at 2563.

First degree murder in West Virginia at the time of Mr. Shrader's offenses and conviction was defined to include "[m]urder by poison, lying in wait, imprisonment, starving, or by any willful, deliberate, and premeditated killing, or in the commission of, or attempt to commit, arson, rape, robbery, or burglary." W. Va. Code § 61-2-1. The Supreme Court has held that "the common-law concept of 'force' encompasses even its indirect application," including use of poison, disease, or other means of causing bodily injury. *United States v. Castleman*, 572 U.S. 157, 170 (2014). "To determine whether a state offense is a violent felony, we examine the elements of the state offense as determined by the state's highest court and then decide whether

those elements require the use, attempted use, or threatened use of physical force." *United States v. Townsend*, 886 F.3d 441, 444 (4th Cir. 2018). The West Virginia Supreme Court has explained that "W. Va. Code, 61-2-1, enumerates three broad categories of homicide constituting first degree murder: (1) murder by poison, lying in wait, imprisonment, starving; (2) by any willful, deliberate and premeditated killing; (3) in the commission of, or attempt to commit, arson, rape, robbery or burglary." Syl. Pt. 6, *State v. Sims*, 248 S.E.2d 834, 836 (W. Va. 1978). Felony murder "does not require proof of the elements of malice, premeditation or specific intent to kill" and can be proven "if the homicide occurs accidentally during the commission of, or the attempt to commit, one of the enumerated felonies." *Id.* at Syl. Pt. 7. The elements of felony murder in West Virginia are "(1) the commission of, or attempt to commit, one or more of the enumerated felonies; (2) the defendant's participation in such commission or attempt; and (3) the death of the victim as a result of injuries received during the course of such commission or attempt." Syl. Pt. 1, *State v. Wade*, 490 S.E.2d 724, 727 (W. Va. 1997) (internal quotation marks omitted).

The Seventh Circuit considered the question of whether felony murder constitutes a crime of violence, and reasoned that "as long as the completed crime of murder has as an element the actual or attempted use of violence against the person of another, a state rule making a person accountable for the substantive crime must be treated as equivalent to the substantive crime itself." *Hill v. United States*, 877 F.3d 717, 720 (7th Cir. 2017), *cert. denied*, 139 S. Ct. 352 (2018). The Ninth Circuit held that Washington State's felony murder offense was not a crime of violence under the force clause. *United States v. Vederoff*, 914 F.3d 1238, 1248 (9th Cir. 2019). However, the court's reasoning carefully distinguished Washington's statute from the felony murder rules in the majority of states, including West Virginia, finding that Washington's statute is substantially

5

broader than the generic or typical offense. *Id.* (explaining that Washington's statute encompasses negligent and accidental felony murder, and applies liability to any felony, rather than dangerous felonies or specifically enumerated felony offenses). Although the Fourth Circuit has not addressed the issue, other courts within this Circuit have concluded that felony murder, or murder statutes that, like West Virginia's, include felony murder, constitutes a crime of violence. *See, e.g.*, *Umana v. United States*, 229 F. Supp. 3d 388, 393 (W.D.N.C. 2017); *United States v. Moreno-Aguilar*, 198 F. Supp. 3d 548, 554 (D. Md. 2016).

Whether the Court adopts the Seventh Circuit's reasoning that felony murder must be treated as containing the same elements as murder for purposes of determining whether it constitutes a violent felony, or relies on the reasoning of other courts that have found that the elements require use of force, the Court finds that first degree murder under West Virginia law constitutes a violent felony. Under West Virginia law in 1976 and 1977, first degree murder included both deliberate, premediated killing, which undisputedly requires proof of the use of force, and murder in the commission of or attempt to commit arson, rape, robbery, or burglary. The force in a murder committed during the commission of one of the enumerated felonies may be indirect. As the Supreme Court has found, the force element may be established by indirect force, and a murder cannot be accomplished without the application of violent force. In establishing felony murder as a method of committing first degree murder, West Virginia holds defendants who commit enumerated felonies to be legally responsible for deaths that occur as a result of those felonies, as if they purposefully committed the murder. Therefore, Mr. Shrader's first degree murder convictions constitute proper predicates for the ACCA and for purpose of the career offender Guideline provision.

Mr. Shrader's third predicate conviction supporting application of the ACCA was a conviction for unlawful wounding in violation of W. Va. Code § 61-2-9(a), as set forth below:

> If any person maliciously shoots, stabs, cuts or wounds any person, or by any means cause him or her bodily injury with intent to maim, disfigure, disable or kill, he or she, except where it is otherwise provided, is guilty of a felony and, upon conviction thereof, shall be punished by confinement in a state correctional facility not less than two nor more than ten years. If the act is done unlawfully, but not maliciously, with the intent aforesaid, the offender is guilty of a felony and, upon conviction thereof, shall either be imprisoned in a state correctional facility not less than one nor more than five years, or be confined in jail not exceeding twelve months and fined not exceeding $500.

W. Va. Code § 61-2-9(a). The Fourth Circuit has held that the West Virginia offense of unlawful wounding "categorically qualifies as a crime of violence under the force clause" of the career offender Guidelines provision. *United States v. Covington*, 880 F.3d 129, 133–34 (4th Cir.), *cert. denied,* 138 S. Ct. 2588 (2018). The career offender Guideline provision contains language similar to the ACCA, and the Fourth Circuit has recognized that precedent regarding the two provisions may be evaluated interchangeably. *United States v. King*, 673 F.3d 274, 279 n.3 (4th Cir. 2012).

Mr. Shrader argues that his unlawful wounding conviction does not qualify as a predicate because he reached an agreement with the prosecution that he would be sentenced under the final clause, permitting a sentence "not exceeding twelve months and fined not exceeding $500." A prosecutor's agreement to a particular sentence during plea negotiations does not alter a defendant's sentencing exposure arising from the conviction. Mr. Shrader's offense of conviction exposed him to a maximum penalty of five years. The West Virginia Supreme Court noted that Mr. Shrader's unlawful wounding conviction constituted a felony in a recent opinion addressing various motions he brought before that court. *Shrader v. State*, No. 17-0299, 2018 WL 679497, at *2, n. 1 (W. Va. Feb. 2, 2018). Clear precedent and prior rulings specific to Mr. Shrader foreclose

his present contention that his unlawful wounding conviction does not constitute a violent felony for purposes of the ACCA or the career offender Guideline. Therefore, Mr. Shrader continues to have three qualifying prior convictions for violent felonies when evaluated under *Johnson*, without relying on the residual clause.

## MOTION TO AMEND

Mr. Shrader further requests that he be permitted to amend his §2255 motion "to preserve any relief available to him" as a result of the Supreme Court's recent decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019). The victims oppose holding the § 2255 motion open indefinitely, arguing that each open proceeding causes them anxiety and fear. In *Rehaif*, the Supreme Court held that "the Government…must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it" to prove possession of a firearm by a prohibited person in violation of 18 U.S.C. §922(g). *Rehaif*, 139 S. Ct. at 2194. Nothing in Mr. Shrader's objections or in the record of his case[2] suggests that he would be entitled to relief under *Rehaif*, should that decision be made retroactive. *See*, *In re Palacios*, No. 19-12571-G, 2019 WL 3436454, at *1 (11th Cir. July 30, 2019) (holding that *Rehaif* did not announce a new rule of constitutional law). The instant motion was filed as a second § 2255 motion with leave from the Fourth Circuit specifically to permit the claim arising from the new rule of constitutional law stated in *Johnson*, and the Court finds that permitting him to amend his claim in attempt to piggyback a new theory for relief onto this motion is not warranted and would be contrary to the procedures established in 28 U.S.C. § 2255(h).

---

[2] Mr. Shrader was convicted of being a felon in possession of a firearm. As discussed, he had been convicted of two counts of first degree murder, one count of unlawful wounding, and one count of escape, and had served a substantial prison sentence. The facts of his case do not suggest he could bring a non-frivolous claim that he was unaware of his status as a felon at the time of the offense.

8

**CONCLUSION**

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that the Petitioner's *Objections to Finding & Recommendation* (Document 520) be **OVERRULED**, that the Magistrate Judge's *Proposed Findings and Recommendation* (Document 516) be **ADOPTED**, and that the motion to amend incorporated in the Petitioner's objections be **DENIED**. The Court further **ORDERS** that the Petitioner's *Motion to Vacate, Set Aside or Correct Sentence Under 28 U.S.C. § 2255* (Document 463) be **DENIED** and that this civil action be **DISMISSED** from the Court's docket.

The Court has additionally considered whether to grant a certificate of appealability. *See* 28 U.S.C. § 2253(c). A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this Court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). The Court concludes that the governing standard is not satisfied in this instance. Accordingly, the Court **ORDERS** that a certificate of appealability be **DENIED.**

The Court **DIRECTS** the Clerk to send a certified copy of this Order to Magistrate Judge Tinsley, to counsel of record, and to any unrepresented party.

ENTER: August 27, 2019

*[signature: Irene C. Berger]*
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA