IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                CRIMINAL ACTION NO. 1:09-cr-00270

THOMAS CREIGHTON SHRADER,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the Defendant's motion for *Relief from a Judgment or Order Rule 60(b)(6)* (Document 533), wherein the Defendant requests immediate release and that his conviction under 18 U.S.C. § 922(g)(1) for Felon in Possession of a Firearm be vacated. For the reasons stated herein, the Court finds that the Defendant's motion should be denied.

**FACTUAL AND PROCEDURAL BACKGROUND**

The Defendant filed the instant motion on April 13, 2020, arguing that his conviction under 18 U.S.C. § 922(g)(1) should be vacated because an Official Certificate of Discharge, issued after a prior conviction, restored "any and all" of his civil rights. (Document 533 at 1.) As such, the Defendant argues that pursuant to 18 U.S.C. § 921(a)(20), his conviction should be vacated.

On June 8, 2010, the Defendant was charged in a Second Superseding Indictment with two counts of Stalking by Use of Interstate Facility in violation of 18 U.S.C. § 2261A(2) (Counts 1 and 2) and one count of being a Felon in Possession of a Firearm (Count 3). (Documents 123 and 124.) This Court granted the Defendant's motion to sever counts. (Document 82.) On July 14, 2010, a jury found the Defendant guilty of being a Felon in Possession of a Firearm. (Document 219-222

and 224.) On August 20, 2010, a second jury found the Defendant guilty of two counts of Stalking by Use of Interstate Facility. (Documents 293-294 and 297.) On November 18, 2010, this Court sentenced the Defendant to 235 months of imprisonment to be followed by a period of five years supervised release. (Documents 337 and 341.)

On November 24, 2010, the Defendant, by counsel, filed a Notice of Appeal. (Document 343.) On April 4, 2012, the Fourth Circuit Court of Appeals affirmed the Defendant's conviction and sentence. *United States v. Shrader*, 675 F.3d 300 (4th Cir. 2012). The Defendant then filed a petition for certiorari in the United States Supreme Court, which was denied on December 3, 2012. *Shrader v. United States*, 133 S.Ct. 1320 (2012).

On December 17, 2012, the Defendant filed a motion for a new trial—making the same argument as the Defendant makes in the current motion—arguing that his firearm rights were restored because the Official Certificate of Discharge from parole states that "any or all civil rights heretofore forfeited are restored, unless otherwise provided by law." (Document 369 at 2, 10.) The Defendant argued that his conviction must be overturned because a violation of § 922(g)(1) cannot rest upon a conviction for possession of a firearm when a person's civil rights have been restored. (*Id.* at 2-3) (citing 18 U.S.C. § 921(a)(20)). This Court denied the Defendant's motion for a new trial on June 4, 2013, finding that the Defendant stipulated to the prior felony conviction and that the Official Certificate of Discharge was not adequate to restore the Defendant's firearm rights. (Document 376.)

On May 23, 2013, the Defendant filed a *Petition for Writ of Habeas Corpus By a Person in Federal Custody*, pursuant to 28 U.S.C. § 2241. (Document 372.) The Defendant later filed a motion to withdraw the Section 2241 Petition, which was granted, and this Court dismissed the Petition accordingly. (Document 390.)

On December 24, 2013, the Defendant filed a *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*. (Document 406.) In that motion, the Defendant put forth another rendition of the argument presented in the current motion, arguing that West Virginia had restored his civil rights, so he was entitled under West Virginia law to possess a firearm, and the failure of his counsel to present this evidence violated the Sixth Amendment. (Document 449 at 21.) On January 25, 2016, the Court issued a Memorandum Opinion and Order again rejecting this argument, finding that "there was no evidence showing that the State of West Virginia had restored all of the Defendant's civil rights, including, specifically, his right to possess a firearm," and also noted that "under West Virginia law, violent felons are ineligible for restoration of the right to own a firearm," ultimately denying the Defendant's motion. *Id.*

On June 21, 2016, the Fourth Circuit granted the Defendant authorization to file a second or successive 2255 motion. (Document 462.) That same day, the Defendant filed a successive *Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255*, arguing that he did not qualify for the Armed Career Criminal Act sentence enhancement applied by the Court. (Document 463.) The Defendant further requested permission to amend his § 2255 motion "to preserve any relief available to him" resulting from the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019).

By Memorandum Opinion and Order entered August 27, 2019, this Court denied the Defendant's § 2255 motion, and further denied the request to amend the § 2255 motion in light of *Rehaif*, finding that "[n]othing in Mr. Shrader's objections or in the record of his case suggests that he would be entitled to relief under *Rehaif*, should that decision be made retroactive." (Document 523 at 8.) In that opinion, this Court further noted that "[t]he instant motion was filed

as a second § 2255 motion with leave from the Fourth Circuit specifically to permit the claim arising from the new rule of constitutional law stated in Johnson, and the Court finds that permitting him to amend his claim in attempt to piggyback a new theory for relief onto this motion is not warranted and would be contrary to the procedures established in 28 U.S.C. § 2255(h)." *Id.*

## DISCUSSION

"Rule 60 of the Federal Rules of Civil Procedure provides an exception to finality that allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances." *Ziegler v. Clay Cty. Sheriff*, No. 2:19-cv-00410, 2020 WL 1917768, at *2 (S.D. W. Va. Apr. 20, 2020) (quoting *United States Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 269 (2010)) (internal quotation marks omitted). The Court may allow for relief from a final judgment for: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or any other reason that justifies relief." (Fed. R. Civ. P. 60(b).)

In order to qualify for relief under Rule 60(b)(6) for "any other reason that justifies relief," extraordinary circumstances must be demonstrated. *Ziegler*, No. 2:19-cv-00410, at * 2. "Rule 60(b) does not authorize a motion merely for reconsideration of a legal issue." *United States v. Williams*, 674 F.2d 310, 312 (4th Cir. 1982). "Where the motion is nothing more than a request that the district court change its mind . . . it is not authorized by Rule 60(b)." *Id.* at 312-13.

Moreover, a motion pursuant to Rule 60(b) "must be made within a reasonable time" and "no more than a year after the entry of the judgment or order." Fed. R. Civ. P. 60(c).

Because the Defendant has filed this motion pursuant to Rule 60(b) almost ten years after he was convicted by a jury and sentenced—well after the one-year filing deadline—his motion is barred even if it were applicable. Fed. R. Civ. P. 60(c). Importantly, Rule 60(b) is generally only available in civil cases. Moreover, to the extent that the Defendant's motion should be construed as a successive § 2255 motion, it is additionally barred because the Defendant did not apply to the Fourth Circuit for authorization to file a successive 2255 motion, in contravention of the procedures outlined in 28 U.S.C. § 2255(h). Such application, however, would likely prove futile because the Fourth Circuit has previously denied the Defendant's motion under 28 U.S.C. § 2244 for an order authorizing this Court to consider a successive application for relief under 28 U.S.C. § 2255 (Document 521) and because this Court has given consideration to the Defendant's argument in prior rulings. (Documents 376 and 449.)

## CONCLUSION

WHEREFORE, after careful consideration, the Court **ORDERS** that the motion for *Relief from a Judgment or Order Rule 60(b)(6)* (Document 533) be **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER: May 5, 2020

*Irene C. Berger*
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA