IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BLUEFIELD DIVISION

UNITED STATES OF AMERICA,

          Plaintiff,

v.                                        CRIMINAL ACTION NO. 1:09-cr-00270

THOMAS CREIGHTON SHRADER,

          Defendant.

**ORDER**

The Court has reviewed the Defendant's *Motion for Immediate Release and Order Null and Voiding Defendant/Petitioners 2010 Federal Conviction(s) and Sentence Pursuant to Fourth Circuit Court of Appeals Holding and Order* (Document 568), and the *Addendum to Petitioner's Motion for Immediate Release and Order Null and Voiding Defendant/Petitioner's 2010 Federal Conviction(s) and Sentence Pursuant to Fourth Circuit Court of Appeals Holding and Order* (Document 572) and its attachments, including the *Defendant's Motion for Voidable Application* (Attachment 2 to Document 572).  In all three documents, the Defendant, now more than ten years after the issuance of its *Opinion* (Document 362) affirming his convictions and sentence, claims the Fourth Circuit's findings therein reveal that this Court did not have the requisite subject matter jurisdiction to preside over the trial of his case.  He argues that this merits his immediate release and vacating his convictions as detailed in the *Judgment* (Document 341).  The Court finds that the motions should be denied.

Even when examined under the less stringent standard afforded pro se defendants, the Defendant's motions are not only lacking in merit, but frivolous, particularly given the repeated

denials of multiple collateral attacks and the current motions being based on language from an opinion issued a decade ago. The Defendant has not identified any valid legal avenue to pursue the relief requested. However, in issuing this ruling, the Court sets aside any potential procedural issues of waiver.

On June 8, 2010, the Defendant was charged in a Second Superseding Indictment with two counts of Stalking by Use of Interstate Facility in violation of 18 U.S.C. § 2261A(2) (Counts 1 and 2) and one count of being a Felon in Possession of a Firearm (Count 3). (Document 123.) This Court granted the Defendant's motion to sever counts. (Document 82.) On July 14, 2010, a jury found the Defendant guilty of being a Felon in Possession of a Firearm. (Documents 220, 222 and 224.) On August 20, 2010, a second jury found the Defendant guilty of two counts of Stalking by Use of Interstate Facility. (Documents 294 and 297.) On November 18, 2010, this Court sentenced the Defendant to 235 months of imprisonment to be followed by a period of five years supervised release. (Documents 341.)

On November 24, 2010, the Defendant, by counsel, filed a Notice of Appeal. (Document 343.) On April 4, 2012, the Fourth Circuit Court of Appeals affirmed the Defendant's conviction and sentence. *United States v. Shrader*, 675 F.3d 300 (4th Cir. 2012). The Defendant filed a petition for certiorari in the United States Supreme Court, which was denied on December 3, 2012. *Shrader v. United States*, 133 S.Ct. 1320 (2012).

One of the issues raised in the original appeal of his convictions and sentence was the Defendant's claim that the two stalking convictions were multiplicitous because the stalking statute's unit of prosecution was the conduct that the Defendant engaged in. Specifically, he argued that the statute permitted only one punishment for a course of conduct regardless of the

number of victims. In affirming the Defendant's convictions, the Fourth Circuit rejected the Defendant's claim by reaffirming that the unit of prosecution is the victim rather than the broader course of conduct. *Shrader*, 675 F.3d at 313. The Fourth Circuit reasoned the two convictions were appropriate since the Defendant's conduct targeted two victims. *Id.* In explaining its position, the court detailed the unambiguous language of the statute of conviction, and included that the victim must be "a person in another State or tribal jurisdiction or within the special maritime and territorial jurisdiction of the United States." *Id*.

Relying on this particular language from the *Opinion* and on Rule 18 of the Federal Rules of Criminal Procedure[1], the Defendant argues that because his victims were in Texas, only a Texas based court would have jurisdiction over the case. This argument reflects a fundamental misreading of the statute and Rule 18. The very fact that the victims resided in a different state was an essential element that the United States had to prove to secure the convictions. 18 U.S.C. § 2261A(2) is a federal statute that punishes conduct with an interstate nexus. If the Defendant had been in the same state as his victims, this section of the code would have been inapplicable. Instead, it is precisely *because* the Defendant was in West Virginia when he targeted his victims in Texas that the charged statute was applicable. When he violated the statute while in the Southern District of West Virginia, he was subject to this Court's jurisdiction. Thus, neither the language from the opinion nor Rule 18 provide the Defendant's requested relief.

Wherefore, after careful consideration, the Court **ORDERS** that the Defendant's *Motion for Immediate Release and Order Null and Voiding Defendant/Petitioners 2010 Federal*

---

[1] Rule 18 of the Federal Rules of Criminal Procedure states "Unless a statute or these rules permit otherwise, the government must prosecute an offense in a district where the offense was committed…

*Conviction(s) and Sentence Pursuant to Fourth Circuit Court of Appeals Holding and Order* (Document 568) and the Defendant's *Motion for Voidable Application* (Attachment 2 to Document 572) be **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER: August 2, 2022

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA